GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*pro hac vice*)
  OSnyder@gibsondunn.com
KATHERINE MARQUART, SBN 248043
  KMarquart@gibsondunn.com
KARIN PORTLOCK (*pro hac vice*)
  KPortlock@gibsondunn.com
LEE R. CRAIN (*pro hac vice*)
  LCrain@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035

MATTHEW S. KAHN, SBN 261679
  MKahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel.: 415.393.8200
Fax: 415.393.8306

LAUREN M. BLAS, SBN 296823
  LBlas@gibsondunn.com
JILLIAN N. LONDON, SBN 319924
  JLondon@gibsondunn.com
COURTNEY M. JOHNSON, SBN 324331
  CJohnson2@gibsondunn.com
LENORE H. ACKERMAN, SBN 324995
  LAckerman@gibsondunn.com
MACKENZIE A. MCCULLOUGH, SBN 324343
  MMcCullough@gibsondunn.com
333 South Grand Avenue, Suite 4600
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fax: 213.229.7520

Attorneys for Plaintiff Deon Jones

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, LOS ANGELES POLICE DEPARTMENT, a municipal entity, DOE 1, and DOES 2-10 inclusive,<br><br>Defendants. | **CASE NO. 2:20-cv-11147-SVW-SK**<br><br>**APPLICATION FOR LEAVE TO PROVISIONALLY FILE DOCUMENTS UNDER SEAL**<br><br>Judge:  Stephen V. Wilson<br>Date:   December 13, 2021<br>Time:   1:30 pm<br><br>Complaint Filed: December 9, 2020<br>Trial Date:       March 8, 2022 |

Plaintiff Deon Jones, by and through undersigned counsel and pursuant to C.D. Cal. L.R. 79-5.2.2(b), hereby files this Application for Leave to Provisionally File Documents Under Seal seeking leave to file the following documents under seal:

| Documents | Portion To Be Filed Under Seal |
|---|---|
| Motion to Amend the Complaint ("Motion") | As Redacted |
| Exhibit 1 to the Marquart Declaration ISO the Motion – Plaintiff's Proposed First Amended Complaint for Injunctive Relief and Damages | As Redacted |
| Exhibit 2 to the Marquart Declaration ISO the Motion – April 27 Letter from Defense Counsel | As Redacted |
| Exhibit 3 to the Marquart Declaration ISO the Motion – April 30 Letter from Defense Counsel | As Redacted |
| Exhibit 4 to the Marquart Declaration ISO the Motion – the Force Investigation Division ("FID") Report | Entire Document |
| Exhibit 7 to the Marquart Declaration ISO the Motion – November 9 Email Correspondence | As Redacted |
| Exhibit 13 to the Marquart Declaration ISO the Motion – the Deposition Transcript of Los Angeles Police Department Detective Brad Michel | Entire Document |
| Exhibit 16 to the Marquart Declaration ISO the Motion – November 4 Email Correspondence | As Redacted |

Plaintiff submits this application to seal to satisfy his requirements under the Stipulated Protective Order but respectfully submits that all of the filed documents should be made public given the compelling interests the public has in seeing this information and understanding the full context of Plaintiff's claims and Defendants' pervasive and ongoing misconduct.

This Application is based on the instant application, together with the Declaration of Matthew S. Kahn; a proposed order; and an unredacted version of the documents proposed to be filed under seal. This motion is made following a telephonic conference held between Plaintiff's counsel and counsel for the designating

party, Defendants City of Los Angeles and Los Angeles Police Department ("LAPD") on November 4, 2021, followed by email discussions on November 8-10, 2021, pursuant to Local Rule 79-5.2.2(b).  The meet and confer efforts are outlined in the contemporaneously filed Declaration of Matthew S. Kahn.

## SUPPORT FOR RELIEF REQUESTED

The parties to this action previously signed a Stipulated Protective Order, which was filed by Plaintiff on March 25, 2021.  Dkt. 50.  Pursuant to this Stipulated Protective Order, Defendants have designated a large majority of documents produced during discovery as "CONFIDENTIAL," including all officer body-worn video footage and certain, though not all, deposition testimony.  Consequently, Plaintiff has been forced to propose significant redactions to his motion and proposed First Amended Complaint to avoid filing the same under seal.  Plaintiff believes that such redactions are unnecessary given the public's First Amendment right to access such documents.  Defendants disagree and refuse to permit a public filing, though they agree that Plaintiff's redactions appropriately redacted information Defendants contend is confidential under the Stipulated Protective Order.  As such, Plaintiff is moving forward with this application to provisionally file under seal the aforementioned documents, though he does not believe that they ultimately meet the relevant standard to be filed under seal.

An application to file under seal must meet the "compelling reasons" standard.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  None of the documents to be redacted or sealed meet this high bar.  Indeed, filing these documents under seal violates the public's First Amendment right of public access.  These documents reflect the backbone of Plaintiff's factual allegations in the Proposed First Amended Complaint and support his claims that on the day of the protest, LAPD officers used excessive force indiscriminately and without justification, resulting in his and others' injuries.

This Court, and other courts in the Ninth Circuit, have permitted the public to view documents that parties claim are secret or sensitive.  *See, e.g.*, Order Denying Defendant's Request to Continue Sealing the Unredacted Complaint, *Federal Trade Commission v. AlliedWallet, Inc. et al.*, No. 2:19-cv-04355-SVW-E (C.D. Cal. Jul. 1, 2019), ECF No. 39; *see also Dousa v. U.S. Dep't of Homeland Sec.*, 2020 WL 4784763, at *2-3 (S.D. Cal. Aug. 18, 2020) (denying the government's application to seal because the public had a legitimate interest in accessing "law enforcement sensitive information").  That Defendants may be subject to public criticism or embarrassment if a document is made public is not a "compelling reason" to justify sealing the Proposed First Amended Complaint or Motion to Amend the Complaint. *See* Order Denying Defendant's Request to Continue Sealing the Unredacted Complaint, *supra*.

## CONCLUSION

WHEREFORE, upon consideration of the foregoing Application, Plaintiff Deon Jones requests the Court keep sealed the documents filed pursuant to this Application for four days so that Defendants may file an application under Local Rule 79-5.2.2(b)(i).  Plaintiff then respectfully submits this Application and any filed by Defendants should be denied.

Dated:  November 12, 2021          GIBSON, DUNN & CRUTCHER LLP

                                   By: */s/ Katherine Marquart*
                                       Katherine Marquart
                                       Attorney for Plaintiff

Gibson, Dunn & Crutcher LLP