S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
SHANNON L. GUSTAFSON - SBN 228856
sgustafson@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

**LYNBERG & WATKINS**
A Professional Corporation
1150 S. Olive Street, Eighteenth Floor
Los Angeles, California 90015
(213) 624-8700 Telephone
(213) 892-2763 Facsimile

Attorneys for Defendants, CITY OF LOS ANGELES, LOS ANGELES POLICE
DEPARTMENT and CHIEF MICHEL MOORE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DEON JONES,

        Plaintiff,

      vs.

CITY OF LOS ANGELES, a municipal
entity, CHIEF MICHEL MOORE, in
his official capacity as Chief of the Los
Angeles Police Department, LOS
ANGELES POLICE DEPARTMENT,
a municipal entity, DOE 1, and DOES
2-10, inclusive,

        Defendants.

**CASE NO. 2:20-cv-11147-SVW-SK**

*Assigned for All Purposes to:*
*Hon. Stephen W. Wilson*

**CITY DEFENDANTS'
OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND THE
COMPLAINT; MEMORANDUM
OF POINTS AND AUTHOPRITIES;
DECLARATION OF SHANNON L.
GUSTAFSON; EXHIBITS**

Date:     December 13, 2021
Time:    1:30 p.m.
Ctrm.:    10A

1
2

# TABLE OF CONTENTS

3

# CONTENTS

4   I.      INTRODUCTION ................................................................6

5   II.     STATUS OF DISCOVERY .................................................6

6   III.    PLAINTIFF HAS UNFAIRLY DELAYED THE FILING OF HIS
        FIRST PROPOSED AMENDED COMPLAINT NAMING A NEW
7       DEFENDANT ....................................................................12

8           A.   Defendants Complied With Plaintiff's Discovery Requests by
                 Producing All Body Work Video Camera Footage as Early as
9                June 14, 2021 ...........................................................12

10          B.   Plaintiff Did Not Diligently Pursue Fact Discovery As Disputes
                 Between The Parties Were Never Brought Before The Magistrate
11               For Resolution ..........................................................13

12          C.   Plaintiff's Purported Reliance on the FID Report to Provide the
                 Good Faith Basis Needed to Amend Is False ........................14

13  IV.     GRANTING THIS BELATED MOTION WOULD RESULT IN
        UNDUE PREJUDICE TO DEFENDANTS AND OFFICER BUENO .........15
14

15  V.      PLAINTIFF'S CLAIM THAT THE PREJUDICE TO DEFENDANTS
        AND OFFICER BUENO IS IRRELEVANT BECAUSE BOTH WERE
16      AWARE HE WOULD LIKELY BE ADDED TO THE CASE HAS NO
        MERIT ...........................................................................19
17

18  VI.     PLAINTIFF'S AMENDMENT IS FUTILE AND SUBJECT TO
        DISMISSAL AS IT DOES NOT COMPORT WITH F.R.C.P 8 .................20

19  VII.    CONCLUSION ................................................................23

20  DECLARATION OF SHANNON L. GUSTAFSON ...............................24

21
22
23
24
25
26
27
28

CITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

<u>Baily v. Soto</u>,
  2019 U.S. Dist. LEXIS 167037 (C.D. Cal. 2019)............................................21

<u>Bautista v. Los Angeles County</u>,
  216 F.3d 837 (9th Cir. 2000)..........................................................................21

<u>Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>,
  43 F.3d 1054 (6th Cir. 1995).....................................................................5, 15

<u>Brown v. Countrywide Home Loans, Inc.</u>,
  2020 U.S. Dist. LEXIS 40867 (C.D. Cal. 2020)............................................21

<u>Burns v. AAF–McQuay, Inc.</u>,
  980 F.Supp. 175 (W.D. Va. Sept. 24, 1997) .................................................20

<u>Campbell v. Emory Clinic</u>,
  166 F.3d 1157 (11th Cir. 1999).....................................................................16

<u>Coleman v. Quaker Oats, Co.</u>,
  232 F.3d 1271 (9th Cir. 2000).......................................................................18

<u>DCD Programs v. Leighton</u>,
  833 F.2d 183 (9th Cir. 1987).........................................................................15

<u>Eminence Capital, LLC v. Aspeon, Inc.</u>,
  316 F.3d 1048 (9th Cir. 2003).......................................................................15

<u>Fantasy, Inc. v. Fogerty</u>,
  984 F.2d 1524 (9th Cir. 1993).......................................................................21

<u>Foman v. Davis</u>,
  371 U.S. 178 (1962) ......................................................................................15

<u>Galicia v. Country Coach, Inc.</u>,
  324 Fed.Appx. 687 (9th Cir. 2009) ...............................................................15

<u>In re Fritz Co. Sec. Litig.</u>,
  282 F. Supp. 2d 1105 (N.D. Cal. 2003) .........................................................15

<u>IXXS Corp. v. Advanced Power Tech., Inc.</u>,
  2004 WL 135861 (N.D. Cal. 2004)................................................................16

<u>Jackson v. Bank of Hawaii</u>,
  902 F.2d 1385 (9th Cir. 1990).......................................................................15

CITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Johnson v. Mammoth Recreation, Inc.,
    975 F.2d 604 (9th Cir. 1992)..........................................................14, 17, 18, 20

Korn v. Royal Caribbean Cruise Line, Inc.,
    724 F.2d 1397 (9th Cir. 1984)................................................................16

Lockheed Martin Corp. v. Network Solutions, Inc.,
    194 F.3d 980 (9th Cir. 1999)..................................................................15

Lynden Liu v. Marriott Vacation Worldwide,
    2019 U.S. Dist. LEXIS 15926 (C.D. Cal. 2019)..............................21

Morris v. Yavari,
    2020 U.S. Dist. LEXIS 139101 (C.D. Cal. 2020)...........................21

Nunez v. Davis,
    169 F.3d 1222 (9th Cir. 2000).................................................................17

Peng v. Hu,
    335 F.3d 970 (9th Cir. 2003)....................................................................17

Perkins v. United States,
    55 F.3d 910 (4th Cir. 1995)......................................................................20

Solomon v. North American Life & Cas. Ins. Co.,
    151 F.3d 1132 (9th Cir. 1998)..................................................................16

Sonoma Cty Ass'n of Retired Emp. v. Sonoma Cty.,
    708 F.3d 1109 (9th Cir. 2013)..................................................................19

Sosa v. Airprint Sys., Inc.,
    133 F.3d 1417 (11th Cir. 1998)...............................................................18

Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.,
    520 F. Supp. 2d 1184 (C.D. Cal. 2007).................................................17

Union Pac. R.R. Co. v. Nevada Power Co.,
    950 F.2d 1429 (9th Cir. 1991).................................................................15

William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,
    668 F.2d 1014 (9th Cir. 1981).................................................................16

Zenith Radio Corp. v. Hazeltine Research Inc.,
    401 U.S. 321 (1971) ..............................................................15, 16, 19

CITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

1

## **RULES**

Fed. R. Civ. P. 8.................................................................................20, 21

Fed. R. Civ. P. 16(b) ...........................................................................18

CITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff has filed the instant motion requesting leave to file a proposed "First Amended Complaint" naming LAPD Officer Bueno as a new Defendant, and adding new allegations against the existing Los Angeles City Defendants[1] -- many of which are needlessly political, superfluous and wholly irrelevant. To allow Plaintiff to amend his complaint at this late hour -- with trial less than 4 months away (on March 8, 2022) -- would unfairly prejudice Officer Bueno (who would be represented by separate counsel). Plaintiff's belated amendment would also reward months of foot – dragging by Plaintiff – who has admittedly had all the information necessary to amend his Complaint as early as June 23, 2021. See, Becherer v. Merill Lynch, Pierce, Fenner & Smith, Inc., 43 F.3d 1054, 1069 (6th Cir. 1995)(amendment to add party over one year after the complaint filed denied as too unfairly prejudicial to proposed new party).  For all these reasons, as set forth in further detail below, Plaintiff's untimely amendment request should be forcefully denied.

## II.    STATUS OF DISCOVERY

Prior defense counsel, the City Attorney's Office, provided 252 videos, including all videos reviewed as part of the City's internal investigation of this matter by no later than June 14, 2021. (Exhibit "A"- Joint Status Report, pg.7). Based on this, and other material already produced to Plaintiff's counsel, Plaintiff conducted the deposition of their putative "new Defendant" -- LAPD Officer Peter Bueno – on June 23, 2021. (Exhibit "B"-Joint Status Report, pg. 9). Plaintiff suggests that he did not seek to amend Bueno as a new Defendant at that time because he needed the

---

[1] Reference to "City Defendants" includes the current Defendants in this matter - i.e., the City of Los Angeles, the Los Angeles Police Department, and Chief Michel Moore.

1  City's internal force investigation report (the "FID") to confirm Bueno's supposed

2  liability in this case. (Id.) But Plaintiff's counsel now have the FID in issue[2], and they

3  know that it "confirms" nothing about Officer Bueno's supposed liability. (Id.; see,

4  Exhibit "B"- pg. 7 lines 12-14: "the LAPD cannot substantiate the Plaintiff's

5  allegations despite a laborious investigation performed by Force Investigation

6  Division.") This is the salient timeline as to Plaintiff's laggardly conduct in this case.

7  And Plaintiff cannot credibly challenge any of it.

8      Rather, than address the issue of why Officer Bueno was not added to this

9  litigation sooner (or the resulting unfair prejudice he now faces), Plaintiff spends an

10  inordinate amount of time on the off-point and the irrelevant (chiefly venting their

11  claimed grievances with ***prior*** defense counsel). As a preliminary matter, had prior

12  defense counsel truly performed in the nightmarishly obstructionist manner Plaintiff

13  now describes, one would suppose Plaintiff's many counsel would have been

14  frequent filers in this case. But here, the Court need only review the docket to

15  confirm that, despite this Court's Magistrate referral on June 30, 2021 (Docket #57),

16  Plaintiff has not filed a single discovery motion in this case, let alone obtained any

17  court orders condemning any non-existent defense "misconduct". (Gustafson Decl.,

18  ¶¶ 3-4). For present purposes, if Plaintiff truly believes Defendants have failed to

19  comply with any of their discovery obligations, then he should utilize the procedures

20  set forth in Local Rule 37 and properly address those with the Magistrate assigned to

21  this matter. Put most charitably, off - point attempts to tarnish the reputation of

22  former Defense counsel do not make good use of anyone's time.

23      To provide context for this Court, the City Defendants were previously

---

[2] As a result of an October 6, 2021 meet and confer, new Defense counsel promptly
provided the completed FID report to counsel on October 15, 2021 (several key parts
of which had already been produced). (Gustafson Decl., ¶8).

1  represented by the City Attorney's office, who (as conveyed to the Court) had

2  limited resources to deal with the nearly unending flood of discovery that Plaintiff

3  has propounded in this matter.  (<u>See</u> Exhibit "A"- Joint Status Report). By contrast,

4  and as the caption reflects, Plaintiff has deployed at least ten attorneys (located in

5  four cities, in three jurisdictions) to litigate this matter.[3] (Docket # 69).

6       As set forth in her prior reports to this Court, former defense counsel City

7  Attorney Shepherd did her best to comply with the multitude of requests from

8  Plaintiff's counsel with the resources available to the City Attorney's office. She

9  detailed the resource challenges confronting her in prior status reports to this Court.

10  (<u>See</u>, <u>e.g.</u>, Docket #56). Eventually, however, the City obtained additional help in the

11  form of current defense counsel, who filed a substitution of attorney on September

12  14, 2021. (Gustafson Decl., ¶5; <u>see</u>, Docket #63 and 64). Since that time, current

13  defense counsel has not "abused" Plaintiff's counsel in any manner either. Rather,

14  and given the magnitude of information that had already been exchanged, it took

15  some time for all of the files to be uploaded into new defense counsel's system, a

16  process that was only completed on September 24, 2021.  (Gustafson Decl. ¶6).

17       Current counsel then began reviewing the materials as quickly as possible and

18  engaged in and lengthy meet and confer meeting with Plaintiff's counsel on October

19  6, 2021 to address what Plaintiff deemed to be the pertinent outstanding discovery

20  matters (a mere twelve days after receiving the many reams of file materials in

21  issue.) (Gustafson Decl., ¶7).  As a result of that meeting, Defense counsel promptly

22  provided the completed FID report to counsel on October 15, 2021 (several key parts

23  _____

24  [3] The caption does not accurately reflect the abundance of attorneys assigned by

25  Plaintiff to over-litigate this case. Since being retained, current defense counsel has
    received emails from attorneys Katherine Martin, Timothy Biche, Terry Wong,

26  Ariana Sanudo, and Chaplin Carmichael (five additional attorneys apparently also

27  assigned to this matter that have not entered appearances.) (Gustafson Decl., ¶2).

28

of which had already been produced). (Gustafson Decl., ¶ 8). The FID confirms nothing of importance to Plaintiff's case. (Id.; see, Exhibit "B"- pg. 7 lines 12-14: "the LAPD cannot substantiate the Plaintiff's allegations despite a laborious investigation performed by Force Investigation Division.")

So why the extended delay in this case in seeking to add Officer Bueno as a named Defendant – particularly in a case populated by so many Plaintiff's counsel? Put mildly, Plaintiff's explanatory efforts – such as they are -- are underwhelming. For example, one of Plaintiff's many counsel attempts to "explain" their delay by suggesting that they have no incident body-worn videos to review in this case. Specifically, Jones' counsel makes the eyebrow – raising announcement that Plaintiff "has repeatedly requested discovery from Defendant regarding (i) the original videos generated by the Los Angeles Police Department ("LAPD") body worn cameras and (ii) audit trails of those video files to determine their authenticity.  However, as of today's date, ***Defendants have produced no documents responsive*** to these requests." (Marquart Decl., ¶ 2)(emphasis added). The clear take-away from this loosely-worded statement is the claim that Defendants have not provided Plaintiff with ***any*** body - worn incident film footage. However, and as set forth in the parties' ***Joint*** Report of August 9, 2021, the City Attorney's Office provided ***252 videos*** to Jones' counsel, including all videos the City reviewed as part of its FID investigation.  This production was completed as of ***June 14***, 2021. (see, Exhibit "B").

Plaintiff's ensuing grievances with the videos also do not count as a legitimate reason for their delay. Indeed, the first meet and confer that Defense counsel was able to locate regarding the sufficiency of the videos was sent on September 14, 2021 (and was responded to by current counsel on October 5, 2021). (Gustafson Decl. ¶9, Exhibit "C").  At the ensuing October 6, 2021 meet and confer conference, Plaintiff's five partner-level attendees never claimed they could not view the videos in issue. Indeed, their grievances were difficult to follow on any level. Accordingly, Defense

counsel requested Plaintiff's counsel provide information as to why, if at all, they believed Defendants' prior production of over 250 videos was insufficient. Plaintiff's contentions as to the insufficiency of the prior video production were not forthcoming until October 21, 2021. (Gustafson Decl., ¶10; Exhibit "D").

Once again, at this time Plaintiff's counsel never claimed they could not view the videos in issue. Instead, Plaintiff's counsel took issue with the fact that the City Attorney had placed protective order watermarking on the footage. And, in any event, Defense counsel provided Plaintiff's counsel with a direct evidence link to three of the key videos via email on October 28, 2021. (Gustafson Decl., ¶11; see, Exhibit "E" and "F").[4]

Upon receipt of this direct evidence link, Plaintiff's counsel made more time-wasting statements – this time the cringeworthy accusation that video evidence had been "re-altered" in some manner. (Gustafson Decl., ¶12-18; Exhibit "H").  A meeting was duly held with ***Plaintiff's*** forensic video expert on November 16, 2021 to discuss the format of the production. (Gustafson Decl., ¶14-15).  As a result of this expert meeting, it has now been confirmed that the three video links are ***authentic and original***. (Gustafson Decl., ¶¶ 16-18).

In short, the issue was never whether Plaintiff had (or did not have) the videos they needed to identify any DOE defendants. The "dispute" was Plaintiff's faulty assumption that the videos had been altered, an issue that has since been conclusively debunked by ***Plaintiff's own expert***. Thus, Plaintiff was able to identify Officer Bueno based on the manner in which the videos were originally provided back in June – and, for good measure, they ***had all the available footage on June 14, 2021***.

The failure to produce the Internal Affairs investigation (IAD) report before it

_____

[4] Given Plaintiff's counsels' failure to adequately explain their position, Defense counsel declined to waste tax dollars by reproducing over 250 videos. (Id.)

CITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

was completed also does nothing to support Plaintiff's counsels' delay in filing this motion. For starters, Defense counsel was provided with the IAD report by the LAPD on November 17, 2021 and promptly produced it to Plaintiff's counsel on November 19, 2021. (Gustafson Decl., ¶ 19). Much like the FID report and as previously conveyed by the City Attorney, this investigation was also ***wholly inconclusive*** as to Officer Bueno. (See, Exhibit "B").

Moreover, as to the FID's conclusions that were produced on October 15, 2021, much of the evidence used to support the FID's conclusions were already in Plaintiff's counsel's possession well before the production of the completed report. [5] Simply put, by June of 2021, Defendants had produced ***all*** of the video footage that was reviewed by the FID investigators as part of their investigation and ***all*** of the statements by the officers that were interviewed.  The only additional information received by Plaintiff on October 15, 2021 were the FID's conclusions, which as the Court can see from the information provided by Plaintiff, are ***not*** that Officer Bueno was the individual that caused Plaintiff's injuries. Rather, the FID concludes what was previously conveyed by the City Attorney that "the LAPD cannot substantiate the Plaintiff's allegations despite a laborious investigation performed by Force Investigation Division ("FID"). (See, Exhibit "B"- pg. 7 lines 12-14). In sum, there are no new "smoking gun" – style facts presented in the FID – and Plaintiff's Motion certainly points to none.

The remaining "discovery disputes" Plaintiff mentions also do not excuse his delay in seeking to add Officer Bueno as a "new Defendant". Indeed, they focus on the expansive nature of Plaintiff's Monell discovery requests – which concern other

---

[5] Defendants had also provided several portions of the FID report which included the chronological record/log, copies of recorded interviews and transcripts of six (6) LAPD officers and two (2) civilians, as well as turned over 252 video files. (Exhibit "B").

1   events and other individuals and in some cases from other decades. Indeed, for this

2   reason, current Defense counsel has filed a Motion to Stay and Bifurcate these

3   claims, which is set for hearing on December 13, 2021. (See, Docket #66).

4   **III.   PLAINTIFF HAS UNFAIRLY DELAYED THE FILING OF HIS FIRST**

5   **PROPOSED AMENDED COMPLAINT NAMING A NEW**

6   **DEFENDANT**

7   **A. Defendants Complied With Plaintiff's Discovery Requests by Producing**

8   **All Body Work Video Camera Footage as Early as June 14, 2021**

9   As best as the Defense can discern, Plaintiff's counsel seek to justify their

10  delay in seeking to name a new Defendant (Officer Bueno), by claiming : (i) the lack

11  the video footage they need to confirm the Defendant's identity due to alleged

12  "wrongdoing" of some sort by Defense counsel, and (2) only their receipt of the FID

13  report clarified that they need to.  However, as detailed above, Defendants had

14  already produced over 252 videos of Body Worn Video (BWV) camera footage

15  reviewed by FID investigators by June 14, 2021(Docket #59, Exhibit B).

16  Despite being provided with the entirety of the BWV video footage and

17  everything else Plaintiff currently relies on for his FAC on or before June 23, 2021[6],

18  Plaintiff did nothing to amend his complaint until the court issued its Pre-Trial

19  Scheduling Order on October 26, 2021. (Docket Number 65).  As conceded by

20  Plaintiff's own moving papers, it was the setting of a trial date that prompted

21  Plaintiff to email Defense counsel on October 27, 2021 requesting to amend the

22  Complaint, not the production of the FID. (Motion, pg 11, lines 13-15).

23  Yet, Plaintiff's counsel has now used their Motion to impugn the integrity of

24  Defendants and former counsel, all while withholding the true nature of the recent

25  _____

26  [6] Plaintiff completed Officer Bueno's deposition on June 23, 2021.  (See, Exhibit

27  "B").

28

CITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

1   meet and confer efforts related to the video footage which as discussed above

2   focused on the format and scope of how the videos would be reproduced, not on the

3   failure to provide footage, an issue that has since been resolved, though not reflected

4   in Plaintiff's Motion.

5          However, even absent the production of the videos in the unwatermarked

6   "original" format, Plaintiff was still able to identify and name Officer Bueno based

7   on the very same evidence they have had since June of 2021.  Nothing regarding the

8   videos has changed since then.  The substance of the videos then and now are the

9   very same.  It is obvious that it did not matter whether Plaintiff had audit trails or

10  whether the formatting or authenticity issues of the videos were resolved, because

11  Plaintiff has already drafted his amended complaint without them.

12     **B.  <u>Plaintiff Did Not Diligently Pursue Fact Discovery As Disputes Between</u>**

13         **<u>The Parties Were Never Brought Before The Magistrate For Resolution</u>**

14         Plaintiff's moving papers also mentions that Plaintiff had diligently pursued

15  fact discovery and had propounded numerous requests for production,

16  interrogatories, and admissions, "36 requests for production and 23 interrogatories to

17  Defendant LAPD, nine interrogatories to Defendants Moore and City of Los

18  Angeles, and 23 requests for admission."   Dkt 69; Marquart Decl. ¶ 3; *see* Ex. 3.

19  However, omitted from the moving papers is the reality that the vast majority of

20  these discovery requests dealt with Plaintiff's Monell claim and have absolutely

21  nothing to do with the identity of any individual officers.  To these requests,

22  Defendants have provided valid and prudent responses or objections, either based on

23  appropriate responses already provided or the inappropriate parameters of Plaintiff's

24  requests.  Defendants stand fully prepared to argue their case should the magistrate's

25  guidance be required.  Defendants have also filed a Motion to Stay Monell discovery

26  as further detailed in the briefing on that Motion. (See Docket 66).

27         In short, Plaintiff's Motion sets forth a series of alleged discovery disputes,

28  catalogued within several Meet and Confer letters to Defendants.  Defendants have

CITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

responded to each of these letters and made clear Defendants' position regarding each of the requests contained therein.  If Defendants responses to those requests were so inadequate as to prevent Plaintiff from identifying Officer Bueno, then Plaintiff should have sought immediate relief from Magistrate Kim.  If Defendants' position behind its response was so grossly inappropriate or incongruous with earlier discovery orders "to help facilitate the identification of the shooter" (Motion at 1, ¶2) then again, Plaintiff should have sought immediate relief from this Court.  However, that was not the case.  Plaintiff brought no discovery motions before the magistrate, and no further discovery orders have been issued with regard to any of plaintiff's requests since these matters were referred to the magistrate by the Court on June 30, 2021. (Docket #57).

C. **Plaintiff's Purported Reliance on the FID Report to Provide the Good Faith Basis Needed to Amend Is False**

Plaintiff belabors the point that the much awaited FID report was the final piece of evidence necessary to form the good faith basis in naming Officer Bueno as the shooter.  This couldn't be further from the truth as Plaintiff has represented to this Court, on many occasions, that "Plaintiff believes he has identified the Doe officer who shot him" (Dkt 59, at pg 4) and in fact took the deposition of that officer several months ago on June 23, 2021.  In his motion, Plaintiff states that the FID report is "*replete* with evidence that Officer Bueno was the LAPD officer who shot Mr. Jones."  Motion, at 10.  (Emphasis added).  However, Plaintiff does not specify any new piece of evidence that he did not already have in June of this year.

Although Plaintiff goes through great lengths to point out that the FID report was not produced until October 15, 2021, the fact remains that Plaintiff has been provided with all of the evidence that the FID report is based on well before that day.  As previously mentioned, Plaintiffs were in possession of ALL BWV camera by June 14, 2021.  Plaintiffs were also provided with 1) Chronology Record/Log detailing each step of the investigation; 2) Recorded statements of all 6 officers at the

1   location of the alleged incident; and 3) Transcripts of recorded statements.  (Exhibit

2   "B", Gustafson Decl. ¶20). Further, Plaintiffs had taken the depositions of FID

3   Officer Brad Michel on May 7, 2021; Sergeant Steve Hwang on June 22, 2021 and

4   LAPD Officer Peter Bueno on June 23, 2021.

5         The only information that Plaintiff did not already have was the final FID

6   report which as the Court can see does not reach the conclusions advocated for by

7   Plaintiff.  Therefore, the FID report is clearly <u>not</u> what led Plaintiff to Officer Bueno

8   as a defendant.  Rather, Plaintiff is acting on information he possessed as far back as

9   June 2021.  In fact, as early as May 7, 2021, Plaintiff asserts in his section of the

10  Joint Status Report to this Court that "Even though Plaintiff has received only limited

11  body-worn videos, <u>Plaintiff believes he has identified Doe 1</u>"  (Dkt 56, at 5)

12  (Emphasis added), yet no FAC is filed.  Plaintiff then makes nearly the exact same

13  statement in his August 9, 2021 Joint Status Report, this time after having gone

14  through "extraordinary lengths to identify Doe Officer" and "painstakingly reviewed

15  hundreds of hours of video footage and thousands of pages of documents…Plaintiff

16  believes he has succeeded in identifying the suspected Doe officer."  Dkt 59, at 3.

17  Yet again, no FAC is filed at that time.

18        The one and only factor that prompted Plaintiff to finally act is, not the

19  production of the FID report, but rather the Court's Pre-Trial Scheduling Order

20  setting trial for March 8, 2022 which was issued on October 26, 2021 and followed

21  the next day by a request to Defense counsel that they stipulate to an amended

22  Complaint. (Motion, pg. 11).

23  IV.   **<u>GRANTING THIS BELATED MOTION WOULD RESULT IN UNDUE</u>**

24        **<u>PREJUDICE TO DEFENDANTS AND OFFICER BUENO</u>**

25        Even if a party is able to demonstrate "good cause" for a modification of the

26  scheduling order under Rule 16, it must also demonstrate that the amendment is

27  proper under Rule 15 standards.  <u>See</u>, <u>Johnson v. Mammoth Recreation, Inc.</u>, 975

28  F.2d 604, 608 (9th Cir. 1992).  While the Federal Rules generally provide for the

liberal granting of leave to amend to add ***claims*** under Rule 15, courts are less willing to grant leave to add ***parties*** due to the likelihood of prejudicing the prospective new party. See, Union Pac. R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991); Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 43 F.3d 1054, 1069 (6th Cir. 1995) (Amendment to add party over one year after complaint filed denied as too prejudicial to new party). Needless to say, a trial court properly denied a motion to amend if "permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing Foman v. Davis, 371 U.S. 178, 182 (1962), Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330-331 (1971) (trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion); Galicia v. Country Coach, Inc., 324 Fed.Appx. 687, 689 (9th Cir. 2009)(affirming the denial of a motion to amend because defendants "would not be able to move for summary judgment on the new claims and would need to take new depositions and prepare and amend their pleadings, all on the eve of trial.")

The Ninth Circuit has consistently held that unfair "[p]rejudice is the touchstone of the inquiry under rule 15(a)." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). And the simple act of adding a party is an indicator of prejudice. See, In re Fritz Co. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003) ("Indicators of prejudice include a need to reopen discovery or the addition of complaints or parties); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999)("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.") "Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party." DCD Programs v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Avoiding prejudice to the party to be added thus becomes [a] major objective." Korn v. Royal Caribbean Cruise Line,

1  Inc., 724 F.2d 1397, 1400 (9th Cir. 1984).

2  Further, "the need for a party to conduct supplemental discovery or to consider

3  a new line of legal argument are classic sources of prejudice that have regularly

4  proven sufficient to defeat a motion for leave to amend." IXXS Corp. v. Advanced

5  Power Tech., Inc., 2004 WL 135861, *1, *3 (N.D. Cal. 2004).  And "[p]rejudice and

6  undue delay are ***inherent*** in an amendment asserted ***after the close of discovery*** . . .

7  …." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) (emphasis

8  added); see also, Solomon v. North American Life & Cas. Ins. Co., 151 F.3d 1132,

9  1139 (9th Cir. 1998) (Motion "on the eve of the discovery deadline" properly denied

10 because it would have required reopening discovery, thus delaying proceedings).

11 Although the Court has not set a discovery deadline in its scheduling order, the

12 trial date has been set for March 8, 2022.  At this point in the litigation, it would be

13 highly prejudicial to add Officer Bueno as a defendant since trial is just over three

14 months away.  Specifically, Officer Bueno will have separate counsel from the City

15 Defendants, and also has separate defenses not available to the current City

16 Defendants, that he will be prejudiced in making given the short time left until trial.

17 Plaintiff's undue delay has forced Officer Bueno's defense to be compromised

18 because he cannot be expected to defend against a suit he is not made a part of due to

19 Plaintiff's dilatory actions. See, Zenith Radio Corp. v. Hazeltine Research, Inc., 401

20 U.S. 321, 330-31, 91 S. Ct. 795 (1971) (A defendant has no obligation to prepare for,

21 or defend, a claim which has never been pled.);  William Inglis & Sons Baking Co.

22 v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981) (Same).

23 Officer Bueno, who was represented by separate counsel, testified in his

24 deposition back on June 23, 2021 that he does not know who Plaintiff is, did not see

25 Plaintiff the day of the incident and does not have a memory of ever shooting

26 Plaintiff. While Plaintiff argues that adding Officer Bueno as a Defendant will not

27 require any additional discovery because the current Defendants are already

28 conducting discovery, this argument miserably fails to recognize that Officer Bueno

1  is entitled to exercise his personal rights as a Defendant in this matter to ensure that

2  he can adequately prepare his own defense to Plaintiff's claims.  Just as this very

3  district determined in <u>Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.</u>, 520 F. Supp.

4  2d 1184, (C.D. Cal. 2007), even adding a ***<u>claim</u>*** shortly before trial would be "highly

5  prejudicial" to Defendants due to "losing the benefit" of conducting discovery to

6  prepare an adequate defense.  <u>Id.</u> at 1199.

7        Not only will Officer Bueno be stripped of his right to discovery, but because

8  the trial is just over three months away, he will be severely limited in conducting the

9  fact discovery necessary to file a Motion for Summary Judgment, especially given

10  that the holiday season is upon us.  As part of his defense, Officer Bueno's counsel

11  will need to have the BWV footage reviewed and potentially analyzed by his own

12  expert in addition to other fact discovery.  All of this will take time that Officer

13  Bueno will not have as a result of Plaintiff's undue delay despite representations to

14  this Court as early as May 7, 2021, that Plaintiff's counsel had identified the Doe

15  Defendant.

16        Similarly, Officer Bueno has the defense of qualified immunity available to

17  him, a defense not available to the City Defendants.  The delay in this matter has

18  prevented him from asserting and having that issue decided early in the case, as is his

19  right. <u>See</u>, <u>Peng v. Hu</u>, 335 F.3d 970, 979-980 (9th Cir. 2003)(Qualified immunity

20  "should be determined by the district court at the earliest possible point in the

21  litigation."); <u>Johnson v. County of Los Angeles</u>, 340 F.3d 787, 791 (9th Cir. 2003)

22  (The requirement that qualified immunity be determined at the earliest possible stage

23  of litigation "calls upon courts, not juries to settle the ultimate questions of qualified

24  immunity."); <u>Nunez v. Davis</u>, 169 F.3d 1222, 1229 (9th Cir. 2000)("Whether a

25  public official is entitled to qualified immunity is a question of law.").  Thus,

26  Plaintiff's Motion should be denied based on the considerable prejudice to

27  Defendants inherent in adding a new party this late in the litigation where this party

28  cannot conduct discovery or file a motion on his behalf.

Nor has Plaintiff shown any good reason to vacate the trial date in this matter. See, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)(finding the denial of leave to amend a complaint "would not change if [plaintiff's] motion to amend the complaint were treated as a *de facto* motion to amend the scheduling order . . .[as plaintiff] needed to show 'good cause' for the amendment.   Fed. R. Civ. P. 16(b).").[7] "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . .. If that party was not diligent, the inquiry should end." Johnson, supra, at 609 (citation omitted); see, Coleman v. Quaker Oats, Co., 232 F.3d 1271, 1294 (9th Cir. 2000)(the "good cause" standard of Rule 16(b) "primarily considers the diligence of the party seeking the amendment.")

As noted above, Plaintiff has admittedly had all the information necessary to amend his Complaint as early as June 23, 2021.  Yet he failed to timely do so. Thus, whether by intent or otherwise, Plaintiff's belated amendment request and his sub silentio request to vacate the trial date to account for his own foot dragging should both be wholeheartedly rejected by this Court.

## V.     PLAINTIFF'S CLAIM THAT THE PREJUDICE TO DEFENDANTS AND OFFICER BUENO IS IRRELEVANT BECAUSE BOTH WERE AWARE HE WOULD LIKELY BE ADDED TO THE CASE HAS NO MERIT

Plaintiff argues that there would be no undue prejudice here because both Defendants and Officer Bueno have known for months that Bueno would likely be

---

[7] See also, Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure").

added as a defendant.  However, this argument has no merit at all as Plaintiff has failed to add him as a defendant until this 11th hour.  It does not matter that Defendants were *aware* that Bueno would likely be added, the key is that Bueno *must indeed be added* in order for him to start preparing a defense. See, Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-331 (1971) (A defendant has no obligation to prepare for, or defend, a claim which has never been pled.) Plaintiff's undue delay takes Officer Bueno hostage and prevents him from starting the necessary preparations for his case that will most definitely require time to defend. Had the FAC been filed earlier, the prejudice to Officer Bueno would have been diminished, but that is not the current case.

Plaintiff has had nearly a year to prepare his case, and yet, has done nothing to amend his complaint to add Officer Bueno until this late stage of litigation.  Plaintiff now demands that Officer Bueno prepare the entirety of his defense in just over three months and then declares, in *ipse dixit* fashion: "Defendant cannot show undue prejudice here." (Motion, at 17).  Plaintiff most certainly ignores the inherent prejudice that exists from his belated FAC as set forth above, especially since the evidence Mr. Jones relies on does not show that he was struck by less lethal munitions, nor that he was even the individual seen on BWV footage.  It is undeniable that Officer Bueno will require significant time to review and analyze the BWV videos by his own experts, take further witness depositions and conduct basic fact discovery given legal theories brought by Plaintiff.  It is also undeniable that Officer Bueno will likely require much more than then three months Plaintiff proposes to provide him to do it.  These are not just "[b]ald assertions of prejudice" but rather "strong evidence" of it. Sonoma Cty Ass'n of Retired Emp. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013).

## VI.   **PLAINTIFF'S AMENDMENT IS FUTILE AND SUBJECT TO DISMISSAL AS IT DOES NOT COMPORT WITH F.R.C.P 8**

Even in the absence of prejudice and bad faith, a court should still deny leave

1   to amend on the basis of futility when the amended complaint would not survive a
2   motion to dismiss, <u>Perkins v. United States</u>, 55 F.3d 910, 917 (4th Cir. 1995), or
3   "when the proposed amendment is clearly insufficient or frivolous on its face."
4   <u>Johnson</u>, 785 F.2d at 510. Federal Rule of Civil Procedure 8(a) requires a "short and
5   plain statement of the claim <u>showing that the pleader is entitled to relief</u>." (emphasis
6   added). <u>See</u> <u>Burns v. AAF–McQuay, Inc.</u>, 980 F.Supp. 175, 179 (W.D. Va. Sept. 24,
7   1997) (noting that proper standard of review when amendment is challenged on
8   grounds of futility is whether the proposed amendment states a claim upon which
9   relief can be granted).

10          Here, contrary to Plaintiff's assertions, the FAC does significantly more than
11   just "simply add: 1) a new defendant whose addition has long been contemplated and
12   discussed among the parties and this Court and 2) additional factual allegations to
13   support existing causes of action and legal theories whose sufficiency Defendants
14   already conceded when they answered the initial Complaint rather than moved to
15   dismiss."  In addition to naming Officer Bueno as a defendant, Plaintiff's FAC adds
16   50 additional allegations to the complaint much, if not all, of which are superfluous
17   and irrelevant allegations that have nothing to with the violations of Jones'
18   Constitutional rights.  These allegations do not state a claim nor contribute to one in
19   conformity with the dictates of F.R.C.P Rule 8 which demand that "[a] pleading that
20   states a claim for relief must contain…(2) a short and plain statement of the claim
21   showing that the pleader is entitled to relief."  Plaintiff's FAC is anything but a short
22   and plain statement.  As such, given the current state of the proposed FAC, the City
23   Defendants could not stipulate to an amendment that would then require them to
24   bring a Motion to Dismiss such that there would be no operative pleading so close to
25   the March 8, 2022 trial date.

26          By way of example, the 53 page FAC is rife with unnecessary background of
27   the history of the protest, slanted commentary on LAPD policies, Plaintiff's opinions
28   of Defendants' conduct throughout litigation thus far, and photographs depicting the

- 21 -

1  civil rights movement.  Complaints that are "argumentative, prolix, replete with
2  redundancy, and largely irrelevant" and that "consist largely of immaterial
3  background information" are subject to dismissal under <u>Fed. R. Civ. P.</u> 8Rule 8.
4  <u>Morris v. Yavari</u>, 2020 U.S. Dist. LEXIS 139101, at *5-6 (C.D. Cal. 2020)(Wilson,
5  D.J.); <u>see also</u> <u>Brown v. Countrywide Home Loans, Inc.</u>, 2020 U.S. Dist. LEXIS
6  40867, at *1 (C.D. Cal. 2020) )(Wilson, D.J.); <u>see also</u> Fed. R. Civ. P. 8(d)(1) ("Each
7  allegation must be simple, concise, and direct."); <u>Baily v. Soto</u>, 2019 U.S. Dist.
8  LEXIS 167037, at *20-21 (C.D. Cal. 2019) )(Wilson, D.J.)("Experience teaches that,
9  unless cases are pled clearly and precisely, issues are not joined, discovery is not
10  controlled, the trial court's docket becomes unmanageable, the litigants suffer, and
11  society loses confidence in the court's ability to administer justice." <u>Bautista v. Los</u>
12  <u>Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotations
13  omitted)").

14       The allegations asserted in the FAC serve no purpose other than to elicit
15  sympathetic emotions in favor of Plaintiff, or against Defendants.  Plaintiff spends
16  several paragraphs to create imagery and inspire the reader with regard to racial
17  justice and civil rights in the United States untethered to Plaintiff Jones' allegations.
18  While this inflammatory, police abolitionist rhetoric may be appropriate at a political
19  rally, they are inappropriate in federal court complaint.  <u>Lynden Liu v. Marriott</u>
20  <u>Vacation Worldwide</u>, 2019 U.S. Dist. LEXIS 15926, at *3 (C.D. Cal. 2019). A
21  statement in a complaint is immaterial if it "has no essential or important relationship
22  to the claim for relief or the defenses being pleaded," and impertinent material means
23  "statements that do not pertain, and are not necessary, to the issues in question."
24  <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations
25  omitted), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455
26  (1994).

27       Plaintiff's proposed FAC fails to meet the standards set forth in Rule 8 as it is
28  63 pages of excessively verbose material, most of which assert legal arguments and

1  conclusions as opposed to a short and plain statement of the relevant facts and the

2  legal causes of action premised on those facts. Moreover, many of the claims appear

3  to pertain to the actions of various individuals during the course of the summer

4  protests that appear unrelated to Plaintiff's substantive claims here.

5       Therefore, Plaintiff's amendment is futile in this matter and as such, Plaintiff's

6  Motion to Amend the Complaint should be denied.

7  **VII.**  **CONCLUSION**

8       For the foregoing reasons, Defendants respectfully request that this Court deny

9  Plaintiff's request to add Officer Bueno as a party when trial is presently set for

10  March 8, 2022, as this amendment would be unfairly prejudicial to Officer Bueno.

11  Further, the proposed FAC submitted for filing should not be accepted as it is a clear

12  violation of FRCP 8 and would require additional briefing from the City Defendants

13  to address the allegations being asserted against them on the eve of discovery closing

14  and trial commencing.

15

16  DATED:  November 22, 2021         Respectfully submitted,
   **LYNBERG & WATKINS**

17                            A Professional Corporation

18

19                 By:   */s/ Shannon L. Gustafson*
   S. FRANK HARRELL

20                       SHANNON L. GUSTAFSON
   Attorneys for Defendants

21

22

23

24

25

26

27

28

CITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

## <u>DECLARATION OF SHANNON L. GUSTAFSON</u>

I, Shannon L. Gustafson, do declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all the courts of the State of California, and am a partner in the law firm of Lynberg & Watkins, A.P.C., attorneys of record for Defendants, CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT and CHIEF MICHEL MOORE (collectively "Defendants") in the above-captioned matter. I have personal knowledge of the following facts, and, if called as a witness, I could competently testify thereto.

2.      Since entering an appearance in this matter on September 15, 2021 (docket Number 64), I have exchanged emails and participated in meet and confer conferences involving multiple attorneys representing the Plaintiff on various discovery matters.  Five of those attorneys, Katherine Martin, Timothy Biche, Terry Wong, Ariana Sanudo, and Chaplin Carmichael, have not yet entered an appearance in this matter.

3.      Attached hereto as Exhibit "A" is the Joint Status report submitted by the parties on May 14, 2021 as docket Number 56 wherein former defense counsel detailed her efforts to comply with the discovery in this matter within the context of the limited available resources of the City Attorney's office.

4.      After receiving the parties Joint Status Report on May 14, 2021, including Plaintiff's claims of discovery violations and former Defense counsel's response thereto, this Court, on June 30, 2021, referred all discovery disputes to Magistrate Judge Kim as reflected on Docket Number 57.  According to my review of the docket, there has not been any filings with Magistrate Judge Kim, nor am I aware of any since I entered the matter on September 15, 2021.

5.      Given the strain on the City's limited resources, the City Defendants retained outside counsel, Lynberg & Watkins to assist with this matter.  Attorneys Gustafson and Harrell therefore entered their appearances on September 15, 2021.

6.      At the time these appearances were entered, new counsel did not have

the ability to review the discovery in this matter.  Given the size of the file, including the over 252 videos produced, Defense counsel had to send an external hard drive to the City to download the files.  Defense counsel's IT Department then had to upload the files into Defense counsel's network.  The files were therefore not available for attorney review until September 24, 2021.

7.    Shortly after the files became available, I participated in a meet and confer conference with Plaintiff's counsel on October 6, 2021 to discuss outstanding discovery matters.

8.    After meeting with Plaintiff's counsel, Defense counsel promptly produced the FID investigation on October 15, 2021.  However, significant portions of the FID had already been provided by former defense counsel.  As set forth in the Joint Status Report provided to this Court on August 9, 2021 and attached hereto as Exhibit "B", Plaintiff's counsel had already received all of the videos reviewed by FID investigators as of June 14, 2021.  Likewise, Plaintiff was provided the chronological record of the investigation and the recorded interviews of the six LAPD officers interviewed as part of the investigation.  The notes of the FID investigators were also previously provided.  What had not yet been produced and was provided on October 15, 2021 is the conclusions of the report.  However, former counsel did inform Plaintiff's counsel and this Court, that the LAPD could not substantiate the allegations.

9.    A true and correct copy of Plaintiff's request to meet and confer regarding the production of video footage dated September 14, 2021 and Defendants' written response to that request is attached hereto as Exhibit "C".  This is the first meet and confer request that current defense counsel is aware of related to the earlier production of video footage by Defendants.  This issue was discussed during the October 6, 2021 meet and confer conference.

10.    At the October 6, 2021 conference, Defense counsel requested that Plaintiff provide additional information as to why they believed Defendant's prior

1   production of over 250 videos was insufficient.  Plaintiff's contentions as to the

2   insufficiency of the prior video production was not provided to Defense counsel until

3   October 21, 2021.  A true and correct copy of Plaintiff's counsel's letter regarding

4   the video footage production is attached hereto as Exhibit "D".

5        11.    After receiving the additional information on October 21, 2021, Defense

6   counsel, it appeared the key dispute with the video production was the placing of a

7   protective order watermark directly on the footage. To resolve this issue, Defense

8   counsel provided three of the videos via a direct link without the watermark on

9   October 28, 2021.  A true and correct copy of the email containing this link is

10  attached hereto as Exhibit "E".  The parties were still disputing the necessity of

11  reproducing over 250 videos in a revised form given that the majority of the videos

12  produced have nothing to do with the claims made by Plaintiff in this litigation.  A

13  true and correct copy of Defense counsel's October 28, 2021 email requesting that

14  the demand for additional video footage be narrowed is attached hereto as Exhibit

15  "F".

16       12.    A true and correct copy of Plaintiff's counsel's email dated October 29,

17  2021 wherein Plaintiff's counsel claims that the original videos produced directly via

18  an evidence link were actually re-altered videos, is attached hereto as Exhibit "G".

19       13.    On November 4, 2021, the parties conducted a meet and confer

20  conference on several matters.  During this meet and confer, the issue of the videos

21  was again discussed wherein Defense counsel conveyed that Defendants were not

22  willing to continue to produce videos that Plaintiff would then argued were "altered".

23  Plaintiff's counsel therefore agreed to make their video forensic expert available for

24  meeting to discuss the form of the production of any additional video production.

25  Defense counsel also continued to dispute that reproduction of over 250 videos was

26  proportionate to the needs of the case.

27       14.    On November 8, 2021, Defense counsel received an email from

28  Plaintiff's counsel finally narrowing the scope of the video request. A true and

correct copy of this email is attached hereto as Exhibit "H".

15.    On November 16, 2021, a meeting took place with Plaintiff's video forensic expert who clearly defined the additional information he needed to authenticate the videos.

16.    The additional information requested by Plaintiff's video expert was produced on November 17, 2021 by Defense counsel as to three of the videos.

17.    On November 19, 2021, Plaintiff's counsel confirmed that their expert had established the authenticity of the three videos and that the production was no longer in dispute.  A true and correct copy of Plaintiff's counsel's November 19, 2021 correspondence is attached hereto as Exhibit "I".

18.    On November 22, 2021, Defendants therefore agreed to the production of the narrowed list of videos provided by Plaintiff in the agreed upon format thereby resolving any issue as to the video production in this matter.

19.    Defense counsel was provided with the Internal Affairs investigation report by the LAPD on November 17, 2021 and promptly produced it to Plaintiff's counsel on November 19, 2021.

20.    Based on my review of the file, Plaintiff was provided with all of the body worn camera footage reviewed by FID investigators by June 14, 2021. Plaintiffs were also provided with 1) Chronology Record/Log detailing each step of the investigation; 2) Recorded statements of all 6 officers at the location of the alleged incident; and 3) Transcripts of recorded statements by the end of June of this year.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.  Executed this 22nd day of November, 2021, in Orange, California.

_/s/ Shannon L. Gustafson_____

Declarant

1

2          4866-8361-0884, v. 2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT