S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
SHANNON L. GUSTAFSON - SBN 228856
sgustafson@lynberg.com
**LYNBERG & WATKINS**
1100 Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT and CHIEF MICHEL MOORE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, in his official capacity as Chief of the Los Angeles Police Department, LOS ANGELES POLICE DEPARTMENT, a municipal entity, DOE 1, and DOES 2-10, inclusive,<br><br>Defendants. | CASE NO. **2:20-cv-11147-SVW-SK**<br><br>*Assigned for All Purposes to:*<br>*Hon. Stephen V. Wilson -*<br>*Courtroom 10A*<br><br>**LOS ANGELES CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S APPLICATION FOR LEAVE TO PROVISIONALLY FILE DOCUMENTS UNDER SEAL AND REQUEST TO STRIKE THE FILING OF EXHIBITS 4 AND 13**<br><br>Date:     December 13, 2021<br>Time:    1:30 p.m.<br>Dept.:   10A |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 12, 2021, Plaintiff filed an "Application For Leave to Provisionally File Documents Under Seal" (Dkt. No. 67) ("Application"). The City Defendants do not oppose the Application to Seal in principle. However, the City Defendants file this response to address Plaintiff's improper attempt to challenge the confidential designation of the Force Investigation Division Report (the "FID Report") the entirety of which was attached as Exhibit 4 to the Application along with the entirety of the deposition of FID investigator Detective Brad Michel.[1] The FID Report was a document produced by the City Defendants subject to a Stipulated Protective Order ("SPO") (Dkt. No. 52) filed on March 29, 2021 and portions of the deposition of Detective Brad Michel were sealed for the same reason.

Plaintiff's counsel never properly met and conferred with Defense counsel regarding the filing under seal of the FID report and/or the deposition of Defendant Michel prior to filing the entirety of both documents with the Court. (Gustafson Decl. ¶¶6-7). Rather, Plaintiff merely stated his intent to file the entire FID in support of the Motion for Leave to Amend, which was challenged by Defense counsel. (Id.). Defense counsel advised it would meet and confer with Plaintiff's counsel as to whether the confidential designation could be removed as to certain parts of the FID. (Id.). Plaintiff's counsel ignored this outreach. And that was the sum and substance of the inadequate meet and confer efforts on this subject, as confirmed

---

[1] Plaintiff has also filed a Motion for leave to file an Amended Complaint. (Dkt. No. 69). The City Defendants have filed an opposition to Plaintiff's pending motion to amend his complaint which is also set to be heard on December 13, 2021. Plaintiff has filed entire deposition transcripts and an entire investigation report, the majority of which is not even referenced in support of the pending Motion, solely in an effort to circumvent the procedures set for by Magistrate Kim's protective order.

by the Declaration of Attorney Kahn. (Kahn Decl. ¶4- conceding Defendants' agreement to discuss removing the confidential designation as to portions of the FID, but not to its filing in full).

Plaintiff's counsel never even mentioned that they intended to file the entire deposition of Detective Michel or multiple meet and confer letters under seal. Had Plaintiff's counsel done so, some of these issues could have (and would have) been resolved prior to the filing of this Application. (Gustafson Decl. ¶8).

For example, Plaintiff never met and conferred on Exhibit 2 which is a letter sent by prior Defense counsel and was not marked as confidential. Had Plaintiff engaged in proper discussions, Defendant would have indicated it did not object to the filing of this Exhibit. Similarly, Plaintiff's counsel unnecessarily filed Exhibit 3, 7 and 16 under seal because these exhibits were never addressed as being subject to an application to file under seal. As such, Defendants do not request that this court file Exhibits 2, 3, 7, or 16 under seal.

As to Exhibits 4 and 13, Defendants request that the Court reject the filing of Exhibit 4 – the entire FID report, as well as the filing of Exhibit 13 - the entirety of the Michel deposition and strike them from the record.

In particular, a review of the actual Motion filed by Plaintiff confirms that only three pages of the FID are referred to (FID 00007, FID000012, and FID 000013). Even so, Plaintiff inexplicably filed over 500 pages of needless material with the Court. (Gustafson Decl. ¶4). This was not an effort to provide the Court with information that it needed to rule on a Motion, but rather an attempt to circumvent the provisions of the protective order issued by the Magistrate Judge. Similarly, Plaintiff submitted the entire deposition transcript of Detective Michel when only pages 117-118 were referenced in the Motion. (Gustafson Decl. ¶5). There is absolutely no reason for Plaintiff to file a total of over 1,000 pages of material when only five of

1  those pages are cited in their Motion for Leave to Amend.

2  The City Defendants therefore requests that -- rather than rule on Plaintiff's Motion to Seal -- this Court strike all of the impertinent material and order Plaintiff to properly meet and confer with Defense counsel as to whether the five pages actually referenced in support of the Motion should appropriately be filed under seal. See, Zepeda v. PayPal, Inc., 2013 WL 2147410, at *3 (N.D. Cal. 2013)("The law is clear that district courts have the inherent power to control their docket, and in the exercise of that power, they may properly strike improper documents."); Centillium Comms., Inc. v. Atlantic Mut. Ins. Co., 2008 WL 728639, *6 (N.D.Cal. 2008)(same).

## II. PLAINTIFF'S APPLICATION IS AN IMPROPER ATTEMPT TO CHALLENGE THE CONFIDENTIAL DESIGNATION OF THE FID REPORT WITHOUT COMPLYING WITH THE PROCEDURES ESTABLISHED BY THE MAGISTRATE

Plaintiff's Application is a poorly - disguised attempt to circumvent the SPO entered in this matter governing the procedural requirements to challenge confidential designations.  As noted above, Plaintiff's counsel has inexplicably filed over 1,000 pages of confidential protective order material, when only five of those pages are cited to in the accompanying "Motion for Leave to Amend".  (Gustafson Decl. ¶¶4-5)

Defendants properly designated the FID report and resulting testimony from its lead investigator Detective Michel pursuant to the approved protective order entered by Magistrate Kim.  Rather, than follow the procedures for de-designating confidential material, approved by the Magistrate, Plaintiff's counsel dumped over 1,000 pages of confidential material into the Court's file by labeling them as "exhibits" to Plaintiff's Motion for Leave to Amend, even though only five of these pages were actually cited in Plaintiff's Motion.

Section IV of the SPO (Dkt. No. 52), entitled "Challenging Confidentiality Designations" lists the steps that must be followed to challenge a confidential designation, which are as follows:

> A. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.
> B. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under <u>Civil Local Rule</u> 37-1 et seq. by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with Section IV of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. During the meet and confer process, the Designating Party must state the bases for its objections to each challenge on a document-by-document basis. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and designations, or those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party or Designating Party to sanctions. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in

a timely manner.

**C. *Judicial Intervention.* If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file a "Notice of Improper Confidential Designation" with the Court ("Notice"). The Notice shall list the challenged documents by Bates label (or another identifying label if there is no Bates label).** The Designating Party shall file a "Motion to Maintain Confidentiality" within fourteen (14) calendar days of the Notice, explaining why the documents should or should not be de-designated.  Failure by the Designating Party to make such a Motion within 14 days of the Notice shall automatically waive the confidentiality designation for each challenged designation. The Challenging Party will then have fourteen (14) calendar days to file a Response. There shall be no Reply absent leave of Court. Either party may lodge but not file the challenged documents with the Court during this stage of the challenge process.  The burden of persuasion as to whether information is confidential shall be on the Designating Party.

SPO (Dkt. No. 52) (emphasis added).

Rather than engage in this agreed upon process, Plaintiff simply filed all of the pages it challenges as "exhibits' to a Motion and asks this Court to short shrift the process by denying Plaintiff's Application to Seal filed under Local Rule 79.  While Defendants recognize that Local Rule 79 governs the process for filing documents under seal, Plaintiff should not be permitted to circumvent the Magistrate's more focused and relevant orders by filing immaterial exhibits simply to have them de-designated. Defendants therefore respectfully request that this Court strike Exhibits 4 and 13 and require Plaintiff to meet and confer with Defendants as to the five pages from the FID and deposition actually cited in Plaintiff's Motion for Leave to Amend and that if resolution cannot be reached to refile the Application under Local Rule 79 as to only those pages relevant to his Court filing. See, Zepeda v. PayPal, Inc., 2013

WL 2147410, at *3 (N.D. Cal. 2013)("The law is clear that district courts have the inherent power to control their docket, and in the exercise of that power, they may properly strike improper documents."); Centillium Comms., Inc. v. Atlantic Mut. Ins. Co., 2008 WL 728639, *6 (N.D.Cal. 2008)(same).

### III. THE FORCE INVESTIGATION DIVISION REPORT SHOULD REMAIN UNDER SEAL AND SUBJECT TO THE PROTECTIVE ORDER

Should this Court decline to strike Exhibits 4 and 13 and to consider the merits of Plaintiff's request to file over 1,000 pages of material that are irrelevant to the Motion for Leave to Amend, Defendants request the Court grant the Application and file the entirety of Exhibits 4 and 13 under seal at this time.

Where confidential material is attached to a non-dispositive motion such, as Plaintiff's Motion for Leave to Amend here, the Ninth Circuit has determined that a showing of "good cause" is sufficient to have the documents remain outside the public realm. See, Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). While the public generally has an interest in the contents of court records, the "the public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." Id. ("We have, however, 'carved out an exception to the presumption of access' to judicial records for a *sealed discovery* document [attached] to a *non-dispositive* motion,' such that the 'usual presumption of the public's right of access is rebutted.")(internal citations omitted)(emphasis original). As such, the Ninth Circuit employs a "good cause" standard to determine whether a record attached to a non-dispositive Motion, such as Plaintiff's Motion for Leave to Amend, warrants the continued confidentiality of the document at issue. Id.

Applied here, there is no general public interest in the documentation filed in support of Plaintiff's non-dispositive Motion for Leave to Amend, especially where the majority of the confidential material attached were not cited to in the Motion and thus, have no relevance to the non-dispositive issue being addressed. Plaintiff should not be permitted to create "a judicial" record where none should exist. Perkins v. City of Modesto 2020 WL 4748273 (E.D. Cal. 2020)(in finding that peace officer files should be confidential, the court distinguished a situation where "the documents had become part of the judicial record and were therefore subject to the higher standard for retaining confidentiality" and the present situation "where the documents at issue are not part of the judicial record.").

As such, the FID report and accompanying testimony should remain confidential and subject to the terms of the protective order for the reasons set forth in the official information declaration submitted by Detective Lozano as part of the discovery in this matter. (See, Exhibit "A"). In particular, courts routinely order the use of protective orders to prevent disclosure of law enforcement's internal investigation results and reports, such as the FID Report, to the general public. For example, in Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987), Plaintiff brought an action under 42 U.S.C. § 1983, which alleged that defendants, city and police officers, violated his constitutional rights when they used excessive force to arrest him. Id. at 655. In discovery, plaintiff sought files concerning his arrest, other incidents of police misconduct, and manuals and policy statements discussing arrest techniques and the use of force. Id. Defendants produced plaintiff's crime report but refused to produce the other documents pursuant to the government privilege. Id. The court articulated a test for the qualified "official information" privilege that balances competing societal interests: the interests of law enforcement, the privacy interests of police officers or citizens who provide information to or file

complaints against police officers, the interests of civil rights plaintiffs, the policies that inform the national civil rights laws, and the needs of the judicial process. <u>Id.</u> at 662. Using this balancing test, the Court ordered the production of materials relating to the use of a baton and bodily force in making an arrest, citizen complaints against defendant police officers, and the internal affairs investigative files generated by those complaints. However, ***<u>all documents produced were subject to a protective order</u>***. <u>Id.</u> at 663.

Similarly, in <u>Williams v. Cnty. of Alameda</u>, 2013 U.S. Dist. LEXIS 122866, 2013 WL 4608473, at *2 (N.D. Cal. 2013), the Court ordered a Sheriff's Office to produce internal affairs documents of the named defendant officers -- but ***<u>subject to a protective order</u>***. <u>Id.</u> at *2-3. Also, in <u>Doe v. Gill</u>, the Court ordered San Leandro to produce internal affairs documents of the named defendant officers, subject to a protective order. <u>Doe v. Gill</u>, 2012 WL 1038655, at *4 (N.D. Cal. 2012). Finally, in <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D. Cal. 1995), the Court ordered production of internal affairs files – again subject to a protective order.

Applying the balancing test of <u>Kelly</u> in this case, the Court should protect the need for officers and police departments to maintain some degree of confidentiality concerning their internal investigation results contained in the FID Report, consistent with the official information declaration that was produced when these materials were marked as confidential. (Exhibit "A"). It goes without saying that these are dangerous times for any local resident who wears a law enforcement badge. And the information contained in the FID Report can reveal information that could be exploited for harmful purposes if generally disclosed to all – including this City's increasingly violent criminal element. There is no good reason why these officers (or their families) should be placed at risk for harm. While these privacy concerns are not significant enough to preclude disclosure to Plaintiff, the

documents requested should remain under seal and subject to the SPO to protect the privacy interests and safety of the involved officers. See e.g., Gray v. Cty. of Los Angeles, 2014 WL 12700919, at *2 (C.D. Cal. 2014) ("The Court is mindful…of the sensitive nature of internal investigations into the conduct of law enforcement agency personnel. Any such concerns may be addressed by production subject to the Protective Order with the designation 'CONFIDENTIAL—ATTORNEYS' EYES ONLY.' "). If more were needed, and it is **_not_**, general public dissemination of the contents of FID investigations could impact person(s) willingness to speak candidly about what they see and hear. Here too, a protective order helps to address these concerns, and helps preserve the incentive for witnesses to be candid and truthful. See, Shelley v. County of San Joaquin, 2015 WL 2082370 (E.D. Cal. 2015) (holding that the investigative privilege barred public disclosure because such disclosure "plausibly could undermine these investigations").

      Plaintiff claims that filing documents such as the FID Report and the testimony from its investigator under seal, "violates the public's First Amendment right of public access." (Application, 3:23-24).  However, "public interest in particular litigation does not generate a public right of access to all discovery materials." In re Terrorist Attacks on September 11, 2001, 454 F.Supp.2d 220, 222 (S.D.N.Y.2006) (citing United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir.1995)); see, Daniels v. City of N.Y., 200 F.R.D. 205, 210 (S.D.N.Y.2001) ("the mere fact that the investigation involves a matter of public interest is not extraordinary given that most Government investigations involve issues of public interest…"). "[T]he cases hold that **_even a First Amendment right to certain documents does not constitute 'compelling need' to modify a protective order for discovery matter_**." Kamyr AB v. Kamyr, Inc., 1992 WL 317529, at *9 (N.D.N.Y. 1992) (emphasis added) (citing Pellegrino v. United States, 1992 WL 84475

**10**
**LOS ANGELES CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S APPLICATION FOR LEAVE TO PROVISIONALLY FILE DOCUMENTS UNDER SEAL AND REQUEST TO STRIKE THE FILING OF EXHIBITS 4 AND 13**

(S.D.N.Y. 1992)).

Against this backdrop, this Court should find that the FID report and the testimony of its investigator should be filed under seal at this time, especially given that the overwhelming majority of the report and testimony was not utilized in support of Plaintiff's Motion. Put another way, why does the public have any "need" to review what even Plaintiff found too unimportant to cite in his briefing? As is too often the case with this Plaintiff, he provides no answers to this key question.[2]

### IV.   CONCLUSION

Based on the foregoing, the City Defendants request that the Court order the FID Report attached as Exhibit 4 and 13 be stricken from the record and that Plaintiff refile their Application to include only those pages that are actually referenced in the Application to Seal.

DATED:  November 19, 2021

Respectfully submitted,

**LYNBERG & WATKINS**

By: _____
S. FRANK HARRELL
Attorneys for Defendants, CITY OF LOS ANGELES, CHIEF MICHEL MOORE, and LOS ANGELES POLICE DEPARTMENT

---

[2] At minimum, if the Court is inclined to "unseal" anything, it should be limited to the five pages actually referenced in Plaintiff's Motion.

## DECLARATION OF SHANNON L. GUSTAFSON

I, Shannon L. Gustafson, do declare and state as follows:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California, and am a partner in the law firm of Lynberg & Watkins, A.P.C., attorneys of record for Defendants, CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT and CHIEF MICHEL MOORE (collectively "Defendants") in the above-captioned matter. I have personal knowledge of the following facts, and, if called as a witness, I could competently testify thereto.

2. Attached as Exhibit "A" is a true and correct copy of the Declaration submitted by Detective Lozano to assert the official information privilege in support of designating the FID report as confidential.

3. Plaintiff has not properly challenged the assertion of the official privilege and the resulting designation of the FID and testimony pertaining to it as confidential by following the procedure set forth in the Protective Order. Instead Plaintiff simply filed the entire FID report and the entire deposition of FID investigator Detective Michel as an exhibit to his Motion for Leave to Amend in an effort to claim that these records are now part of a judicial record subject to disclosure.

4. However, in reviewing Plaintiff's Motion for Leave to Amend, Plaintiff only cites to pages FID 00007, FID 000012, and FID 000013 to support his Motion, but inexplicably filed the entire 547 page investigation.

5. Likewise, in reviewing Plaintiff's Motion for Leave to Amend, Plaintiff cites to only pages 117-118 of Detective Michel's deposition transcript in support of the Motion for Leave to Amend and yet he filed the entire deposition transcript with the Court.

6. Plaintiff's counsel never met and conferred with Defense counsel

about whether the three pages of the FID and the two pages of the deposition transcript could be filed in a manner that protects confidentiality while preserving the public's right to access to a judicial record.

7.  Rather, Plaintiff's counsel merely asked to file the entire FID investigation as part of an exhibit to his Motion for Leave to Amend. Defense counsel denied this request due to the confidential nature of the report and the lack of any need to file the entire report with the Court. Defense counsel advised that they would consider whether the confidential designation could be removed from certain portions of the FID. However, Plaintiff's counsel never engaged in any further meet and confer efforts to identify whether this was feasible, instead opting to file the entire FID report despite its lack of relevance to the pending Motion.

8.  Plaintiff's counsel never even mentioned that they intended to file the entire deposition of Detective Michel or multiple meet and confer letters under seal. Had Plaintiff's counsel done so, some of these issues could have (and would have) been resolved prior to the filing of Plaintiff's Application.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed the 22nd of November 2021 in Orange, California.

___/s/ *Shannon L. Gustafson*_____
Shannon L. Gustafson