GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*pro hac vice*)
  OSnyder@gibsondunn.com
KATHERINE MARQUART, SBN 248043
  KMarquart@gibsondunn.com
KARIN PORTLOCK (*pro hac vice*)
  KPortlock@gibsondunn.com
LEE R. CRAIN (*pro hac vice*)
  LCrain@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035

MATTHEW S. KAHN, SBN 261679
  MKahn@gibsondunn.com
KATHERINE WARREN MARTIN, SBN 307403
  KWarren@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel.: 415.393.8200
Fax: 415.393.8306

LAUREN M. BLAS, SBN 296823
  LBlas@gibsondunn.com
JILLIAN N. LONDON, SBN 319924
  JLondon@gibsondunn.com
COURTNEY M. JOHNSON, SBN 324331
  CJohnson2@gibsondunn.com
LENORE H. ACKERMAN, SBN 324995
  LAckerman@gibsondunn.com
MACKENZIE A. MCCULLOUGH, SBN 324343
  MMcCullough@gibsondunn.com
333 South Grand Avenue, Suite 4600
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fax: 213.229.7520

Attorneys for Plaintiff Deon Jones

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, LOS ANGELES POLICE DEPARTMENT, a municipal entity, DOE 1, and DOES 2-10 inclusive,<br><br>Defendants. | **CASE NO. 2:20-cv-11147-SVW-SK**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF APPLICATION FOR LEAVE TO PROVISIONALLY FILE DOCUMENTS UNDER SEAL**<br><br>Judge: Stephen V. Wilson<br>Date: December 13, 2021<br>Time: 1:30 pm<br><br>Complaint Filed: December 9, 2020<br>Trial Date: March 8, 2022 |

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................... 1

ARGUMENT ........................................................................................................... 3

    I.    It Is Undisputed That The Motion To Amend The Complaint, The Proposed FAC, And Exhibits 2, 3, 7, And 16 Should Be Unsealed .......... 3

    II.   Defendants Offer No Legitimate Basis To Seal The FID Report (Exhibit 4) Or Transcript Of The Deposition Of Its Lead Investigator (Exhibit 13) ................................................................................ 3

    III.  Defendants' Request To Strike Exhibits 4 And 13 Should Be Denied ..................................................................................................... 6

CONCLUSION ........................................................................................................ 8

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Davis v. Schneider*,
   2020 WL 9074713 (C.D. Cal. Dec. 18, 2020) ............................................................ 4

*Dean v. Colgate-Palmolive Co.*,
   2017 WL 11585683 (C.D. Cal. May 15, 2017) .......................................................... 5

*Kelly v. City of San Jose*,
   114 F.R.D. 653 (N.D. Cal. 1987) ........................................................................... 3, 4

*Peck v. United States*,
   514 F. Supp. 210 (S.D.N.Y. 1981) ............................................................................ 4

*Cochoit v. Schiff Nutrition Int'l, Inc.*,
   2018 WL 1895695 (C.D. Cal. Apr. 19, 2018) ........................................................... 5

**RULES**

L.R. 79-5.2.2 ....................................................................................................................... 7

# INTRODUCTION

Plaintiff Deon Jones moved to provisionally seal his motion for leave to amend, his proposed First Amended Complaint, and several exhibits attached to his motion. He did so only because Defendants over-designated these documents (and many others) as confidential. Mr. Jones also met and conferred with Defendants on his provisional sealing application. He even shared his proposed redactions with Defendants for their comment. And although Defendants agreed that certain proposed redactions were unnecessary, they did not say any other documents they had designated "confidential" could be publicly filed.

Now, with their feet put to the fire, Defendants have backed down entirely from their untenable prior positions. Despite their pre-motion posturing, Defendants now seek to seal only *two* of the exhibits that Mr. Jones included in his sealing Application, Dkt. 67. Defendants do not even attempt to defend the redactions they forced Mr. Jones to make to his motion for leave to amend the Complaint ("Motion") or to his proposed First Amended Complaint ("FAC"). Accordingly, pursuant to Local Rule 79-5, this Court should direct the unsealing of: (a) Mr. Jones' Motion; (b) his Proposed FAC, attached as Exhibit 1 to the Motion; and (c) Exhibits 2, 3, 7, and 16 to the Motion. The parties agree these documents should be made public.

Instead of defending their pre-filing positions, Defendants improperly ask this Court to strike, or else seal, only Exhibits 4 and 13 to the Motion. Exhibit 4 is perhaps the most important document in the case: the Force Investigation Division ("FID") Report that provides the basis for Mr. Jones' proposed FAC. And Exhibit 13 is the transcript of the deposition of the FID's lead investigator. Defendants' position is legally unsupportable. Defendants certainly have good reason to want to keep these documents secret from the public. The FID Report and the deposition transcript reveal Defendants' shameful coverup in this case. The FID Report also identifies the police officer who shot Mr. Jones in the face while he was peacefully protesting. The public interest in viewing these documents is strong and must prevail.

Gibson, Dunn & Crutcher LLP

This Court should reject Defendants' baseless request to strike and, in the alternative, to seal for three reasons.  *First*, Defendants identify no legitimate basis for sealing the FID Report and the deposition transcript attached as Exhibits 4 and 13 to the Motion for Leave to Amend.  Their sole proffered basis, the "official information" privilege, does not even apply in this context.  It allows a party to withhold a document from ***discovery***, and when that document has been produced—as is the case here—the privilege is ***waived***.  And even if the privilege theoretically could support sealing (it could not), Defendants have not identified the required particularized basis to assert it here.

*Second*, contrary to Defendants' assertions, Mr. Jones complied with his meet-and-confer obligations.  He met and conferred with Defendants on redactions, including informing Defendants that he would be filing the entire FID Report under seal and providing his proposed FAC before it was filed to show what redactions he was proposing.  *See* Ex. 1 at 1.[1]  In response, Defendants agreed Mr. Jones could unredact to an extent, but they did not say that the FID Report could be filed other than entirely under seal.  *See id.*  Mr. Jones thus filed the FID Report and all exhibits to his Motion that contain information Defendants have designated "Confidential" under the Protective Order provisionally under seal as required.  Defendants, however, failed to submit a declaration pursuant to Local Rule 79-5.2.2(b)(i) within four days of the Application's filing in order to justify the sealing of any them.  Exhibits 4 and 13 should therefore be made public.

*Third*, the FID Report (Exhibit 4) and lead investigator's deposition transcript (Exhibit 13)—a deposition this Court ordered be taken, Dkt. 54—are far from being the kind of documents that should be stricken from the record.  They are critical to Mr. Jones' Motion and his proposed FAC.  They substantiate his new allegations.  And they show that Mr. Jones' Motion was filed in good faith and with reasonable

---

[1]  All references to Ex. __ refer to exhibits attached to the Declaration of Katherine Marquart filed in support of this motion.

2

diligence. Defendants' claim that Mr. Jones is trying to circumvent the Protective Order in filing these documents is categorically wrong. As noted, Mr. Jones complied with the Protective Order in his filing of these documents provisionally under seal. But the burden then shifted to Defendants to substantiate their desire to hide these documents from public view. They have failed to carry that burden. The mere fact that Defendants designated them "Confidential" under the Protective Order does not vitiate the public's First Amendment right of access.

Mr. Jones requests that the Court (i) unseal his Motion and all exhibits thereto; and (ii) deny Defendants' request to strike Exhibits 4 and 13.

## ARGUMENT

### I. It Is Undisputed That The Motion To Amend The Complaint, The Proposed FAC, And Exhibits 2, 3, 7, And 16 Should Be Unsealed

Defendants make no effort to defend their prior demand that Mr. Jones redact his Motion and proposed FAC. Nor do they defend the proposed redactions to Exhibits 2, 3, 7, and 16. Consequently, the parties agree that the Motion, the proposed FAC (Dkt. 68-1), and Exhibits 2, 3, 7, and 16 should not be sealed. *See* Dkt. 73 at 3 ("Defendants do not request that this court file Exhibits 2, 3, 7, or 16 under seal."). This Court should therefore unseal all of these documents pursuant to Local Rule 79-5.2.2.

### II. Defendants Offer No Legitimate Basis To Seal The FID Report (Exhibit 4) Or Transcript Of The Deposition Of Its Lead Investigator (Exhibit 13)

Defendants do not provide a valid justification to keep sealed the FID Report or the transcript of the deposition of its lead investigator (Exhibits 4 and 13). Instead, Defendants proffer an unavailing "official information" privilege argument. But the case law is clear on this point, including the cases cited by Defendants: The privilege applies *only* to protection from disclosure to *an opposing party* during *discovery*, not protection from the public via sealing. In Defendants' own words, the official information privilege applies "[i]n discovery." Dkt. 73 at 8 (citing *Kelly v. City of San*

*Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987)).  In any event, "[i]n civil rights cases such as this, the balancing test is moderately pre-weighted in favor of disclosure." *Davis v. Schneider*, 2020 WL 9074713, at *6 (C.D. Cal. Dec. 18, 2020) (citation and internal quotation marks omitted).  Moreover, because Defendants produced the FID Report to Mr. Jones, and the deposition transcript was never in their sole "possession," the official information privilege is waived here.  *See, e.g.*, *Peck v. United States*, 514 F. Supp. 210, 212 (S.D.N.Y. 1981) ("Voluntary disclosure of a significant part of the privileged communications may waive the [official information] privilege.").

      Even if the official information privilege extended past discovery disputes (it does not) and Defendants had not waived the privilege (they have), Defendants provide no legitimate official information privilege argument in any event—let alone with the requisite particularity.  *See Davis*, 2020 WL 9074713, at *7 ("General assertions that governmental interests would be harmed by disclosure are insufficient. . . . The party resisting discovery must specifically describe how disclosure of the requested documents in that particular case . . . would be harmful." (citations and internal quotation marks omitted)).  Defendants offer only speculation that public access to the FID Report will lead to some sort of ill-defined vigilantism.  *See* Dkt. 73 at 9 (asserting that "these are dangerous times for any local resident who wears a law enforcement badge" and that the information in the FID Report "could be exploited" by "this City's increasingly violent criminal element").  There is no basis to these specious claims, and Defendants make no attempt to explain why these are "dangerous times" or what they mean by "this City's increasingly violent criminal element."  Nor do these conclusory assertions provide any justification to abrogate the public's First Amendment right of access to these critical documents.

      Unable to make a substantive legal argument in favor of sealing, Defendants turn to procedural technicalities.  But they are wrong here too.  Defendants falsely claim that Mr. Jones failed to meet and confer before filing anything provisionally under seal.  *See* Dkt. 73 at 2–3.  But Mr. Jones complied with his meet-and-confer

requirements, as set forth in the Local Rules. *See* Dkt. 68 ¶ 4; Ex. 1 at 1–2.

Specifically, Local Rule 79-5.2.2(b) provides that a party may file under seal, either completely or with redactions, documents designated confidential pursuant to a protective order if the party first meets and confers with the party that made the designation. Mr. Jones did just that. On November 9, 2021, Mr. Jones provided Defendants with work product containing his proposed redactions to the proposed FAC. *See* Ex. 1 at 1–2. Mr. Jones also told Defendants that he would "**attach the FID Report[] under seal**" and, "[i]n the public version . . . **redact the entirety of the FID Report** and redact the amended complaint in part." *Id.* at 2 (emphases added). Mr. Jones also noted that he would "make appropriate corresponding redactions in the motion" and, again, attach the entire FID Report.[2] *Id.* Finally, "[p]ursuant to Local Rule 79-5.2.2(b)," Mr. Jones requested that Defendants advise by November 12, 2021, whether Defendants felt that any redactions were unnecessary or that more were required. *Id.* Defendants responded only: "I don't believe its [sic] necessary to redact the officers [sic] name. However, any direct information and quotes from the FID [Report] should be redacted." *Id.* at 1.

Accordingly, Mr. Jones communicated to Defendants—well in advance of filing the Motion, Application, and related materials—his intent to file certain documents under seal and make corresponding redactions to the publicly filed versions. *See* Ex. 1 at 1–2; *see also Cochoit v. Schiff Nutrition Int'l, Inc.*, 2018 WL 1895695, at *2 (C.D. Cal. Apr. 19, 2018); *Dean v. Colgate-Palmolive Co.*, 2017 WL 11585683, at *2 (C.D. Cal. May 15, 2017). Defendants' false claim that "Plaintiff merely stated his intent to file the entire FID [Report] in support of the Motion for Leave to Amend, ***which was challenged by Defense counsel***," Dkt. 73 at 2 (emphasis added), is belied by the

---

[2] During the meet-and-confer, Mr. Jones did not mention that he would file the deposition transcript under seal. However, the parties previously discussed the deposition transcript, and in those discussions, Defendants stated that they believe it is entirely confidential. *See* Ex. 2. Mr. Jones thus included it in his sealing Application.

5

parties' correspondence. Defendants told Mr. Jones he did not need to make certain redactions and did ***not say anything*** about his intention to file the FID Report under seal.

### III. Defendants' Request To Strike Exhibits 4 And 13 Should Be Denied

Defendants next ask the Court to strike the FID Report and the deposition transcript of the FID's lead investigator. Their request is spurious and should be denied.

Defendants first claim that the majority of Exhibits 4 (the FID Report) and 13 (Detective Brad Michel's deposition transcript) are entirely irrelevant to Mr. Jones' Motion. Not so. Exhibits 4 and 13, in their entirety, are critical to Mr. Jones' Motion and proposed FAC. The FID Report shows Defendants' (deficient) investigation into Mr. Jones' shooting and further is essential to understanding Mr. Jones' efforts to identify LAPD Officer Peter Bueno as the Doe 1 in the original Complaint. *See* Dkt. 68-1 at 9–11. For similar reasons, the FID Report is also essential in proving Mr. Jones' good faith basis for filing his proposed FAC on November 12, 2021. Until Mr. Jones had the FID Report in hand after Defendants produced it on October 15, 2021, Mr. Jones could not name Officer Bueno as Doe 1 with complete confidence. *See* Dkt. 68-1 at 14–15.

Likewise, the deposition transcript, also in its entirety, is relevant to Mr. Jones' Motion in demonstrating Defendants' efforts to obfuscate Officer Bueno's identity as the shooter, which resulted in substantial delay to Mr. Jones' attempt to amend his Complaint and hold Officer Bueno responsible for his actions. The Court should have the opportunity to consider the complete Exhibit 4 and the complete Exhibit 13. This is particularly true where the parties vehemently dispute what the FID Report shows. *See* Dkt. 72 at 15 (Defendants claiming "the final FID report . . . does not reach the conclusions advocated for by Plaintiff").

Defendants also wrongly claim that Mr. Jones filed Exhibits 4 and 13 "solely in an effort to circumvent the procedures set for [sic] by Magistrate Kim's protective

Gibson, Dunn & Crutcher LLP

order." Dkt. 73 at 2 n.1.  To the contrary, Mr. Jones *complied* with the Protective Order:  He filed Exhibits 4 and 13 provisionally under seal as he was required to do.  That the First Amendment may not permit such sealing is not a collateral attack on Defendants' confidentiality designations.

The Local Rules expressly contemplate Mr. Jones' course of action, as Defendants themselves concede.  Dkt. 73 at 6.  *First*, Mr. Jones needed to meet and confer with Defendants at least three days before filing his Motion.  L.R. 79-5.2.2(b).  He did that.  *See supra* at § II.  *Second*, if the document designated confidential "cannot be suitably redacted by agreement," the filing party "must file an Application for Leave to File Under Seal."  L.R. 79-5.2.2(b).  Here, the parties did not reach agreement.  Dkt. 68 ¶ 4.  Mr. Jones thus filed the Application.  *See* Dkt. 67.  *Third* and finally, "[w]ithin 4 days of the filing of the Application," the party designating material as confidential (*i.e.*, Defendants) must submit a declaration "establishing that all or part of the designated material is sealable" by showing either (i) good cause or (ii) "compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard."  L.R. 79-5.2.2(b)(i).  Defendants did not file the required declaration within four days of Mr. Jones' application and still have not done so.  Under the Local Rules, this is grounds for unsealing the documents.  L.R. 79-5.2.2(b)(i) ("Failure to file a declaration or other required document may be deemed sufficient grounds for denying the Application.").[3]

In sum, there is no basis to deprive the Court or the public from seeing the FID Report or the deposition transcript of the FID investigator.  The Court should consider the entirety of Exhibits 4 and 13.[4]

---

[3] Defendants submit a cursory, pre-existing declaration—drafted on June 24, 2021, months before the present dispute—arguing the FID Report is subject to the official information privilege.  *See* Dkt. 72-1.  But as already demonstrated, that privilege does not support sealing—it only allows for withholding documents and information in discovery.

[4] If the Court believes that less than the entirety of the FID Report or the deposition

**CONCLUSION**

For the reasons set forth above, Plaintiff Deon Jones respectfully requests that the Court unseal his motion to amend the Complaint, Dkt. 68-1, his proposed FAC, and Exhibits 2–4, 7, 13, and 16 thereto, Dkt. 68-2 to 68-8.

Dated: November 29, 2021         GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Katherine Marquart*

Katherine Marquart

Attorney for Plaintiff

---

transcript of the FID investigator should be submitted, the parties should be ordered to meet and confer, as Defendants request.

8