| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>ORIN SNYDER (*pro hac vice*)<br>   OSnyder@gibsondunn.com<br>KATHERINE MARQUART, SBN 248043<br>   KMarquart@gibsondunn.com<br>KARIN PORTLOCK (*pro hac vice*)<br>   KPortlock@gibsondunn.com<br>LEE R. CRAIN (*pro hac vice*)<br>   LCrain@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Tel.: 212.351.4000<br>Fax: 212.351.4035<br><br>MATTHEW S. KAHN, SBN 261679<br>   MKahn@gibsondunn.com<br>KATHERINE WARREN MARTIN, SBN 307403<br>   KWarren@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Tel.: 415.393.8200<br>Fax: 415.393.8306 | LAUREN M. BLAS, SBN 296823<br>   LBlas@gibsondunn.com<br>JILLIAN N. LONDON, SBN 319924<br>   JLondon@gibsondunn.com<br>COURTNEY M. JOHNSON, SBN 324331<br>   CJohnson2@gibsondunn.com<br>LENORE H. ACKERMAN, SBN 324995<br>   LAckerman@gibsondunn.com<br>MACKENZIE A. MCCULLOUGH, SBN 324343<br>   MMcCullough@gibsondunn.com<br>333 South Grand Avenue, Suite 4600<br>Los Angeles, CA 90071-3197<br>Tel.: 213.229.7000<br>Fax: 213.229.7520 |

Attorneys for Plaintiff Deon Jones

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES, an individual,<br><br>              Plaintiff,<br><br>   v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, LOS ANGELES POLICE DEPARTMENT, a municipal entity, DOE 1, and DOES 2-10 inclusive,<br><br>              Defendants. | **CASE NO. 2:20-cv-11147-SVW-SK**<br><br>**PLAINTIFF DEON JONES' REPLY IN FURTHER SUPPORT OF HIS MOTION TO AMEND THE COMPLAINT**<br><br>Judge:   Stephen V. Wilson<br>Date:    December 13, 2021<br>Time:   1:30 pm<br><br>Complaint Filed:   December 9, 2020<br>Trial Date:          March 8, 2022 |

**CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii
INTRODUCTION ............................................................................................... 1
ARGUMENT ....................................................................................................... 3
I.    Mr. Jones Did Not Delay In Seeking To Amend His Proposed FAC .................. 3
II.    The Proposed FAC Will Not Cause Any Undue Prejudice ................................ 8
    A.    Defendants Misstate The Law Regarding Adding New Parties ................ 8
    B.    Defendants Concede The Proposed FAC Will Not Prejudice Them, And Officer Bueno Will Not Be Unduly Prejudiced ................................. 9
    C.    Defendants Completely Ignore The Prejudice And Practical Absurdities That Would Result If Leave To Amend Were Denied ......... 11
III.    Mr. Jones' Proposed FAC Is Not Futile ............................................................. 11
CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**

*Becherer v. Merill Lynch, Pierce, Fenner & Smith, Inc.*,
   43 F.3d 1054 (6th Cir. 1995) .......................................................................... 7

*Burns v. AAF-McQuay, Inc.*,
   980 F. Supp. 175 (W.D. Va. 1997) ............................................................... 11

*Campbell v. Emory Clinic*,
   166 F.3d 1157 (11th Cir. 1999) ...................................................................... 7

*Carrillo v. Schneider Logistics, Inc.*,
   2013 WL 140214 (C.D. Cal. Jan. 7, 2013) ................................................... 11

*Coleman v. Quaker Oats, Co.*,
   232 F.3d 1271 (9th Cir. 2000) ........................................................................ 7

*Crime, Justice & Am., Inc. v. Jones*,
   2013 WL 142084 (E.D. Cal. Jan. 11, 2013) ................................................... 3

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ................................................................. 7, 8, 9

*De Stefan v. Frito Lay, Inc.*,
   2010 WL 11515253 (C.D. Cal. Sept. 28, 2010) ........................................... 11

*Dixon v. Magna-RX, Inc.*,
   2016 WL 1397584 (C.D. Cal. Mar. 31, 2016) ...................................... 3, 4, 7

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ........................................................................ 7

*Ewert v. eBay, Inc.*,
   602 F. App'x 357 (9th Cir. 2015) ................................................................. 11

*In re Fritz Co. Sec. Litig.*,
   282 F. Supp. 2d 1105 (N.D. Cal. 2003) ...................................................... 7, 9

*Galicia v. Country Coach, Inc.*,
   324 F. App'x 687 (9th Cir. 2009) ................................................................... 7

*Garcia v. Valdez*,
   2021 WL 3918134 (C.D. Cal. Aug. 12, 2021) ............................................. 12

Gibson, Dunn &
Crutcher LLP

*IXYS Corp. v. Advanced Power Tech., Inc.*,
  2004 WL 135861 (N.D. Cal. 2004) ................................................................... 7, 10

*Jackson v. Bank of Hawaii*,
  902 F.2d 1385 (9th Cir. 1990) ............................................................................. 7

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ............................................................................... 7

*U.S. ex rel. Knapp v. Calibre Sys., Inc.*,
  2012 WL 1577420 (C.D. Cal. May 4, 2012) ...................................................... 10

*Korn v. Royal Caribbean Cruise Line, Inc.*,
  724 F.2d 1397 (9th Cir. 1984) ............................................................................. 9

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
  194 F.3d 980 (9th Cir. 1999) ........................................................................... 7, 9

*Mendoza v. Cty. of San Bernardino*,
  2021 WL 3207951 (C.D. Cal. June 4, 2021) ....................................................... 3

*Mengistu v. City of L.A.*,
  2010 WL 11527014 (C.D. Cal. Aug. 2, 2010) ..................................................... 8

*Mixt Greens v. Sprout Café*,
  2010 WL 2794388 (N.D. Cal. July 15, 2010) .................................................... 10

*Molina v. Rite Aid*,
  2019 WL 121194 (C.D. Cal. Jan. 7, 2019) .......................................................... 8

*Pernell El v. Wells Fargo Bank*,
  2021 WL 4126915 (C.D. Cal. Sept. 3, 2021) ..................................................... 12

*Solomon v. N. Am. Life & Cas. Ins. Co.*,
  151 F.3d 1132 (9th Cir. 1998) ............................................................................. 7

*Starlight Cinemas v. Regal Entm't Grop.*,
  2015 WL 12748633 (C.D. Cal. Feb. 4, 2015) ............................................... 11, 12

*Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*,
  520 F. Supp. 2d 1184 (C.D. Cal. 2007) ........................................................... 7, 9

*The Hiram Grp., Inc. v. Mealmakers Franchising, LLC*,
  2008 WL 11343331 (C.D. Cal. Feb. 14, 2008) .................................................. 10

Gibson, Dunn & Crutcher LLP

*Townsend Farms v. Goknur Gida*,
　2016 WL 10570248 (C.D. Cal. Aug. 17, 2016) ...................................................... 12

*Union Pac. R.R. Co. v. Nevada Power Co.*,
　950 F.2d 1429 (9th Cir. 1991) ............................................................................. 7, 8

*William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*,
　668 F.2d 1014 (9th Cir. 1981) ............................................................................. 7, 9

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
　401 U.S. 321 (1971)................................................................................................. 7

**RULES**

Fed. R. Civ. P. 8 ...............................................................................................3, 11, 12

Fed. R. Civ. P. 12 .............................................................................................3, 11, 12

Fed. R. Civ. P. 15 ........................................................................................................ 8

Gibson, Dunn & Crutcher LLP

# INTRODUCTION

At the beginning of this civil rights action, Plaintiff Deon Jones made crystal clear his intent to sue the LAPD officer who shot him in the face. Lacking knowledge of who that officer was, Mr. Jones sued "John Doe 1" as a placeholder. Mr. Jones then acted with the utmost diligence to try to identify the officer, with the help of several Orders from this Court. Dkts. 45, 54.

In flagrant disregard of those Orders, Defendants did everything they could to impede Mr. Jones' efforts. They refused to timely produce many critical categories of videos and documents. They baselessly withheld for months key evidence that would have (and has finally) confirmed the identity of the shooter. They insisted there was "no rush" to engage in discovery. They unilaterally called a halt to discovery for a month and a half while they changed counsel. They refused to participate in an IDC despite promising to do so. And although Mr. Jones suspected he had identified LAPD Officer Peter Bueno as the shooter, Defendants and Officer Bueno himself steadfastly denied it.

On October 15, 2021, Defendants produced a smoking-gun document: the Force Investigation Division ("FID") Report regarding the FID's investigation of Mr. Jones' shooting. Proposed FAC ¶ 66. In a series of damning party admissions, the FID Report conclusively confirmed that Officer Bueno was the shooter. The FID Report finally gave Mr. Jones the basis necessary to name Officer Bueno as the John Doe. He swiftly did just that.

The FID Report was dated June 2021. Now, after wrongfully withholding this key piece of evidence for nearly four months, Defendants have the audacity to oppose Mr. Jones' amendment. They do so while simultaneously asking this Court to bifurcate the upcoming trial in this action. Dkt. 66. In their bifurcation motion, they specifically ask this Court to order the parties to try Officer Bueno's misconduct. Yet at the same time, they demand that this Court refuse to allow Mr. Jones to name Officer Bueno as a defendant in this case. Bifurcation is impossible if Officer Bueno

is not added as a defendant.  Defendants *never* explain how the Court can possibly allow the parties to put Officer Bueno on trial *in absentia*.  Their conspicuous silence on this question speaks volumes.

Defendants' arguments against amendment all fail in any event.  *First*, they are simply wrong that Mr. Jones delayed the filing of his Proposed FAC.  Defendants falsely claim Mr. Jones had all of the evidence necessary to identify Officer Bueno by June 23, 2021.  It is true that the FID Report was completed by June, so **Defendants** had all the evidence necessary to confirm the identity of the shooter by June 23, 2021.  But because Defendants withheld production of the FID Report for nearly four months, **Mr. Jones** did not have the same information.  Defendants lied to Mr. Jones and this Court throughout the summer about the report's availability.  ***Their opposition brief does not deny their dishonesty***.  Defendants also are completely silent on why it took them nearly four months to produce this case-changing document.

On October 15, 2021, the FID Report revealed, for the first time to Mr. Jones, that Officer Bueno was the ***only officer*** who discharged a less-lethal launcher at the exact time and place where Mr. Jones was standing when he was shot.  Proposed FAC ¶ 70.[1]  After reading this crucial admission, Mr. Jones acted with alacrity, preparing his Proposed FAC immediately and asking Defendants to consent to its filing only 12 days after receiving the FID Report.  Defendants refused, and Mr. Jones then filed the motion to amend only 14 days later, after meeting and conferring as the Local Rules require.

If Defendants wanted Mr. Jones to amend the Complaint earlier, they should have produced the FID Report months ago.  Mr. Jones acted diligently.

*Second*, the Proposed FAC poses no undue prejudice to Defendants or Officer Bueno.  Defendants and Officer Bueno have known since June 2021 that Officer Bueno was likely to be named as a defendant.  Unlike Mr. Jones, they had the FID

---

[1] Both parties now agree that the Proposed FAC and Mr. Jones' opening brief in support of his motion to amend should not be sealed.  Dkt. 67 at 2; Dkt. 73 at 3.

Report. Defendants do not articulate *any* alleged prejudice as to them. And in arguing that Officer Bueno needs time to conduct discovery, Defendants conveniently ignore that discovery remains open in this case and will remain so until March 2022. That is plenty of time for Officer Bueno to take any discovery he may need. And any such discovery would be limited in any event. The Proposed FAC adds no new claims or legal theories. Defendants have already obtained discovery from Mr. Jones, including deposing him. All of this discovery can be provided to Officer Bueno immediately.

*Third*, the Proposed FAC is not futile under Rule 12, which is the operative standard. Defendants do not claim otherwise. Instead, unsupported by any authority, they claim only that the Proposed FAC violates Rule 8. But Rule 8 does not limit what can be alleged. Defendants have no basis to claim that amendment would be futile.

In sum, Defendants have acted to delay and derail this case at every turn. Their refusal to consent to Mr. Jones' amendment—the sensible next step in this John Doe action—is only the latest example of their intransigence and what increasingly appears to be an outright attempt to suppress the truth in this case. The Court should reject Defendants' baseless arguments and grant Mr. Jones' motion for leave to amend.

## ARGUMENT

### I. Mr. Jones Did Not Delay In Seeking To Amend His Proposed FAC

Mr. Jones moved for leave to amend as quickly as he could. The only reason he did not do so sooner is Defendants' own discovery misconduct. Courts have repeatedly granted leave to amend where, as here, a claimed delay in amending is the defendants' own fault. *See, e.g.*, *Mendoza v. Cty. of San Bernardino*, 2021 WL 3207951, at *4 (C.D. Cal. June 4, 2021) (adding defendants in fourth complaint where defendant was "not without fault" by failing to identify Does earlier); *Crime, Justice & Am., Inc. v. Jones*, 2013 WL 142084, at *1 (E.D. Cal. Jan. 11, 2013) (late amendment "largely due to Defendant's own delay in disclosing the bases for Plaintiffs' proposed claims"). "To deny Plaintiff leave to amend based on Defendant's conduct would incentivize parties to withhold information in order to create prejudice." *Dixon v.*

*Magna-RX, Inc.*, 2016 WL 1397584, at *5 (C.D. Cal. Mar. 31, 2016).[2]

Defendants claim Mr. Jones could have amended earlier for three reasons: (1) he supposedly did not need the FID Report because it "confirms nothing of importance," Dkt. 72 at 9, 15; (2) the body-worn videos ("BWV") Defendants produced supposedly gave Mr. Jones everything he needed, *id.* at 14–15; and (3) if Mr. Jones needed more, he should have gone to the Magistrate Judge, *id.* at 13–14. These arguments are all completely meritless and factually wrong.[3]

*First*, the FID Report is the definition of a case-changing document. Throughout this case, Defendants and Officer Bueno himself repeatedly denied he was the shooter. Dkt. 53 at 7; Dkt. 56 at 10. But the FID Report shows otherwise. It states that Officer Bueno was the ***only officer*** at the scene to discharge a less lethal munition during the relevant time period. Proposed FAC ¶ 70. It also confirms the locations of both Officer Bueno and Mr. Jones at the moment Mr. Jones was shot. In the end, the FID's shocking admissions finally provided Mr. Jones with the good-faith basis to name Officer Bueno as a defendant.[4]

Defendants also are wrong in contending that Mr. Jones had "been provided with all of the evidence that the FID report is based on well before" October 15, 2021. Dkt. 72 at 14. Until the FID Report was produced, Defendants had withheld critical evidence it contained from Mr. Jones, including for example evidence on pages Jones FID 000016, 000020–33, 000055–62, 000097–100, 000120–22, 000155–61, and

---

[2] Mr. Jones also was forthright about his plans. He told Defendants and the Court that he would amend once he had confidently identified the shooter. Dkt. 59 at 2. Defendants did not claim Mr. Jones was in a position to amend sooner than he did.

[3] Defendants also falsely state several times that Mr. Jones only seeks to amend now because of the Court's October 26, 2021 trial-setting Order. *See, e.g.*, Dkt. 72 at 12, 15. But as the unrefuted evidence shows, Mr. Jones already had started preparing his Proposed FAC ***before*** that Order issued, after receiving the FID Report that Defendants untimely produced 11 days beforehand. Dkt. 69 at 11.

[4] The only thing the FID Report does not admit is that the rubber bullet Officer Bueno shot at the exact time and place that Mr. Jones was injured actually struck Mr. Jones. Proposed FAC ¶ 72. But Mr. Jones alleges this fact on his own personal knowledge and will prove it at trial.

000238–41.  Dkt. 68-5.  Mr. Jones also did not know, until the FID Report was produced, about Defendants' cancellation of the FID investigation, which revealed the entire investigation was a sham cover-up designed to hide the truth.  Dkt. 68-1 at 10.  And of course, Mr. Jones did not know the FID Report was dated June 22, 2021, and that Defendants had been lying to him and this Court about it for months.  Dkt. 68-1 at 2.

The bottom line is the FID Report changed everything about this case.  But Defendants know this already.  Why else did they hide it for nearly four months?  Why else did they change counsel just before Mr. Jones could convene an IDC with the Magistrate Judge about its whereabouts?  Why else did they repeatedly lie about it?  Why do they continue to inappropriately attempt to hide it from this Court and the public's scrutiny by asking that it be stricken from the record?  The opposition brief's studious silence on all of these questions is deafening.

*Second*, Defendants erect a strawman argument—that Mr. Jones supposedly claims he could not amend earlier because he did not have enough BWV—and then proceed to tear it down.  *See, e.g.*, Dkt. 72 at 12.  But Mr. Jones has **never** made that argument.  While the BWV was helpful in developing Mr. Jones' suspicions regarding Officer Bueno, it was not enough **on its own** to enable Mr. Jones to take the drastic step of publicly accusing a specific police officer of shooting him in the face.  This is in contrast to the FID Report, which admits that only Officer Bueno could be the shooter.  Proposed FAC ¶ 70.

Defendants further ignore that their conduct made it impossible for Mr. Jones to make full use of the BWV in any event.  They produced altered, low-quality video files and refused to produce originals.  Second Marquart Decl. ¶ 2.  They likewise refused to produce audit trails for any of the video files.  *Id.*, Ex. 19 at 2, Ex. 20 at 4, Ex. 21 at 2.  They provided the audit trails of **three** videos only on November 17, 2021, **after** Mr. Jones filed this motion.  *Id.*, Ex. 23.  Defendants do not address these deficiencies in their brief, instead constructing yet another strawman argument—that Mr. Jones

1  supposedly claims no BWV video had ever been produced. *See* Dkt. 72 at 9. Mr.
2  Jones has never made this (ridiculous) claim. Mr. Jones actually pointed out,
3  accurately, that Defendants had not produced any ***original*** videos and audit trails by
4  November 12, 2021. Dkt. 69 at 14–15.[5]

5  *Third*, Defendants cannot credibly claim Mr. Jones was not sufficiently diligent
6  because he "brought no discovery motions before the magistrate." Dkt. 72 at 14. To
7  the contrary, as the motion explained and Defendants ignore, Mr. Jones specifically
8  asked Defendants to participate in an IDC with the Magistrate Judge regarding the FID
9  Report and other issues. Defendants ***first agreed*** but then ***reneged*** when new counsel
10 entered the case—a bait and switch that stymied and delayed discovery even further.
11 *See, e.g.*, Dkt. 69-9 at 1; Second Marquart Decl., Ex. 18 at 1; Dkt. 69-10 (Defendants,
12 after agreeing to IDC, stating that "the scheduling of . . . telephonic conferences
13 (including any with Magistrate Judge Kim) will need to be addressed with the [new]
14 firm"). New counsel then pledged to and ultimately did (at a languid pace) finally
15 produce the FID Report—four months late, and with no explanation for why
16 Defendants had lied to Mr. Jones and the Court about it. *See* Dkt. 69-15. ***Defendants'***
17 ***opposition does not deny any of this***, nor can it. The procedural history of this case
18 thus confirms that Defendants were actually working to ***prevent*** Mr. Jones from teeing
19 up discovery disputes for judicial resolution.

20 Defendants also do not respond to any of the cases Mr. Jones cited that show he
21 acted with diligence. For example, Defendants ignore *Truijillo v. Ametek, Inc.*, where
22 the court allowed the addition of a new defendant over the objection that the plaintiffs
23 should have amended over a year prior, because plaintiffs required additional

---

[5] Defendants likewise falsely claim that "Plaintiff's contentions as to the insufficiency of the prior video production were not forthcoming until October 21, 2021," Dkt. 72 at 10, when in fact Mr. Jones repeatedly requested the audit trails starting as early as May 2021. Second Marquart Decl., Ex. 17 at 12. Defendants' contention that a recent meeting between the parties' technical experts "conclusively debunked" Mr. Jones's concerns with the BWV files is also false. *See* Dkt. 72 at 10. Mr. Jones' expert was only able to confirm the authenticity of three videos, leaving the remaining ***249*** disputed. Second Marquart Decl. ¶ 3.

discovery to establish new defendant's direct liability.  2017 WL 2670748, at *2–3 (S.D. Cal. June 21, 2017).  Likewise, Defendants did not address *Dixon*, which held delay in amending was warranted by the need to conduct further investigation in order to "establish a good faith basis" to add new defendants.  2016 WL 1397584, at *4.

Defendants' own cited cases are unavailing.  Many actually permitted amendment despite months or even years of delay.[6]  And even if everything Defendants say were correct and Mr. Jones could have amended the Complaint "as early as June 23, 2021" (which Mr. Jones disputes), Dkt. 72 at 19, a delay of ***fewer than five months*** is insufficient to support denying this motion.  In ***all*** of Defendants' cases where leave to amend was denied, the plaintiff waited far longer to seek leave.[7]  In fact, Mr. Jones has not found any case denying leave to amend based on a delay of under five months.

---

[6] *See William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1981) (permitting amendment made "on the eve of trial" because there was no "showing of prejudice"); *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (permitting amendment made over four years after filing complaint); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185, 189 (9th Cir. 1987) (permitting fourth amendment made over a year after filing complaint); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1050–53 (9th Cir. 2003) (permitting amendment made over seven months after filing complaint).

[7] *See Coleman v. Quaker Oats, Co.*, 232 F.3d 1271, 1280, 1294 (9th Cir. 2000) (delay of over a year); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (delay of seven months); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 323, 332 (1971) (delay of a year after close of evidence); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (delay of over a year after discovery cut-off); *In re Fritz Co. Sec. Litig.*, 282 F. Supp. 2d 1105, 1109–10 (N.D. Cal. 2003) (delay of over three years); *Becherer v. Merill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1068–69 (6th Cir. 1995) (delay of over a year after filing complaint); *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 135861, *1, *3 (N.D. Cal. 2004) (similar); *Galicia v. Country Coach, Inc.*, 324 F. App'x 687, 689 (9th Cir. 2009) (leave to amend not sought until after summary judgment and eight days before trial); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (leave to amend not sought until four months after stipulated deadline to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (leave to amend not sought until four months after joinder cut-off date); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138–39 (9th Cir. 1998) (leave to amend not sought until two weeks before discovery deadline); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp. 2d 1184, 1199 (C.D. Cal. 2007) (leave to amend not sought until one month after discovery cut-off and two months before trial date).

## II. The Proposed FAC Will Not Cause Any Undue Prejudice

### A. Defendants Misstate The Law Regarding Adding New Parties

Defendants are wrong that courts are less willing to grant leave to amend under Rule 15(a) to add new parties as opposed to new claims. *See* Dkt. No. 72 at 15–16. Courts treat amendments adding new parties **exactly the same** as amendments adding new claims. That is because "liberality in granting leave to amend is **not** dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185, 189 (9th Cir. 1987) (emphasis added). The sole and exclusive inquiry on allowing amendment is whether "justice so requires," Fed. R. Civ. P. 15(a)(2), a test to be applied "with extreme liberality," *Molina v. Rite Aid*, 2019 WL 121194, at *1 (C.D. Cal. Jan. 7, 2019) (Wilson, J.) (quotations omitted). Applying these standards, courts regularly grant leave to amend to add new parties. *See, e.g.*, *Mengistu v. City of L.A.*, 2010 WL 11527014, at *2–3 (C.D. Cal. Aug. 2, 2010) (granting amendment to add new parties when "primary objective" was to substitute the names of six LAPD officers "for the parties previously identified as Doe defendants").

The one context where courts treat the addition of parties differently is where the statute of limitations has run against the to-be-added parties unless the "relation back" doctrine applies under Rule 15(c). That's exactly what the Ninth Circuit explained in Defendants' own cited case. *See Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (noting that, in "interpret[ing]" Rule 15(c), "[w]e differentiate between pleadings attempting to amend *claims* from those seeking to amend *parties*") (emphasis in original). Defendants' attempt to expand that statute-of-limitations rule to Rule 15(a) has no merit. Here, the limitations period for claims against Officer Bueno has not even come close to running, so Rule 15(c) is irrelevant. Even if the initial Complaint and/or the discovery rule did not toll the applicable two-year limitations period, it would not expire until May 30, 2022.

Nor are Defendants correct that adding new parties in and of itself creates

prejudice.  Dkt. 72 at 16.  Their cited cases do not support any such rule.  *In re Fritz Co. Securities Litigation*, for example, addresses a proposed third amended complaint adding new claims, **not** new parties, and the court there found any prejudice did not "weigh heavily in either direction."  282 F. Supp. 2d 1105, 1109–10 (N.D. Cal. 2003).  In *DCD Programs*, 833 F.2d at 187–88, the Ninth Circuit found **no prejudice** from the addition of a new party where discovery was still open and appellants explained their delay in amendment.  In *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999), the Ninth Circuit found prejudice where (unlike here) discovery had closed prior to the attempted amendment.  And in *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400–01 (9th Cir. 1984), the Ninth Circuit again found **no prejudice**.

### B. Defendants Concede The Proposed FAC Will Not Prejudice Them, And Officer Bueno Will Not Be Unduly Prejudiced

The motion demonstrated that Defendants will not be prejudiced by the Proposed FAC.  Dkt. 69 at 17–19.  Defendants do not dispute this.  The motion thus cannot be denied based on any claimed prejudice to Defendants.

Defendants instead argue that amendment poses undue prejudice to Officer Bueno, based once again on inapposite cases.  *See William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 688 F.2d 1014, 1053 n.68 (9th Cir. 1981) (allowing amendment when defendant "was not seriously prejudiced"); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp. 2d 1184, 1199 (C.D. Cal. 2007) (denying amendment to add *claim* rather than party, *after* close of discovery).  They are wrong again.  As the motion demonstrated, Officer Bueno will face only minimal discovery burdens as a result of amendment.  Dkt. 69 at 18.  There has already been extensive discovery in this action, including discovery taken by Defendants.  Defendants also share with Officer Bueno the exact same motivation to defend this case.  Mr. Jones is willing to send all discovery to date to Officer Bueno once he signs the protective order.  Mr. Jones also has not added any new legal theories in the Proposed FAC, so

there is no need for different avenues of fact discovery. And Mr. Jones has provided a courtesy copy of the Proposed FAC to Officer Bueno's counsel. By the time this motion will be heard, Officer Bueno already will have had the Proposed FAC available to him for four weeks. *See* Second Marquart Decl., Ex. 22.[8]

      And should Officer Bueno desire to conduct additional, cumulative fact discovery, there is ample time for him to do so. Defendants falsely insinuate that the discovery cut-off has passed in this case. They say, with their own emphasis: "[p]rejudice and undue delay are ***inherent*** in an amendment asserted ***after the close of discovery***." Dkt. 72 at 17 (quotations and citation omitted). But discovery will not close in this case for several months, as Defendants have expressly stipulated. Dkt. 70 at 3 (stipulating that "the deadlines to complete all discovery . . . shall be March 7, 2022"). And it is well-established that the burden to conduct some new discovery is insufficient to deny leave to amend, even well into the discovery process. *See Mixt Greens v. Sprout Café*, 2010 WL 2794388, at *2 (N.D. Cal. July 15, 2010); *The Hiram Grp., Inc. v. Mealmakers Franchising, LLC*, 2008 WL 11343331, at *2 (C.D. Cal. Feb. 14, 2008). The result might be different if Mr. Jones were adding new claims or legal theories, as in a case Defendants cite, but the Proposed FAC does ***not*** do so. *Compare IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 135861, at *3 (N.D. Cal. Jan. 22, 2004) (finding prejudice where "the new legal theory" in proposed amended complaint would force defendant to consult with new experts and undertake discovery on new legal questions) *with U.S. ex rel. Knapp v. Calibre Sys., Inc.*, 2012 WL 1577420, at *3 (C.D. Cal. May 4, 2012) (finding "any new discovery would still be within the same manageable scope, as Plaintiff has not asserted any new theory of recovery" and

---

[8] Defendants' invocation of a qualified immunity defense for Officer Bueno is unavailing. *See* Dkt. 72 at 18. Qualified immunity does not apply where the Ninth Circuit has already held that the constitutional violations Mr. Jones alleges were clearly established when Officer Bueno shot him in the face. *See* Dkt. 69 at 21 (collecting cases). Defendants do not dispute this, nor could they.

allowing amendment).⁹

### C. Defendants Completely Ignore The Prejudice And Practical Absurdities That Would Result If Leave To Amend Were Denied

The motion demonstrated that denying amendment would waste this Court's resources and prevent Mr. Jones from seeking redress on his claims.  Dkt. 69 at 19.  If Officer Bueno is not added, but Defendants' motion to bifurcate is granted, the first phase of trial in March 2022 would be a bizarre trial *in absentia* of Officer Bueno.  Neither party has found a single case in which a court has proceeded in this way.  Defendants' opposition ignores this issue altogether, again conceding the point.

Defendants likewise ignore that, if the motion to amend is denied, Mr. Jones can simply bring his claims against Officer Bueno in a different lawsuit.  Dkt. 69 at 19.  Courts have found amendment appropriate where the alternative was needlessly cumulative, parallel lawsuits.  *See Carrillo v. Schneider Logistics, Inc.*, 2013 WL 140214, at *5 n.4 (C.D. Cal. Jan. 7, 2013); *De Stefan v. Frito Lay, Inc.*, 2010 WL 11515253, at *2 (C.D. Cal. Sept. 28, 2010).  Given the significant overlap between the claims against Officer Bueno and Defendants, separating the claims would undermine judicial economy.  Separate cases might even be consolidated anyway.  There is no reason to force Mr. Jones to sue Officer Bueno in a new, separate action.

## III. Mr. Jones' Proposed FAC Is Not Futile

Defendants argue that Mr. Jones' Proposed FAC is futile under Rule 8.  But Defendants cite to no case analyzing futility under that rule.  For good reason: "A court may deny leave to amend due to futility . . . if the amendment would fail a motion to dismiss under **Rule 12(b)(6)**."  *Ewert v. eBay, Inc.*, 602 F. App'x 357, 359–60 (9th Cir. 2015) (emphasis added).  Even one of Defendants' own cases says this.  *See Burns v. AAF-McQuay, Inc.*, 980 F. Supp. 175, 179 (W.D. Va. 1997); *see also Starlight*

---

⁹ Alternatively, Mr. Jones has proposed a six-month continuance of the trial date, as doing so would allow discovery to be completed on his *Monell* claims and remove any need for bifurcation of the trial.  *See* Dkt. 71 at 6.

*Cinemas v. Regal Entm't Grp.*, 2015 WL 12748633, at *1 (C.D. Cal. Feb. 4, 2015).

Defendants do not attempt to show the Proposed FAC is futile under Rule 12. Nor could they. They already conceded the sufficiency of Mr. Jones' claims nearly a year ago when they chose to answer the initial Complaint rather than move to dismiss. Mr. Jones' Proposed FAC adds no new claims. Defendants cannot move to dismiss it now. *See, e.g.*, *Townsend Farms v. Goknur Gida*, 2016 WL 10570248, at *5–6 (C.D. Cal. Aug. 17, 2016). Their futility argument is therefore foreclosed.

In any case, even if "Rule 8 futility" were a basis to oppose amendment (it is not), Defendants misunderstand Rule 8. Rule 8 sets a floor, *not* a ceiling. It establishes the *minimum* requirements for an adequately pleaded complaint. Complaints that fail to satisfy Rule 8 are dismissed for a *lack* of detailed factual allegations, not for having too many. *See, e.g.*, *Pernell El v. Wells Fargo Bank,* 2021 WL 4126915, at *3 (C.D. Cal. Sept. 3, 2021) (dismissing plaintiff's first amended complaint because there was no "discernible factual basis for Plaintiff's claims"); *Garcia v. Valdez*, 2021 WL 3918134, at *4 (C.D. Cal. Aug. 12, 2021) (dismissing complaint and denying leave to amend because plaintiff's allegations were as to "unspecified" defendants and "[did] not set forth any factual allegations"). Defendants admit that is far from the case here. Instead, their argument appears to be that Mr. Jones has complied *too* well with Rule 8. But they conspicuously cite no case finding a complaint violated Rule 8 for pleading *too much*—no such case exists.

## CONCLUSION

For the reasons set forth above and in the motion, Plaintiff Deon Jones respectfully requests his motion for leave to amend be granted.

Dated: November 29, 2021          GIBSON, DUNN & CRUTCHER LLP

By: */s/ Orin Snyder*

Orin Snyder

Attorney for Plaintiff