UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11147-SVW-SK | Date | 12/16/2021 |
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [69], GRANTING DEFENDANTS' MOTION TO BIFURCATE [66], AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION TO FILE UNDER SEAL [67]

Before the Court is Plaintiff's motion for leave to amend the complaint [69] and Defendants' motion to bifurcate the Plaintiff's *Monell* claims against the City of Los Angeles, the Los Angeles Police Department ("LAPD"), and its Chief of Police, Michel Moore [66]. For the reasons below, both motions are GRANTED, however the Court will not stay *Monell* discovery at this time.

Further, the Court orders that Plaintiff's application to file documents under seal [67] is GRANTED in part as to documents [68-5] and [68-7], which shall remain sealed at this time, but DENIED in part as to documents [68-1], [68-2], [68-3], [68-4], [68-6], and [68-8], which the Court hereby orders unsealed.

I. **Background**[1]

Plaintiff Deon Jones brought this § 1983 civil rights action, alleging that an LAPD officer used excessive force against him when the officer shot him in the face with a "rubber bullet," injuring him and requiring hospitalization. When Plaintiff initially brought this suit, he did not know the identity of

---

[1] The following summary is based on Plaintiff's complaint and the moving papers of the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 12/16/2021 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

the specific officer who fired the rubber bullet. Thus, Plaintiff brought the suit against a Doe defendant, with the intent to name the individual officer once he discovered his or her identity.

Additionally, Plaintiff also asserted a theory of municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), essentially alleging that the LAPD and the city's policies and practices were too permissive regarding the use of rubber bullets and other "less-lethal" munitions, leading to his constitutional rights being violated in the incident in which he was shot with a rubber bullet.

The parties began engaging in discovery, which initially was directed towards identifying the individual officer. Because of the Defendants' recalcitrance, this Court had to intervene multiple times to ensure that they turned over relevant discovery that could help identify the officer. *See* ECF Nos. 45, 54.

Plaintiff believes that he has now identified the specific officer who fired the rubber bullet and brings this motion for leave to amend the complaint to name that officer in place of "Doe 1." Defendants oppose the motion to amend and have filed their own motion, seeking bifurcation of the *Monell* issues.

**II.     Motion for Leave to Amend**
     **a.  Legal Standard**

Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rules direct courts to "freely give leave when justice so requires." *Id*. Circuit law teaches that this policy should be "applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Progs., Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Whether to grant leave to amend under this standard "is entrusted to the sound discretion of the trial court." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Supreme Court has identified several factors a district court should consider in determining whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 12/16/2021 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. "The party opposing amendment bears the burden of showing prejudice." *DCD Progs.*, 833 F.2d at 186. Moreover, "delay, by itself, is insufficient to justify denial of leave to amend." *Id*. at 186.

b. **Application**

Plaintiff's motion seeks leave to amend so that it may name as a defendant the officer whom Plaintiff believes shot him with a rubber bullet: Officer Peter Bueno. Mot. for Leave to Amend 2, ECF No. 68-1 ("MLTA"). Defendants' opposition to Plaintiff's motion is centered on two related arguments: (1) that Plaintiff unduly delayed in seeking to amend and (2) that Officer Bueno would be prejudiced by being added as a defendant "at this late hour," with trial currently scheduled for March 8, 2022. Opp. MLTA 6, ECF No. 72. The Court finds neither argument persuasive.

First, Plaintiff can hardly be faulted for any "delay" in seeking to amend because any such delay is largely the product of when Defendants turned over relevant discovery. Defendants make much of the facts that (1) they had produced all of the footage from the body-worn cameras of officers near the scene of the incident by June; (2) Plaintiff deposed Officer Bueno in June; and (3) in an August status report, Plaintiff submitted that he "believed" he knew the identity of the individual officer. Opp. MLTA 14-15. Thus, in Defendants' view, Plaintiff could have sought leave to amend several months ago.

However, these facts are not as compelling as Defendant would suggest. For one, while the parties disagree about the value of the body-cam footage, the footage that would be most probative – that of Officer Bueno – is unavailable because his body-cam was turned off during the relevant time period. MLTA 7. Nor do Bueno's June deposition or the August status report suggest that Plaintiff unduly delayed in amending. At his deposition, Bueno denied shooting Plaintiff and denied even recognizing him. *Id*. at 15. And even if Plaintiff *suspected* Bueno fired the rubber bullet in August, it was not unreasonable to gather further facts confirming that suspicion before seeking leave to amend.

| | : |
|---|---|
| Initials of Preparer | PMC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 12/16/2021 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

Indeed, the key development here seems to be Defendants turning over the Force Investigation Division ("FID") report from LAPD's internal investigation into the incident. The FID report indicated that Bueno was the *only* officer to have fired a rubber bullet in the area at the time of the incident. *Id.* at 16. This confirmed that Bueno was the only possible "Doe 1," and Plaintiff accordingly sought to amend within a few weeks – hardly an undue delay. *Id.* at 15.

Relatedly, as to Defendants' second argument, the Court concludes that they have failed to carry their burden of demonstrating sufficient prejudice to warrant denial of amendment. *See DCD Progs.*, 833 F.2d at 186. For one, as the fact that Bueno was deposed in June indicates, the current Defendants and Bueno himself have been on notice as to the possibility that he would be named as a defendant. Naming the individual officer defendant has been the key focus of this case for several months, and there was clearly a limited pool of officers, including Bueno, who could have possibly fired the rubber bullet. Both the current Defendants and Bueno himself can hardly claim to be surprised that Plaintiff now seeks to add Bueno as a defendant.

And while the current Defendants note that Bueno will not be represented by their attorney and must obtain separate counsel, Bueno already obtained separate counsel for his deposition. Opp. MLTA 17. Thus, Bueno already has a potential option to represent him who has familiarity with the case and some of the relevant discovery.

Of course, Bueno is not required to use the same counsel who represented him in his deposition, but even if Bueno obtains new counsel, there is still minimal prejudice. The discovery that is relevant to Bueno's liability has largely been completed and can be shared with Bueno's attorney. The Court is confident that Bueno's counsel can review the materials and prepare a defense before the March trial date, including asserting a qualified immunity defense in a motion to dismiss or motion for summary judgment if he so chooses. *See id.* at 17-18. If Bueno's counsel feels that a continuance is necessary, he or she may seek one, and the Court will consider it, but there is no warrant to deny Plaintiff the ability to make this long-contemplated amendment naming the individual officer on the mere conjecture that additional time may be needed.

Thus, because the Defendants have failed to make a sufficient showing of prejudice or any other *Foman* factor warranting denial of leave to amend, Plaintiff's motion is GRANTED. *See Eminence Capital,* 316 F.3d at 1052.

### III.    Motion to Bifurcate

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 12/16/2021 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

### a. Legal Standard

Rule 42 permits a court to order separate trials on separate issues or claims. Fed. R. Civ. P. 42. Bifurcation is appropriate "[f]or convenience, to avoid prejudice, or to expedite and economize" the litigation." *Id.*

In § 1983 actions, a *Monell* claim against a municipality is only viable if the plaintiff can establish that she suffered a constitutional violation by one of the municipality's officers. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996). Because of this principle, courts routinely bifurcate § 1983 cases, addressing the threshold question of whether the plaintiff's constitutional rights were violated in the first phase and, if so, addressing the *Monell* question of whether that violation resulted from a practice or policy of the municipality in the second phase. *See, e.g., Nguyen v. Cty. of San Bernardino*, 2020 WL 11571724, at *1 (C.D. Cal. 2020).

### b. Application

Defendants seek a bifurcation of the *Monell* issues on the grounds that the evidence relevant to a municipal policy or practice would significantly expand the scope of trial compared to a trial focused solely on whether Plaintiff's constitutional rights were violated in *this* case. Mot. to Bifurcate 2, ECF No. 66 ("Mot. Bif."). This expansion would potentially be needless if the jury found that Plaintiff's rights were not violated. *Id.* Further, Defendants also argue that such evidence, likely to include other claims of excessive force and wrongdoing by LAPD, could confuse or prejudice the jury in determining whether Plaintiff's rights were violated here. *Id.*

In the Court's view, these concerns are legitimate. And Plaintiff notes that it is not opposed to bifurcation if his motion to amend the complaint is granted (which the Court did above) and if the trial for the non-*Monell* issues is not continued from its current date of March 8, 2022 (which the Court declines to continue at this time). Opp. Mot. Bif. 6, ECF No. 71. Thus, the Court concludes that bifurcation of the *Monell* issues is warranted here.

However, the parties seem to be in more serious disagreement about whether discovery related to Plaintiff's *Monell* claims should be stayed pending the outcome of the first trial. Defendants' briefing as to why *Monell* discovery should be stayed largely focuses on what they perceive as the unnecessarily expansive scope of the discovery that Plaintiff seeks. *See* Mot. Bif. 17-21. While the Court recognizes

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 12/16/2021 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

the costs associated with discovery, particularly given the City and LAPD's other responsibilities, the Court is not persuaded that it is necessary for it to issue a stay as to all *Monell* discovery. In the Court's view, the better course is for the parties to attempt to resolve any disputes by participating in a discovery conference before Magistrate Judge Kim, who can manage the discovery process, including the decision of whether to stay *Monell* discovery.

Accordingly, Defendants' motion to bifurcate the *Monell* claims is GRANTED, however, the Court will not stay discovery as to the *Monell* issues at this time.

  **IV.**   **Documents to be Sealed**

In connection with its motion to amend the complaint, Plaintiff also filed an application to file several documents under seal. App. to Seal, ECF No. 67. Based on his understanding of the protective order in this case and Defendants' designations of materials as "confidential," Plaintiff believed that he needed to file redacted versions of his motion, proposed amended complaint, and exhibits supporting the motion, while filing unredacted versions of those documents under seal. *Id.* at 2-3 However, in that application, Plaintiff asserted that the documents should be public and unredacted. *Id.*

Defendants responded that it had no objection to publicly filing the unredacted versions of the motion, proposed amended complaint and several exhibits. Resp. to App. to Seal 2-3, ECF No. 73. Because there does not appear to be any dispute with respect to these documents, the Court unseals the unredacted versions of Plaintiff's motion to amend, proposed amended complaint, and Exhibits 2, 3, 7, and 16 to the declaration of Katherine Marquart in support of the motion to amend (ECF Nos. 68-1, 68-2, 68-3, 68-4, 68-6, and 68-8).

However, Defendants took issue with two exhibits submitted in support of Plaintiff's motion to amend: exhibits 4 and 13. Resp. to App. to Seal 3. Exhibit 4 is the full FID report, while Exhibit 13 is the transcript from the deposition of Detective Brad Michel, the lead investigator for the FID report. *Id.* at 2-3. At this time, the Court is not persuaded that the entirety of the internal FID report, nor Michel's deposition about that report, is appropriate for public filing.

However, both parties have suggested the possibility of a meet-and-confer regarding whether certain portions of these documents may be filed without being under seal. Reply in Support of App. to Seal 7-8 n. 4, ECF No. 74; Resp. App. Seal 6-7. Accordingly, at present, the Court grants the application to seal with respect to Exhibits 4 and 13 (ECF Nos. 68-5, 68-7). If the parties meet and confer on this

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 12/16/2021 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

issue, the Court will entertain a request to unseal the documents or portions thereof, whether by stipulation or a motion from Plaintiff.

### V.  Conclusion

For the foregoing reasons, Plaintiff's motion for leave to amend is GRANTED. Plaintiff is ORDERED to file its amended complaint within 7 days. Defendants' motion to bifurcate the *Monell* issues is also GRANTED, however, their request for a stay of discovery related to Plaintiff's *Monell* claims is DENIED. Finally, the application to file documents under seal is GRANTED as to ECF Nos. 68-5 and 68-7, which shall remain sealed at present, but DENIED as to all other documents (ECF Nos. 68-1, 68-2, 68-3, 68-4, 68-6, and 68-8) which shall be unsealed.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |