S. Frank Harrell – SBN 133437
sharrell@lynberg.com
Shannon L. Gustafson - SBN 228856
sgustafson@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, CITY OF LOS ANGELES, CHIEF MICHEL MOORE, and LOS ANGELES POLICE DEPARTMENT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES,<br><br>                Plaintiff,<br><br><br>        vs.<br><br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, in his official capacity as Chief of the Los Angeles Police Department, LOS ANGELES POLICE DEPARTMENT, a municipal entity, DOE 1, and DOES 2-10, inclusive,<br><br>                Defendants. | CASE NO. **2:20-cv-11147-SVW-SK**<br><br>*Assigned for All Purposes to:*<br>*Hon. Stephen V. Wilson – Ctrm 10A*<br><br>**CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF S. FRANK HARRELL; EXHIBIT**<br><br>Concurrently Filed with Request for Judicial Notice<br><br>Date:        February 7, 2022<br>Time:        1:30 p.m.<br>Dept.:        10A<br><br>Complaint filed: December 10, 2020<br>Trial Date:        March 8, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 7, 2022 at 1:30 p.m. in Courtroom 10A of the above-captioned court or as soon thereafter as the matter may be heard, Defendants CITY OF LOS ANGELES, CHIEF MICHEL MOORE and LOS ANGELES POLICE DEPARTMENT will and hereby do move as follows:

1.      For an order dismissing Plaintiff's Request for "Injunctive Relief" in his First Amended Complaint as against all Defendants based on principles of comity, which require deference and respect to the previously filed injunction entered in <u>Black Lives Matter et al v. City of Los Angeles et al.</u>: Case No. 2:20-cv-05027 CBM-AS;

2.      For an order dismissing Plaintiff's Request for Declaratory Judgment that Defendants conduct violated Plaintiff's rights under the Constitution and Law of the United States Government as being duplicative and unnecessary in light of Plaintiff's claims under § 1983;

3.      For an order dismissing Plaintiff's Request for Declaratory Judgment that Defendant's conduct violated Plaintiff's rights under the California Constitution as being duplicative and unnecessary in light of the Plaintiff's claims under § 1983.

### MEET AND CONFER COMPLIANCE

Defendants' counsel contacted Plaintiff's counsel on December 27, 2021 by email to request the parties meet and confer with regard to the issues presented in the instant Motion. (<u>See</u>, Harrell Decl., ¶2; Email String, Ex. "A"). Pursuant to <u>Local Rule</u> 7-3, the parties engaged in telephonic discussions on December 28, 2021 in order to seek resolution of the issues. (<u>Id.</u>) The parties were unable to reach resolution. (<u>Id.</u>) The City Defendants therefore request the Court to hear and resolve their Motion.

CITY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

1      This Motion is based upon this Notice, the accompanying Memorandum of

2  Points and Authorities; the concurrently filed Request for Judicial Notice and

3  supporting exhibits; the operative First Amended Complaint; as well as all other

4  files and records in this case, together with such further evidence and argument as

5  may properly come before the Court.

6

7  DATED: January 4, 2022              Respectfully submitted,

8                                      **LYNBERG & WATKINS**

9
                                       */s/ S. Frank Harrell*
10                                     _____

11                                     **S. FRANK HARRELL**
                                       **SHANNON L. GUSTAFSON**
12                                     Attorneys for Defendants
                                       CITY OF LOS ANGELES, CHIEF MICHEL
13                                     MOORE and LOS ANGELES POLICE
                                       DEPARTMENT
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                       **3**

1

## **TABLE OF CONTENTS**

2

3

CONTENTS

4

TABLE OF CONTENTS ................................................................. 4

5

TABLE OF AUTHORITIES ........................................................... 5

6

MEMORANDUM OF POINTS & AUTHORITIES ........................ 9

7

I.      INTRODUCTION ................................................................. 9

8

II.     PROCEDURAL HISTORY AND THE "BLM" ACTION ............................ 12

9

        A.      The BLM Litigation ............................................... 13

10

        B.      New Legislation ..................................................... 14

11

III.    PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED OR STAYED UNDER COMITY PRINCIPLES .................... 15

12

        A.      Plaintiff's Claim for Injunctive Relief Has Already Been Addressed In a Previously Filed Action. ............................. 15

13

        B.      The Court Should Follow The First-To-File Rule In Determining Plaintiff's Claim For Injunctive Relief Should Be Dismissed as Duplicative and Unnecessary ................................. 17

14

15

                1)      Chronology of the Lawsuits ................. 17

16

                2)      Similarity of the Issues ...................... 18

17

                3)      Similarity of the Parties ..................... 18

18

        C.      In the Alternative, The Court Should Stay Plaintiff's Proceedings Until Final Resolution of The BLM Matter .......................... 20

19

20

IV.     THE BLM MATTER AND RECENT STATE LAW RENDERS PLAINTIFF'S CLAIM FOR "INJUNCTIVE RELIEF" MOOT AS HE CANNOT ESTABLISH AN IMMEDIATE HARM ........................ 22

21

22

V.      PLAINTIFF'S CLAIMS FOR DECLARATORY RELIEF SHOULD BE DISMISSED AS DUPLICATIVE. .................................. 24

23

VI.     CONCLUSION ...................................................................... 26

24

DECLARATION OF S. FRANK HARRELL ................................ 27

25

26

27

28

4

TABLE OF CONTENTS - MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

**<u>TABLE OF AUTHORITIES</u>**

CASES

<u>Abbott Laboratories v. Gardner</u>,
    387 U.S. 136 (1967) .................................................................10, 15

<u>Adoma v. University of Phoenix, Inc.</u>,
    711 F.Supp.2d 1142 (E.D. Cal. 2010) ............................................18

<u>Allstate Ins. Co. v. Herron</u>,
    634 F.3d 1101 (9th Cir. 2011) ........................................................23

<u>Alltrade, Inc. v. Uniweld Prod., Inc.</u>,
    946 F.2d 622 (9th Cir. 1991) ..........................................................16

<u>Animal Legal Defense Fund v. U.S. Food & Drug Admin.</u>,
    836 F.3d 987 (9th Cir. 2016) ..........................................................16

<u>Apilado v. N. Am. Gay Amateur Athletic Alliance</u>
    792 F.Supp.2d 1151 (W.D.Wash.2011) ....................................10, 21

<u>Bergh v. Washington</u>,
    535 F.2d 505 (9th Cir. 1976) ..........................................................15

<u>Black Lives Matter et al v. City of Los Angeles et al.</u>:
    Case No. 2:20-cv-05027 CBM-AS (C.D. Cal. 2020) .......................2, 9, 12, 14

<u>Britz Fertilizers, Inc. v. Bayer Corp.</u>,
    665 F.Supp.2d 1142 (E.D. Cal. 2009) ............................................24

<u>Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.</u>,
    600 F.2d 1228 (7th Cir. 1979) ........................................................15

<u>Cervantes v. San Diego Police Chief Shelley Zimmerman</u>,
    2020 WL 5759752 (S.D. Cal. 2020) ........................................11, 23

<u>Cervantes v. San Diego Police Chief Shelly Zimmerman</u>,
    2020 WL 5759752 (S.D. Cal. 2020) .................................................8

TABLE OF AUTHORITIES - MOTION TO DISMISS OR STAY PLAINTIFF'S
CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S
FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Church of Scientology of Cal. v. U.S. Dep't of Army,
    611 F.2d 738 (9th Cir. 1979) ............................................................ 16

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983) ............................................................... 10, 21

CMAX, Inc. v. Hall,
    300 F.2d 265 (9th Cir. 1962) ............................................................ 20

Colorado River Water Conservation District v. United States,
    424 U.S. 800 (1976) ....................................................................... 14

Crawford v. Bell,
    599 F.2d 890 (9th Cir. 1979) ............................................................ 17

Downes-Covington v. Las Vegas metro Police Dep't,
    2020 U.S. Dist. Lexis 240339 (D. Nev. 2020) ................................... 21

F.K. ex rel. A.K. v. Department of Educ.,
    2012 WL 5438989 (D. Haw. 2012) ................................................. 23

Gregory-Portland Independent School District v. Texas Education Agency,
    576 F.2d 81 (5th Cir. 1978) ............................................................ 15

In re Morning Song Bird Food Litigation,
    2015 WL 12791472 (S.D. Cal. 2015) ........................................ 10, 14

Judan v. Wells Fargo Bank, Nat'l Assoc.,
    2017 WL 3115172 (N.D. Cal. 2017) ............................................... 24

Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,
    342 U.S. 180 (1952) ...................................................................... 19

Koehler v. Pepperide Farm, Inc,
    2013 WL 48606895 (N.D. Cal. 2013) .............................................. 18

Kohn Law Grp Inc. v. Auto Parts Mfg. Mississipi Inc.
    787 F.3d 1237 (9th Cir. 2015) ................................................... 17, 18

TABLE OF AUTHORITIES - MOTION TO DISMISS OR STAY PLAINTIFF'S
CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S
FIRST AMENDED COMPLAINT

<u>Landis v. North American Co.</u>,

    299 U.S. 248 (1936) ................................................................. 19

<u>Leyva v. Certified Grocers of California, Ltd.</u>,

    593 F.2d 857 (9th Cir. 1979) ................................................. 19

<u>Lockyer v. Mirant</u>,

    398 F.3d 1098 (9th Cir. 2005) ............................................... 20

<u>Mann Manufacturing, Inc. v. Hortex, Inc.</u>,

    439 F.2d 403 (5th Cir. 1971) ................................................. 15

<u>Mayfield v. United States</u>,

    599 F.3d 964 (9th Cir. 2010) ................................................. 22

<u>Munns v. Kerry</u>,

    782 F.3d 402 (9th Cir. 2015) ................................................. 21

<u>National Health Federation v. Weinberger</u>,

    518 F.2d 711 (7th Cir. 1975) ................................................. 15

<u>O'Shea v. Littleton</u>,

    414 U.S. 488 (1978) ........................................................ 10, 21

<u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>,

    678 F.2d 93 (9th Cir. 1982) ............................................. 15, 18

<u>Ramirez v. Zimmerman</u>,

    2021 WL 5104371 (9th Cir. 2021) .................................... 11, 23

<u>Ruiz v. Mortg. Elec. Registration Sys., Inc.</u>,

    2009 WL 2390842 (E.D. Cal. 2009) ..................................... 24

<u>Schwartz v. Frito-Lay-Am</u>,

    2012 WL 8147135 (N.D. Cal. 2012) .................................... 19

<u>Silveria v. Beard</u>,

    2013 WL 2458393 (E.D. Cal. 2013) ..................................... 24

TABLE OF AUTHORITIES - MOTION TO DISMISS OR STAY PLAINTIFF'S
CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S
FIRST AMENDED COMPLAINT

Stoltz v. Fry Foods, Inc.,
    60 F.Supp.3d 1132 (D. Idaho 2014) ................................................... 19

W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA,
    AFL-CIO,
    751 F.2d 721 (5th Cir. 1985) ................................................... 10, 15

Wallerstein v. Dole Fresh Vegetables Inc.,
    967 F. Supp 2d 1289 (N.D. Cal. 2013) ........................................... 16

Washington Metropolitan Area Transit Authority v. Ragonese,
    617 F.2d 828 (D.C. Cir. 1980) ..................................................... 15

Water Conservation District v. United States,
    424 U.S. 800 (1976) ..................................................... 15

White v. Harris,
    2015 WL 1250015 (C.D. Cal. 2015) ..................................................... 24

Young v. Shoe Palace Corporation,
    2021 WL 2783719 (S.D. Cal. 2021) ..................................................... 17, 20

STATUTES

42 U.S.C. § 1983 ................................................... 2, 11, 23

California Government Code § 12525.2 ................................................... 10, 14, 22

California Penal Code § 13652 ................................................... 10, 14, 22

California Penal Code § 13652.1 ................................................... 10, 14, 22

TABLE OF AUTHORITIES - MOTION TO DISMISS OR STAY PLAINTIFF'S
CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S
FIRST AMENDED COMPLAINT

1

**MEMORANDUM OF POINTS & AUTHORITIES**

2

**I.     INTRODUCTION**

3      In the summer of 2020, civil unrest erupted in many major cities across the

4 country.  While many of the attendees were peaceful in expressing their views, the

5 summer protests often included a sizeable and altogether malevolent criminal

6 element who looted small businesses, burned structures and otherwise ruined

7 thousands of innocent lives.  Many law enforcement officers and civilians were

8 injured in the resulting chaos.  The City of Los Angeles featured many violent mob

9 protests of its own, at least one of which was attended by Plaintiff Deon Jones in

10 the City's Fairfax District on May 30, 2020.

11      It is difficult to overstate the violence and mayhem associated with the

12 Fairfax mob. The streets erupted into violence. And outnumbered officers often

13 could do little to protect either themselves or the terrified neighborhood residents

14 they sought to defend. Combustible (and gas filled) police vehicles were set on

15 fire. Other protestors launched rocks, bottles, fireworks and human excrement at

16 embattled officers. Still more protestors rammed large dumpsters into protective

17 gates.

18      The repulsive nihilistic violence – and a LAPD crowd dispersal order -- led

19 protesters with legitimate intentions to largely flee the scene. But for reasons

20 which have never been adequately explained, Plaintiff Jones went nowhere. See,

21 Cervantes v. San Diego Police Chief Shelly Zimmerman, 2020 WL 5759752 *7

22 (S.D. Cal. 2020) ("[Plaintiffs] had no [constitutional] right to remain in the area of a

23 protest or riot after police issued an order to disperse and were violating the law by

24 doing so.") As the mob chaos continued, Jones alleges that he was struck by a

25 "rubber bullet" fired by Defendant Officer Peter Bueno. (Docket #89- First

26 Amended Complaint ("**FAC**"), ¶¶ 5-7). According to Jones, the rubber bullet

27 discharge resulted in two doctors' visits (and $7000 in medical bills) – a sum which

28

MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR
STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY
RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

1   is most frequently litigated, if at all, in the small claims division of the state court
2   system.

3       Given the modest sums in issue, trial in this matter should be a simple,
4   straightforward affair. The relevant events all occurred within a short time frame
5   and the evidence and witnesses necessary to resolve the incident of which Jones
6   complains can likely be presented within one trial week.

7       However, in addition to his claim that Officer Bueno shot him with a "rubber
8   bullet", Jones' FAC also asserts multiple putative claims for "injunctive relief".
9   Specifically, Plaintiff's FAC announces that "Mr. Jones has no adequate remedy at
10  law and will suffer serious and irreparable harm unless Defendants are enjoined
11  from deploying Rubber Bullets against protesters." (FAC, ¶¶ 133, 138, 143, 148).
12  Put mildly, there are a number of problems with this assertion.

13      First and foremost, the "rubber bullet" injunction Plaintiff claims to seek has
14  ***already been entered*** by Judge Consuelo B. Marshall in litigation entitled <u>Black</u>
15  <u>Lives Matter et al v. City of Los Angeles et al.</u>: Case No. 2:20-cv-05027 CBM-AS
16  (the "BLM" matter). As set forth in further detail below, Judge Marshall has already
17  entertained at least two rounds of briefing and oral argument regarding when and
18  how the City's law enforcement officers should be permitted to utilize "rubber
19  bullets" in defense of the communities they serve. These hearings have produced at
20  least two considered injunctive relief orders which address the Defendants in this
21  case on the exact same issue raised by Plaintiff – i.e., when and how "rubber bullet"
22  deployment shall be permissible in the City of Los Angeles.

23      Given Judge Marshall's existing injunction orders on rubber bullet issues,
24  there is plainly no good reason for this Court to embark on a re-hash and re-do of
25  her work. And given congested dockets in the federal judicial system, courts have
26  not hesitated to order dismissal in such circumstances based on well-founded comity
27  principles. <u>See</u>, e.g., <u>In re Morning Song Bird Food Litigation</u>, 2015 WL 12791472,
28

MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR
STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY
RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

at*5 (S.D. Cal. 2015)("The federal courts long have recognized that the principle of comity requires federal district courts — courts of coordinate jurisdiction and equal rank — to exercise care to avoid interference with each other's affairs."); W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO, 751 F.2d 721, 728–29 (5th Cir. 1985)("To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court. In particular, ***"[a] court may ... in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.***")(emphasis added)(citing, Abbott Laboratories v. Gardner, 387 U.S. 136, 155 (1967)).

Dismissal is particularly appropriate given that new California legislation governing use of "rubber bullets" has now come into force ***only days ago***. See, Government Code § 12525.2 (effective January 1, 2022); Penal Code §§ 13652 and 13652.1 (same). There has been no showing that these comprehensive and detailed new statutes are inadequate to protect Jones' protest rights – or that any injunction order by this Court is needed to supplement what the law already now requires. In such circumstances, Plaintiff cannot demonstrate the type of "real and immediate threat" of injury necessary to obtain injunctive relief. City of Los Angeles v. Lyons, 461 U.S. 95. 101-103 (1983); see, O'Shea v. Littleton, 414 U.S. 488, 495-96 (1978) (holding the case to be nonjusticiable because plaintiffs could not demonstrate likelihood of future injury and the threat of future injury was speculative); Apilado v. N. Am. Gay Amateur Athletic Alliance, 792 F.Supp.2d 1151, 1164–65 (W.D.Wash.2011)("A single incident is insufficient to establish a likelihood of future injury under Ninth Circuit law.")(collecting cases).

Plaintiff's attempted "declaratory" relief claim suffers from additional problems. As set forth in further detail below, such claims are redundant and improper when, as here, the plaintiff seeks monetary damages. See, Cervantes v.

1   San Diego Police Chief Shelley Zimmerman, 2020 WL 5759752, at *21 (S.D. Cal.

2   2020), aff'd sub nom., Ramirez v. Zimmerman, 2021 WL 5104371 (9th Cir.

3   2021)("As to Plaintiffs' request for declaratory relief, the Court finds . . . that this

4   claim is duplicative because Plaintiffs' remaining § 1983 claims necessarily

5   determine the constitutionality of City Defendants' conduct, thus obviating the need

6   for declaratory relief stating the same.")

7          In short, Jones' FAC is needlessly over-pled and overdone. For this reason, as

8   set forth in further detail below, the Court should dismiss Plaintiff's defective and

9   redundant claims without further undue consumption of its valuable judicial time

10  and resources.

11  **II.      PROCEDURAL HISTORY AND THE "BLM" ACTION**

12         On December 9, 2020, Plaintiff Deon Jones filed his initial complaint against

13  the City of Los Angeles, Chief Michel Moore and Los Angeles Police Department

14  (together "City Defendants") (Dkt# 1).  On January 4, 2021, through then – defense

15  counsel (the Los Angeles City Attorney's Office), the City Defendants filed their

16  Answer. (Dkt# 39).  On December 21, 2021, Plaintiff filed his now-operative First

17  Amended Complaint. (See, FAC; Dkt# 89). Plaintiff's FAC alleges that Defendant

18  Officer Peter Bueno is responsible for shooting Plaintiff with a "rubber bullet" while

19  he attended a protest in the Fairfax District on May 30, 2020. (See, FAC ¶5).

20  Plaintiff's FAC also asserts a Monell claim against the City Defendants, which was

21  bifurcated by this Court's order of December 16, 2021 (Dkt #87). Finally, Plaintiff's

22  FAC requests this Court to enter "a permanent injunction barring Defendants from

23  engaging in the unconstitutional conduct of using Rubber Bullets", as well as a

24  Declaratory Judgment that Plaintiff Jones' rights under the United States

25  Constitution and California Constitution were violated.  (Dkt #89- FAC- Prayer for

26  Relief).

27         Between the filing of Defendants' Answer in this action one year ago and the

28

**12**

MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR
STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY
RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

filing of Plaintiff's FAC just last month, there have been significant developments in another federal lawsuit involving the use of "rubber bullets" by the LAPD, as well as changes to California state law that now warrant dismissal of Plaintiff's injunctive relief claims.

### A. The BLM Litigation

Prior to the initiation of this lawsuit, a "class action" lawsuit was filed in this District on June 5, 2020 entitled  Black Lives Matter et al. v. City of Los Angeles et al.: Case No. 2:20-cv-05027 CBM-AS ("**BLM**"). The BLM matter is now pending before Judge Consuelo B. Marshall of this Court. (See Request for Judicial Notice ("**RJN**")-, Exhibit 1- BLM Complaint). The earlier filed BLM matter seeks nearly identical injunctive relief to what is now being requested by Plaintiff Jones from this Court.  In particular, the BLM Plaintiffs allege that "Defendants[1] engaged in the indiscriminate use of less lethal weapons and baton strikes contrary to law. Members of the Plaintiff class who were shot with 'rubber bullets' and struck with batons were injured in a manner that evinced that Defendants applied force unlawfully.  Many individuals were struck with rubber bullets in the face, head, shoulder and neck areas." (RJN- Exhibit 1- BLM Complaint, ¶78).  The BLM Plaintiffs therefore sought a "preliminary and permanent injunction restraining Defendants from engaging in the unlawful and unconstitutional acts detailed" in their Complaint. (RJN- Ex. 1, Request for Relief).

After the filing of their Complaint, the BLM Plaintiffs requested a Temporary Restraining Order "seeking to enjoin the LAPD from using projectiles or baton strikes to disperse or control crowds."  (RJN, TRO, p. 1; Ex. 4.)  After a vigorous exchange of briefing and oral argument, Judge Marshall entered a TRO which sharply limits the use of the 40 mm and 37 mm less lethal launchers that deploy

---

[1] The Defendants in BLM are the City of Los Angeles and Chief Michel Moore. The exact same entity Defendants named in this lawsuit.

MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

1    "rubber bullets" -- the very same riot control systems of which Plaintiffs complain.

2    Specifically, Judge Marshall enjoined the LAPD from allowing officers not trained

3    and certified from using the "rubber bullet" systems and she otherwise required a

4    "verbal warning" before their use.  (RJN, TRO, Ex. 4.)  Judge Marshall's injunction

5    also limited the target area of the 40 mm launcher and she set a distance in which

6    the 40 mm and 37 mm launch could be deployed. (RJN, TRO, Ex. 4.)  After further

7    briefing and hearings, the terms of the Judge Marshall's TRO became part of a

8    preliminary injunction on May 10, 2021 – an order which remains in effect to this

9    day. (RJN, Preliminary Injunction, Ex 5.)

10          The BLM Plaintiffs thereafter filed their operative Second Amended

11   Complaint on July 23, 2021 wherein they seek a "permanent injunction" as regards

12   "rubber bullets".  Specifically, the BLM Plaintiffs allege that their "injunctive relief

13   class includes all persons who participated, or intend to exercise their First

14   Amendment rights by participating in future demonstrations, in particular against

15   police violence and racism" – phrasing which includes Plaintiff Jones. (RJN, SAC, ¶

16   97, Ex. 3.)  The BLM Plaintiffs further identify the "Direct Force Class" as being all

17   of these members that were "shot with so-called 'less-lethal weapons' (including the

18   37 mm and 40 mm projectiles and bean bag rounds, struck with batons and/or

19   knocked down by the actions of LAPD officers" – broad phrasing which also

20   includes Plaintiff Jones and his grievances.  (RJN, SAC, ¶¶ 183 and 187, Ex. 3.)

21          In short, the BLM court has already made significant progress in fashioning

22   injunctive relief that governs the use of rubber bullets by the LAPD. To date,

23   Plaintiff Jones has not offered any coherent reason why this Court should be

24   required to replicate Judge Marshall's work in his case.

25          **B. New Legislation**

26          Apart from the BLM injunction, the California Legislature has also enacted

27   new statutes which limit and regulate when (and how) "rubber bullets" may be

28

**MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  utilized by state law enforcement agencies. <u>See</u>, <u>Government Code</u> § 12525.2; <u>Penal</u>

2  <u>Code</u> §§ 13652 and 13652.1. All of these statutes became effective only a few days

3  ago (on January 1, 2022). And Plaintiff has never demonstrated – or even claimed –

4  that the LAPD has ignored these statutes in the few days they have been on the

5  books.

6  **III.   <u>PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD BE</u>**

7  **<u>DISMISSED OR STAYED UNDER COMITY PRINCIPLES</u>**

8  **A. Plaintiff's Claim for Injunctive Relief Has Already Been Addressed In**

9  **a Previously Filed Action.**

10  As just noted, Jones' claims for "injunctive relief" pertaining to the use of

11  "rubber bullets" by the LAPD have already been extensively addressed by Judge

12  Marshall's preliminary injunction in the <u>BLM v. City of Los Angeles</u> matter.  (RJN,

13  Preliminary Injunction, Ex. 5.)As such, Plaintiff's "injunctive relief" claim facially

14  seeks a re-hash and re-do of Judge Marshall's work. (<u>See</u>, Jones FAC- Prayer for

15  Relief -- Plaintiff seeks "a permanent injunction barring Defendants from engaging

16  in the unconstitutional conduct of using Rubber Bullets, and imposing appropriate

17  remedial measures to prevent the repetition of such conduct in the future as the

18  Court deems necessary.")

19  Jones' full-throated request for this Court to revisit and replicate Judge

20  Marshall's work on "rubber bullet" injunction issues is just as improper as it sounds.

21  Indeed, "[t]he federal courts long have recognized that the principle of comity

22  requires federal district courts — courts of coordinate jurisdiction and equal rank —

23  to exercise care to avoid interference with each other's affairs." <u>In re Morning Song</u>

24  <u>Bird Food Litigation</u>, 2015 WL 12791472, at*5 (S.D. Cal., 2015).  "As between

25  federal district courts, ... the general principle is to avoid duplicative litigation."

26  <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 817

27  (1976).  "The concern manifestly is to avoid the waste of duplication, to avoid

28

**MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT**

rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." <u>W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO</u>, 751 F.2d 721, 728–29 (5th Cir. 1985); <u>see</u>, <u>e.g.</u>, <u>Water Conservation District v. United States</u>, 424 U.S. 800, at 818–20 (1976); <u>Pacesetter Systems, Inc. v. Medtronic, Inc.</u>, 678 F.2d 93 (9th Cir.1982); <u>Washington Metropolitan Area Transit Authority v. Ragonese</u>, 617 F.2d 828 (D.C. Cir. 1980); <u>Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.</u>, 600 F.2d 1228 (7th Cir. 1979); <u>Gregory-Portland Independent School District v. Texas Education Agency</u>, 576 F.2d 81 (5th Cir. 1978); <u>Mann Manufacturing, Inc. v. Hortex, Inc.</u>, 439 F.2d 403 (5th Cir. 1971).

"To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court. In particular, ***"[a] court may ... in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.***" <u>W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO</u>, 751 F.2d 721, 728–29 (5th Cir. 1985) (emphasis added)(citing, <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 155 (1967)); <u>see</u>, <u>Bergh v. Washington</u>, 535 F.2d 505, 507 (9th Cir. 1976); <u>National Health Federation v. Weinberger</u>, 518 F.2d 711, 712 (7th Cir. 1975).

These principles are directly applicable here. Plaintiff's claim for injunctive relief seeks to litigate the very same issue already extensively adjudicated in Judge Marshall's earlier filed BLM action – <u>i.e.</u>, the LAPD's use of less lethal "rubber bullet" systems. Even if taken at his word that he plans to join future "peaceful protests", Jones cannot credibly argue that he is not the beneficiary of the "rubber bullet" preliminary injunction already entered by Judge Marshall. And if Jones has a grievance with the wording of Judge Marshall's "preliminary injunction", he has a variety of legitimate options – including approaching Judge Marshall with his

MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

1    concerns. Jones' evident current option of choice – i.e., seeking some type of sub

2    silentio "appeal" of Judge Marshall's rulings by approaching this Court -- is plainly

3    not among Jones' legitimate options.

4    **B. The Court Should Follow The First-To-File Rule In Determining**

5    **Plaintiff's Claim For Injunctive Relief Should Be Dismissed as**

6    **Duplicative and Unnecessary.**

7        "[T]he doctrine of federal comity, [is] a discretionary doctrine which permits

8    one district to decline judgment on an issue which is properly before another

9    district."[2] Church of Scientology of Cal. v. U.S. Dep't of Army, 611 F.2d 738, 749

10   (9th Cir. 1979) (overruled on other grounds by, Animal Legal Defense Fund v. U.S.

11   Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016)). The comity principle "is ...

12   designed to avoid placing an unnecessary burden on the federal judiciary, and to

13   avoid the embarrassment of conflicting judgments." Id. at 750.  In this regard,

14   courts follow a first-to-file rule, which "allows a district court to transfer, stay, or

15   dismiss an action when a similar complaint has already been filed in another federal

16   court."  Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 623 (9th Cir. 1991).  In

17   determining the applicability of the first-to-file rule, courts look to three factors: (1)

18   the chronology of the lawsuits, (2) the similarity of the parties, and (3) the similarity

19   of the issues. See, id. at 625. All of these factors strongly support Defendants'

20   position.

21           **1) Chronology of the Lawsuits**

22        Applied here, the Jones litigation was filed on December 9, 2020 (Dkt. #1),

23   six months *after* the BLM matter was filed on June 5, 2020.  (RJN, Exhibit 1).

24

25   _____

26   [2] The first to file rule is also applicable to courts within the same district. See,

27   Wallerstein v. Dole Fresh Vegetables Inc., 967 F. Supp 2d 1289,1294(N.D. Cal.

28   2013)("The Court finds the first-to-file rule is not limited to cases brought in
     different districts.").

**MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   Further, the BLM court has already made significant progress on the "rubber bullet"

2   issue, entering a TRO and then a Preliminary Injunction on May 10, 2021.  (RJN,

3   Ex. 4 and 5.  Both these orders detail when and how less lethal "rubber bullet"

4   systems can be used by the LAPD. (Id).   As such, the BLM case is not only the first

5   filed case compared to Plaintiff Jones. It is also the only case that has progressed in

6   terms of hearing (and deciding) injunctive relief issues.

7                    **2) Similarity of the Issues**

8          Jones' case and BLM both share similar issues.  Both complaints request the

9   court to enjoin the City Defendants from engaging in the use of less-lethal riot

10  control systems. Judge Marshall's extant Preliminary Injunction sets forth her

11  thoughts on this issue at length.  (RJN, Preliminary Injunction- Ex. 5).   Given this

12  fact, relitigation of the issue in a separate Court would serve no useful purpose. The

13  Ninth Circuit made this long-settled point over 40 years ago: "[I]ncreasing calendar

14  congestion in the federal courts makes it imperative to avoid concurrent litigation in

15  more than one forum whenever consistent with the rights of the parties. A court may

16  choose not to exercise its jurisdiction when another court having jurisdiction over

17  the same matter has entertained it and can achieve the same result." Crawford v.

18  Bell, 599 F.2d 890, 893 (9th Cir. 1979).  "Further, under the first-to-file rule, "the

19  issues in both cases also need not be identical, only substantially similar" and courts

20  look at "whether there is 'substantial overlap' between the two suits." Young v.

21  Shoe Palace Corporation, 2021 WL 2783719 (S.D. Cal. 2021) Given these cases,

22  and others like them, the Court should order dismissal as prayed.

23                   **3) Similarity of the Parties**

24         Finally, the same Defendants would be subject to the injunctive relief sought

25  in BLM and in this action -- and Plaintiff is among the group of people that the

26  BLM lawsuit is designed to protect.  See, Kohn Law Grp Inc. v. Auto Parts Mfg.

27  Mississipi Inc. 787 F. 3d 1237, 1240 (9th Cir. 2015) ("The "first-to-file rule does

28

**MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR
STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY
RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  not <u>require</u> the exact identity of the parties" but <u>requires</u> "only substantial similarity

2  of parties."); <u>see e.g.</u>, <u>Adoma v. University of Phoenix, Inc.</u>, 711 F.Supp.2d 1142,

3  1147 (E.D. Cal. 2010)("the first to file rule does not require strict identity of the

4  parties, but rather substantial similarity.").  The fact that Plaintiff is a member of the

5  class BLM is designed to protect is sufficient to establish similarity of the parties.

6  <u>See generally</u>, <u>Pacesetter Sys., Inc. v. Medtronic</u>, Inc., 678 F.2d 93, 95 (9th Cir.

7  1982) (noting that the first-to-file rule should not be applied "mechanically");

8  <u>Koehler v. Pepperide Farm, Inc</u>, 2013 WL 48606895 *5 (N.D. Cal. 2013) (plaintiff's

9  membership in class sufficient to satisfy similarity of issues).

10      In the BLM Second Amended Complaint ("SAC"), the "Direct Force Class"

11  is defined as:

12      "Beginning May 29, 2020, and through June 2, 2020, all persons present at or

13      during the aftermath of protests regarding the killing of George Floyd in the

14      City of Los Angeles, who were struck by either 'less-lethal weapons'

15      (including 37mm and 40mm projectiles, and bean-bag shotguns), batons or

16      otherwise physically struck by LAPD officers, who were neither violently

17      resisting nor posing an immediate threat of violence or physical harm."

18  (RJN, BLM SAC ¶ 5, Ex. 3).

19      Here, Jones' injuries arose specifically from an alleged May 30, 2020 incident

20  (during a George Floyd protest) and involved less-lethal weapons used by the

21  LAPD. Plaintiff is therefore among the group of people that the BLM lawsuit is

22  designed to protect.  <u>See</u>, <u>Kohn Law Grp Inc. v. Auto Parts Mfg. Mississippi, Inc.</u>,

23  737 F.3d 1237, 1240 (9th Cir. 2015) ("The "first-to-file rule does not require the

24  exact identity of the parties" but rather requires "only substantial similarity of

25  parties.""). Given the chronology of the lawsuits, the similarity of the issues and of

26  the parties, the first to file rule warrants dismissal of Plaintiff's injunctive relief

27

28

**MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR
STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY
RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   claim here. See, Schwartz v. Frito-Lay-Am, 2012 WL 8147135, at *2 (N.D. Cal.

2   2012).

### C. In the Alternative, The Court Should Stay Plaintiff's Proceedings Until Final Resolution of The BLM Matter

5   At a minimum, this Court should stay Jones' putative "injunctive relief" claim

6   until after the conclusion of the BLM lawsuit.  If a permanent BLM injunction

7   issues, Jones can ask this Court to litigate his injunction claim – so long as Plaintiff

8   can explain why he is in need of a separate injunction. If permanent injunctive relief

9   fails before Judge Marshall, Jones may – once again – approach this Court with an

10  explanation as to why he is entitled to a re-hash of Judge Marshall's work.

11  "A trial court may, with propriety, find it is efficient for its own docket and

12  the fairest course for the parties to enter a stay of an action before it, pending

13  resolution of independent proceedings which bear upon the case. This rule applies

14  whether the separate proceedings are judicial, administrative, or arbitral in character,

15  and does not require that the issues in such proceedings are necessarily controlling

16  of the action before the court."  Leyva v. Certified Grocers of California, Ltd., 593

17  F.2d 857, 863 (9th Cir. 1979)(citing, Kerotest Mfg. Co. v. C-O-Two Fire Equip.

18  Co., 342 U.S. 180 (1952); Landis v. North American Co., 299 U.S. 248, 254-55

19  (1936)(additional citations omitted)). "In the typical Landis stay case, a federal court

20  postpones resolution of the case pending some related proceeding. However, the

21  related proceeding typically serves only to narrow the factual or legal issues for the

22  federal court.... [A] Landis stay is generally of a limited duration."  Stoltz v. Fry

23  Foods, Inc., 60 F.Supp.3d 1132, 1136-37 (D. Idaho 2014) see, Landis, 299 U.S. at

24  250-51 (recognizing that the related case "may not settle every question of fact and

25  law" in the stayed federal action).

26  "Where it is proposed that a pending proceeding be stayed, the competing

27  interests which will be affected by the granting or refusal to grant a stay must be

28

MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR
STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY
RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

1   weighed. Among those competing interests are [1] the possible damage which may

2   result from the granting of a stay, [2] the hardship or inequity which a party may

3   suffer in being required to go forward, and [3] the orderly course of justice

4   measured in terms of the simplifying or complicating of issues, proof, and questions

5   of law which could be expected to result from a stay." Lockyer v. Mirant, 398 F.3d

6   1098, 1110 (9th Cir. 2005) (quoting, CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th

7   Cir. 1962)).

8        Here, Jones will suffer no damage should a stay be implemented as he, by

9   definition, is a member of the BLM "Direct Force Class" for injunctive relief and

10  stands to benefit from the BLM court's extant preliminary injunction, ongoing

11  deliberations and potential permanent injunction.  Already, the BLM Preliminary

12  Injunction provides the very relief Plaintiff seeks from this Court – all without filing

13  a single brief (or making a argument) in favor of his own request.

14       Conversely, should a stay not be imposed, the City Defendants will surely

15  suffer unfair hardship and inequity because they will be forced to relitigate the same

16  factual and legal issues presented in the BLM matter. Tax dollars will be wasted.

17  Peace officers will be pulled away from protecting neighborhoods to sit in

18  depositions. Given the City's ongoing and eyebrow-raising crime wave, none of this

19  waste and disruption is in anyone's interests. See, Sarah Young v. Shoe Palace

20  Corporation, 2021 WL 2783719, *4 (S. D. Cal. 2021)("The Court agrees with

21  Defendant that defending two separate cases involving the same legal and factual

22  issues would be unduly burdensome and a hardship on Defendant.  Moreover, it

23  could be subject to two different rulings by separate court."). A stay would also

24  avoid the potential nightmare scenario of the City being subject to conflicting and

25  competing orders on "rubber bullet" issues – emanating from two different Courts.

26       Finally, as to whether a stay will simplify or complicate the issues, the answer

27  is clear.  Both cases arise from the same incident, they allege the same unlawful

28

**21**

1   "rubber bullet" activities by the City Defendants, and they seek to enjoin use of the

2   same riot control system. A stay of Plaintiff's injunctive relief claims to allow the

3   BLM matter to achieve a final resolution would limit duplicative litigation and

4   promote judicial comity and economy. In the alternative, "[a]llowing the case to

5   proceed would lead to judicial inefficiency and complicate issues with the potential

6   of divergent rulings." Sarah Young at *4. In short, for a host of common sense

7   reasons, the Court should stay Plaintiff's "injunctive relief" claims until the BLM

8   injunction reaches a final judgment on the merits.

9   **IV.   THE BLM MATTER AND RECENT STATE LAW RENDERS**

10  **PLAINTIFF'S CLAIM FOR "INJUNCTIVE RELIEF" MOOT AS**

11  **HE CANNOT ESTABLISH AN IMMEDIATE HARM**

12          In order to seek injunctive relief, Jones must establish that there is a "real and

13  immediate threat" of injury to him. City of Los Angeles v. Lyons, 461 U.S. 95. 101-

14  103 (1983). Specifically, "[t]o demonstrate irreparable injury as to [his] Fourth

15  Amendment injury, here Plaintiff[] must demonstrate a likelihood, not a mere

16  possibility of future irreparable injury of the same character." Downes-Covington v.

17  Las Vegas metro Police Dep't, 2020 U.S. Dist. Lexis 240339 at *35 (D. Nev. 2020).

18  Further, courts agree that allegations of "past exposure to illegal conduct does not in

19  itself show a present case or controversy regarding injunctive relief… if

20  unaccompanied by any continuing, present, adverse effects.". Id.; see, O'Shea v.

21  Littleton, 414 U.S. 488, 495-96 (1978) (holding the case to be nonjusticiable

22  because plaintiffs could not demonstrate likelihood of future injury and the threat of

23  future injury was speculative); Apilado v. N. Am. Gay Amateur Athletic

24  Alliance, 792 F.Supp.2d 1151, 1164–65 (W.D.Wash.2011)("A single incident is

25  insufficient to establish a likelihood of future injury under Ninth Circuit

26  law.")(collecting cases); Munns v. Kerry, 782 F.3d 402, 408 (9th Cir. 2015)

27  ("because the plaintiffs cannot show they are likely to be harmed by these alleged

28

1   policies in the future, we do not have authority in this case to determine the legality

2   or constitutionality of the policies or to enjoin their implementation."); <u>Mayfield v.</u>

3   <u>United States</u>, 599 F.3d 964, 970 (9th Cir. 2010)("Past exposure to harmful or

4   illegal conduct does not necessarily confer standing to seek injunctive relief if the

5   plaintiff does not continue to suffer adverse effects. Nor does speculation or

6   'subjective apprehension' about future harm support standing.").

7           Wholly apart from BLM, the pronouncements of the California Legislature

8   limiting the use of "rubber bullets" ensures that Plaintiff cannot show the type of

9   "irreparable injury" that requires "injunctive relief". Specifically, the California

10   Legislature recently enacted Assembly Bill No. 48 (AB48).  Effective as of January

11   1, 2022, and as implemented in California's <u>Government Code</u> § 12525.2 and <u>Penal</u>

12   <u>Code</u> §§ 13652 and 13652.1, the new law protects Plaintiff on the very "rubber

13   bullet" issues for which he seeks injunctive relief.

14           In this regard, <u>Penal Code</u>, §13652 now states:

15           (a) Except as otherwise provided in subdivision (b), kinetic energy projectiles[3]

16                and chemical agents shall not be used by any law enforcement agency to

17                disperse any assembly, protest, or demonstration.

18   Section (b) then sets forth the limits as to when and how "rubber bullets" may be

19   utilized, including that they may only be handled by "peace officer[s] that [have]

20   received training on their proper use" in much the same language as that provided in

21   Judge Marshall's Preliminary Injunction in the BLM matter.  This new law (in

22   addition to the BLM Preliminary Injunction now in effect) give Jones abundant,

23   overlapping protection for whatever speculative "irreparable future" harm he has

24   ever voiced. Jones has offered no good reason for more injunctive action by this

25   Court – in addition to the BLM Preliminary Injunction and California legislation

26

27   _____

28   [3] The legislative term for "rubber bullets".

MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR
STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY
RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

1  which already address his issues.

2  **V.   PLAINTIFF'S CLAIMS FOR DECLARATORY RELIEF SHOULD**

3  **BE DISMISSED AS DUPLICATIVE.**

4  Plaintiff's claims for "declaratory relief" with regard to violations of his rights

5  fail in light of his ongoing claims for damages. See, Cervantes v. San Diego Police

6  Chief Shelley Zimmerman, 2020 WL 5759752, at *21 (S.D. Cal. 2020), aff'd sub

7  nom. Ramirez v. Zimmerman, 2021 WL 5104371 (9th Cir. 2021) )("As to Plaintiffs'

8  request for declaratory relief, the Court finds, as it had with County Defendants, that

9  this claim is duplicative because Plaintiffs' remaining § 1983 claims necessarily

10  determine the constitutionality of City Defendants' conduct, thus obviating the need

11  for declaratory relief stating the same."); see, Allstate Ins. Co. v. Herron, 634 F.3d

12  1101, 1107 (9th Cir. 2011) (holding that courts must consider whether declaratory

13  relief would "serve a useful purpose in clarifying the legal relations at issue"); see

14  also, F.K. ex rel. A.K. v. Department of Educ., 2012 WL 5438989, *5 (D. Haw.

15  2012) ("Where a party seeks declaratory relief as to a claim or defense—or part of a

16  claim or defense—the party has already raised, declaratory relief should be denied

17  because it will not avoid impending litigation, and would neither clarify nor

18  terminate the litigation". Hence, the Court **GRANTS** summary judgment in City

19  Defendants' favor as to Plaintiffs' claims for equitable relief.").

20  Applied here, Plaintiff has already set forth a damages claim against Officer

21  Bueno alleging that Defendants violated his rights under the constitution, which is

22  currently set for trial on March 8, 2022.  Plaintiff's declaratory relief claims seek

23  nothing further beyond a declaration that Plaintiff's constitutional rights were

24  violated -- something that will already be determined if Plaintiff is successful with

25  respect to his claims against Defendant Bueno.  As is too often the case with this

26  Plaintiff, there is no need for the Court to entertain this type of redundant, throw-

27  away issue.

28

1   "[N]umerous federal district courts have found that the [Declaratory Judgment

2   Act] operates prospectively, not to redress past wrongs." Judan v. Wells Fargo

3   Bank, Nat'l Assoc., 2017 WL 3115172, at *11 (N.D. Cal. 2017). "The purpose of a

4   declaratory judgment is to set controversies at rest before they cause harm to the

5   plaintiff, not to remedy harms that have already occurred." Ruiz

6   v. Mortg. Elec. Registration Sys., Inc., 2009 WL 2390842, at *5 (E.D. Cal.

7   2009). As a matter of law, a federal court may not issue "declarations that merely

8   declare a [state defendant's] past violation of federal law." See, Silveria v. Beard,

9   2013 WL 2458393 at *2 (E.D. Cal. 2013); White v. Harris, 2015 WL 1250015, at *7

10  (C.D. Cal. 2015) (requests for declaratory and injunctive relief based on past

11  violations of federal law are not cognizable); Britz Fertilizers, Inc. v. Bayer Corp.,

12  665 F.Supp.2d 1142, 1173 (E.D. Cal. 2009) ("A declaratory relief claim operates

13  'prospectively,' not to redress past wrongs.").

14      Plaintiff's request that this Court enter a declaratory judgment that

15  "Defendants conduct complained of herein *was* a violation of Mr. Jones' rights

16  under the Constitution and the laws of the United States" and also a declaratory

17  judgment that "defendants conduct complained of herein *was* a violation of Mr.

18  Jones rights under the California Constitution" (Dkt #89- FAC- Prayer for

19  Relief)(emphasis added). But, as noted, this is precisely the type of improper request

20  that courts have repeatedly condemned and rejected.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR
STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY
RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

1

## VI.   CONCLUSION

2      There are many legitimate issues to litigate in this matter. But Plaintiff's

3 redundant and duplicative "injunctive" and "declaratory" relief claims are not

4 among them. For these reasons, and for all the forgoing reasons, the Court should

5 dismiss these defective claims as prayed.

6

7 DATED: January 4, 2022              Respectfully submitted,

8                                     **LYNBERG & WATKINS**

9

10                                    */s/ S. Frank Harrell*

11                                    **S. FRANK HARRELL**
                                      **SHANNON L. GUSTAFSON**

12                                    Attorneys for Defendants

13                                    CITY OF LOS ANGELES, CHIEF MICHEL
                                      MOORE and LOS ANGELES POLICE
14                                    DEPARTMENT

15

16

17

18

19

20

21

22

23

24

25

26

27

28
MEMORANDUM OF POINTS & AUTHORITIES - MOTION TO DISMISS OR
STAY PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY
RELIEF IN PLAINTIFF'S FIRST AMENDED COMPLAINT

## <u>DECLARATION OF S. FRANK HARRELL</u>

1.      I am an attorney at law, duly authorized to practice before this Court and am a partner with the firm Lynberg & Watkins, attorneys for Defendants in the above-entitled action.  I have personal knowledge of the facts stated herein, except as to those stated upon information and belief, and as to those matters, I believe them to be true.  If called upon to testify to the matters herein, I could and would competently do so.

2.      On December 27, 2021, Defendants' counsel contacted Plaintiff's counsel by email to request the parties meet and confer with regard to the issues presented in its Motion to Dismiss and/or Stay Plaintiff's Claims for Injunctive and Declaratory Relief.  A true and correct copy of said email chain is attached hereto as **Exhibit "A"** and incorporated by this reference herein.

3.      Pursuant to Local Rule 7-3, the parties engaged in telephonic discussions on December 28, 2021 in order to seek resolution of their issues.

4.      Despite a thorough discussion, the parties were unable to reach a resolution.

5.      The City Defendants therefore request the Court to hear and resolve their Motion.

I declare the foregoing is true and correct under penalty of perjury under the laws of the United States of California.  Executed this 4th day of January, 2022 in Orange, California.

*/s/ S. Frank Harrell*
**S. FRANK HARRELL**
**Declarant**

# EXHIBIT "A"

**Richard Kim**

| | |
|---|---|
| **From:** | Kahn, Matthew S. <MKahn@gibsondunn.com> |
| **Sent:** | Monday, December 27, 2021 4:46 PM |
| **To:** | Shel Harrell |
| **Cc:** | Warren Martin, Katherine; Shannon Gustafson; *** Jones_v_LA; Tamar G. Ellyin; Richard Kim; Jeanette M. Cuevas; Debra Miranda; jjeffery reilyjeffery.com |
| **Subject:** | Re: Deon Jones v. City of Los Angeles-  Plaintiff's FAC - LR 7-3 Meet and Confer re same |

CAUTION: This email originated from outside of Lynberg & Watkins. Do not click any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

Noon tmrw works, as I already said. Please send the dial in. Thanks.


Matthew S. Kahn
Gibson, Dunn & Crutcher LLP
mkahn@gibsondunn.com
Office: 415-393-8212
Mobile: 650-291-1745


On Dec 27, 2021, at 4:41 PM, Shel Harrell <sharrell@lynberg.com> wrote:


**[WARNING: External Email]**
Received Matt

As you know, the timeline for our required Rule 7-3 meeting is set by the Court and is keyed off the service date for Plaintiff's First Amended Complaint. No one here is attempting to complicate your Holiday plans. As already noted, we are amenable to another meeting date / time if that better fits your schedule. But a stipulation and proposed order will be required. Just let us know what works best for Plaintiff's team and we'll accommodate you.

If tomorrow does work, we can set our call for noon (PST). We'll circulate a dial in for our call once you confirm how you'd like to proceed.

Best,

SHEL

S. Frank Harrell, Esq.
Off: 714-937-1010     Fax: 714-937-1003

1100 W. Town & Country Rd., Suite 1450
Orange, California 92868
www.lynberg.com   www.linkedin.com

The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this email in error, please immediately notify me by 'Reply' command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lynberg & Watkins for any loss or damage arising in any way from its use.

**From:** Kahn, Matthew S. <MKahn@gibsondunn.com>
**Sent:** Monday, December 27, 2021 4:26 PM
**To:** Shel Harrell <sharrell@lynberg.com>; Warren Martin, Katherine <KWarren@gibsondunn.com>; Shannon Gustafson <sgustafson@lynberg.com>; *** Jones_v_LA <Jones_v_LA@gibsondunn.com>
**Cc:** Tamar G. Ellyin <tellyin@lynberg.com>; Richard Kim <rkim@lynberg.com>; Jeanette M. Cuevas <jcuevas@lynberg.com>; Debra Miranda <dmiranda@lynberg.com>; jjeffery reilyjeffery.com <jjeffery@reilyjeffery.com>
**Subject:** RE: Deon Jones v. City of Los Angeles- Plaintiff's FAC - LR 7-3 Meet and Confer re same

> CAUTION: This email originated from outside of Lynberg & Watkins. Do not click any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

Shel-

Thanks for your email.  Despite your demand that we meet with you in fewer than 24 hours on the week between Christmas and New Year's when even your own colleagues are away on vacation and you have known of your deadline for 6 days, we can meet and confer with you tomorrow before 11 am, between 12 and 2 pm, and after 3 pm.  In advance of our call, we suggest you review *Rosenblum v. Blackstone*, 2020 WL 1049916, at *9 (C.D. Cal. Jan. 22, 2020) and *Townsend Farms v. Goknur Gida*, 2016 WL 10570248, at *6 (C.D. Cal. Aug. 17, 2016) and that you be prepared to explain how Defendants are even permitted to make a motion to dismiss in this context.

Thanks.

Matt


**Matthew S. Kahn**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8212 • Fax +1 415.374.8466
MKahn@gibsondunn.com • www.gibsondunn.com

---

**From:** Shel Harrell <sharrell@lynberg.com>
**Sent:** Monday, December 27, 2021 3:20 PM
**To:** Warren Martin, Katherine <KWarren@gibsondunn.com>; Shannon Gustafson <sgustafson@lynberg.com>; *** Jones_v_LA <Jones_v_LA@gibsondunn.com>
**Cc:** Tamar G. Ellyin <tellyin@lynberg.com>; Richard Kim <rkim@lynberg.com>; Jeanette M. Cuevas

<jcuevas@lynberg.com>; Debra Miranda <dmiranda@lynberg.com>; jjeffery reilyjeffery.com
<jjeffery@reilyjeffery.com>
**Subject:** RE: Deon Jones v. City of Los Angeles- Plaintiff's FAC - LR 7-3 Meet and Confer re same

**[WARNING: External Email]**

Counsel,

As you aware, Plaintiff filed his First Amended Complaint on December 21, 2021.  As such, Defendants City of Los Angeles, LAPD and Chief Moore's responsive pleading is due within 14 days (or by January 4, 2021).  See, FRCP 15.

We write to request a meet and confer pursuant to Local Rule 7-3 prior to filing a Motion to Dismiss and/or Stay Plaintiff's Injunctive and Declaratory relief claims in the First Amended Complaint.

Defendants seek resolution of a number of issues. For starters, Plaintiff seeks injunctive relief pertaining to the use of "rubber bullets" by the LAPD -- an issue that is already being addressed by another court in another litigated matter.  Specifically, Judge Consuelo B. Marshall has already issued a preliminary injunction on this very issue in the BLM v. City of Los Angeles, Case No. 20-cv-05027-CBM-AS.  As such, comity principles require that Judge Wilson dismiss (or at minimum stay) Plaintiff's duplicative claims here:

> "The federal courts long have recognized that the principle of comity requires federal district courts — courts of coordinate jurisdiction and equal rank — to exercise care to avoid interference with each other's affairs. E.g., Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180 (1952); Covell v. Heyman, 111 U.S. 176, 182 (1884). "As between federal district courts, ... the general principle is to avoid duplicative litigation." Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) (dictum). The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result. E.g., id. at 818–20; Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93 (9th Cir.1982); Washington Metropolitan Area Transit Authority v. Ragonese, 617 F.2d 828 (D.C.Cir.1980); Calvert Fire Insurance Co. v. American Mutual Reinsurance Co., 600 F.2d 1228 (7th Cir.1979); Gregory-Portland Independent School District v. Texas Education Agency, 576 F.2d 81 (5th Cir.1978); Mann Manufacturing, Inc. v. Hortex, Inc., 439 F.2d 403 (5th Cir.1971). To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court. In particular, **"[a] court may ...**

*in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere*." <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 155 (1967); <u>see</u>, <u>Bergh v. Washington</u>, 535 F.2d 505, 507 (9th Cir.1976); <u>National Health Federation v. Weinberger</u>, 518 F.2d 711, 712 (7th Cir.1975).

<u>W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO</u>, 751 F.2d 721, 728–29 (5th Cir. 1985)(emphasis added and parallel cites omitted)


"[T]he doctrine of federal comity, [is] a discretionary doctrine which permits one district to decline judgment on an issue which is properly before another district." <u>Church of Scientology of Cal. v. U.S. Dep't of Army</u>, 611 F.2d 738, 749 (9th Cir. 1979) (overruled on other grounds by, <u>Animal Legal Defense Fund v. U.S. Food & Drug Admin.</u>, 836 F.3d 987 (9th Cir. 2016)). The comity principle "is ... designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." <u>Id.</u> at 750. In this regard, courts follow a first-to-file rule, which "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." <u>Id.</u> at 623. In determining the applicability of the first-to-file rule, courts look to three factors: (1) the chronology of the lawsuits, (2) the similarity of the parties, and (3) the similarity of the issues. <u>See</u>, <u>id.</u> at 625.

Applied here, Plaintiff's injunctive relief claim was filed six months ***after*** BLM. Like BLM, Plaintiff seeks to enjoin the use of "rubber bullets" – an issue which the BLM court has already addressed through multiple orders (which has already produced a preliminary injunction). Finally, the same Defendants would be subject to the injunctive relief sought in both BLM and in this action. And Plaintiff Jones is otherwise among the group of people that the BLM injunction is ostensibly designed to benefit. <u>See</u>, <u>Kohn Law Grp Inc. v. Auto Parts Mfg. Mississipi Inc</u>. 787 F. 3d 1237, 1240 (9th Cir. 2015)(the "first-to-file rule does not require the exact identity of the parties" but requires "only substantial similarity of parties.").


Alternatively, we believe Judge Wilson should stay litigation of Plaintiff Jones' injunctive relief claim in deference to Judge Marshall's ongoing BLM litigation. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." <u>Leyva v. Certified Grocers of</u>

California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979) (citing, Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180 (1952); Landis v. N. American Co., 299 U.S. 248, 254-55 (1936)(additional citations omitted)).

Setting aside principles of comity, there is already a preliminary injunction limiting the use of rubber bullets (and a California state law that will go into effect shortly also limiting the use of rubber bullets). Given these facts, Plaintiff also cannot establish the type of "imminent harm" required to state a claim for injunctive relief.

Plaintiff's claims for declaratory relief are also defective – given Plaintiff's ongoing § 1983 claims for monetary damages. See, Cervantes v. San Diego Police Chief Shelley Zimmerman, 2020 WL 5759752, at *21 (S.D. Cal. 2020), aff'd sub nom., Ramirez v. Zimmerman, 2021 WL 5104371 (9th Cir. 2021)("As to Plaintiffs' request for declaratory relief, the Court finds. . . that this claim is duplicative because Plaintiffs' remaining § 1983 claims necessarily determine the constitutionality of City Defendants' conduct, thus obviating the need for declaratory relief stating the same. See, Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1107 (9th Cir. 2011) (holding that courts must consider whether declaratory relief would "serve a useful purpose in clarifying the legal relations at issue"); see also, F.K. ex rel. A.K. v. Department of Educ., 2012 WL 5438989, *5 (D. Haw. 2012) ("Where a party seeks declaratory relief as to a claim or defense—or part of a claim or defense — the party has already raised, declaratory relief should be denied because it will not avoid impending litigation, and would neither clarify nor terminate the litigation"). Hence, the Court **GRANTS** summary judgment in City Defendants' favor as to Plaintiffs' claims for equitable relief."))(emphasis original and parallel cites omitted).

Please advise as to your availability on December 28, 2021 to meet and confer with me on the foregoing issues so that we can comply with Local Rule 7-3.  If Plaintiff needs additional time to review Defendants' cited authority, we are amenable to a stipulated extension of time for Defendants to respond to the First Amended Complaint.  Otherwise, Defendants must insist that Plaintiff's counsel meet and confer on December 28 to comply with Local Rule 7-3.

Please advise as to how you wish to proceed.

Best,

SHEL

S. FRANK HARRELL, ESQ.
Off: 213-6248700    Fax: 213-892-2763

\<image003.png\>

1150 S. Olive St. , Suite 1800
Los Angeles, California 90015
www.lynberg.com     www.linkedin.com

The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this email in error, please immediately notify me by 'Reply' command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lynberg & Watkins for any loss or damage arising in any way from its use.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.