Janine K. Jeffery, Esq. CBN 112639
  Jjeffery@reilyjeffery.com
REILY & JEFFERY, INC.
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
Telephone:  (818) 350-6282
Fax No.:  (818) 350-6283

Attorneys for Defendant, Officer Peter Bueno

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, LOS ANGELES POLICE DEPARTMENT, a municipal entity, and PETER BUENO,<br><br>                    Defendants. | CASE NO. 2:20-cv-11147-SVW-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS A CLAIM IN THE FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**<br><br>*(Filed Concurrently with Notice of Motion and [Proposed] Order)*<br><br>Date:    February 14, 2022<br>Time:    1:30 p.m.<br>Crtm.:   10A, 10th Floor<br><br>Hon. Stephen V. Wilson<br>United States District Court Judge |

Defendant Peter Bueno submits the following points and authorities in support of his motion to dismiss a claim pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6).

///

///

///

///

1

## I.   **INTRODUCTION**

This motion presents the straightforward issue of whether Plaintiff can bring a claim for relief for a violation of his substantive due process rights when the rights at issue are explicitly based on the First and Fourth Amendments.  The law, as established by the United States Supreme Court, is that he may not do so.  For this reason, Defendant seeks dismissal of Plaintiff's third claim for relief.

## II.   **STATEMENT OF ALLEGED FACTS**

On May 30, 2019, Plaintiff was present at a protest against the actions of police officers in connection with the death of Floyd George.  (FAC ¶ 31)  At the time of the incident at issue, the protest had been declared an unlawful assembly pursuant to Penal Code Section 407 due to the violence involved, including but not limited to the fact that police cars were being destroyed.  Despite the fact that dispersal orders were given, Plaintiff remained in the Trader Joe's parking lot.  (FAC ¶¶ 37, 40)  While Plaintiff was in the Trader Joe's parking lot, Plaintiff claims that Officer Bueno "aimed and fired a rubber bullet at Mr. Jones from close range, striking Mr. Jones in the face just below his right eye."  (FAC, ¶ 5)  Plaintiff claims that after being struck, he "turned and ran down a pedestrian alley but soon collapsed onto the sidewalk."  *Id.*

In this action, Plaintiff has alleged the following seven claims for relief against each of the City of Los Angeles, the Los Angeles Police Department, Chief Moore in his individual and official capacity, and Officer Bueno in his individual and official capacity[1]:  1) violation of the First Amendment to the United States

---

[1]  While not at issue in this motion as it was not raised in the Rule 7-3 meeting, Plaintiff is also improperly doubling up on his defendants by suing the City of Los Angeles, the Los Angeles Police Department, Chief Moore in his official capacity, and Officer Bueno in his official capacity, all of whom are the one and the same.  *See Rosas v. Baca*, No. CV 12-00428-DDP (SHX), 2012 U.S. Dist. LEXIS 37930, 2012 WL 933609, at *2 (C.D. Cal. Mar. 20, 2012) (dismissing claims against three of four individual defendants sued in their official capacities as duplicative); *Thomas v. Baca,* No. CV 04-08448-DDP (SHX), 2006 U.S. Dist. LEXIS 3706, 2006 WL 132078, at *1 (C.D. Cal. Jan. 13, 2006) (dismissing claims against six of seven individual defendants sued in their official capacities as duplicative).

Constitution (under 42 U.S.C. § 1983) (FAC, ¶¶ 107-114); 2) violation of the Fourth Amendment to the United States Constitution (under 42 U.S.C. § 1983) (FAC, ¶¶ 115-122); 3) violation of the Fourteenth Amendment to the United States Constitution (under 42 U.S.C. § 1983) (FAC, ¶¶ 123-128); 4) denial of freedom of speech under the California Constitution with a demand that Defendants be "enjoined from deploying Rubber Bullets against protesters" (FAC, ¶¶ 129-135, quoting ¶ 133); 5) denial of freedom of assembly under the California Constitution with a demand that Defendants be "enjoined from deploying Rubber Bullets against protesters" (FAC, ¶¶ 136-140, quoting ¶ 138); 6) denial of Due Process under the California Constitution" with a demand that Defendants be "enjoined from deploying Rubber Bullets against protesters" (FAC, ¶¶ 136-140, quoting ¶ 138); and 7) denial of the rights against search and seizure under the California Constitution with a demand that Defendants be "enjoined from deploying Rubber Bullets against protesters" (FAC, ¶¶ 146-150, quoting ¶ 148).  In the State law causes of action, in addition to the demand for injunctive relief against the use of rubber bullets, Plaintiff has requested declaratory relief.  (See FAC, ¶¶ 135, 140, 145, 150)

By this motion, Defendant Bueno asks the Court to dismiss the third claim for relief alleging a violation of Plaintiff's substantive due process.  The request for dismissal is made under *Graham v. Conner*, 490 U.S. 386 (1989), on the ground that both the First and Fourth Amendments of the United States Constitution provide explicit textual sources of constitutional protection.  Defendant has also filed a joinder to the motion to dismiss filed on behalf of the City Defendants regarding Plaintiff's claims for injunctive and declaratory relief.  (ECF # 103).  That motion is currently scheduled for hearing on February 7, 2022.  (*Id.*)

## III.   PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM SHOULD BE DISMISSED

A plaintiff may not advance a substantive due process claim if "a particular Amendment 'provides an explicit textual source of constitutional protection'"

1  against government misconduct.  *County of Sacramento v. Lewis*, 523 U.S. 833, 842

2  (1998).  As the United States Supreme Court explicitly held in *Graham v. Connor*,

3  490 U.S. 386, 388 (1989), over thirty years ago:

4     This case requires us to decide what constitutional standard

5     governs a free citizen's claim that law enforcement officials

6     used excessive force in the course of making an arrest,

7     investigatory stop, or other "seizure" of his person.  We hold

8     that such claims are properly analyzed under the Fourth

9     Amendment's "objective reasonableness" standard, *rather than*

10    *under a substantive due process standard.*  (Emphasis

11    supplied.)

12     The United States Supreme Court reaffirmed the *Graham* rule in *Albright v.*

13  *Oliver*, 510 U.S. 266 (1994), where the plaintiff alleged that the defendants violated

14  his substantive due process rights by initiating a criminal prosecution without

15  probable cause to believe he had violated state law.  *Id*. at 269.  The Court noted that

16  "the Framers considered the matter of pretrial deprivations of liberty, and drafted the

17  Fourth Amendment to address it." *Id.* at 273. Because an explicit textual provision

18  of the constitution protected against the area of governmental conduct challenged by

19  the plaintiff, the Court held that *Graham* precluded the plaintiff from obtaining

20  additional relief under the "scarce and open-ended guideposts" of substantive due

21  process.  *Id*. at 273-274.  See also *Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th

22  Cir. 2001) (In the context of a First Amendment claim, the Court recognized that

23  "If, in a § 1983 suit, the plaintiff's claim can be analyzed under an explicit textual

24  source of rights in the Constitution, a court should not resort to the 'more subjective

25  standard of substantive due process.'")

26     In this case, in disregard of *Graham v. Conner* and its progeny, Plaintiff is

27  attempting to "double up" on his constitutional claims by alleging violations of the

28  same rights 1) under the First Amendment and under a substantive due process

4

analysis; and 2) under the Fourth Amendment and under a substantive due process analysis.  As such, Plaintiff's substantive due process claim should be dismissed.

## IV.    <u>CONCLUSION</u>

Plaintiff's Third Claim for Relief alleging a violation of his substantive due process rights should be dismissed, without leave to amend, on the ground that the correct sources for analysis of his rights are the First and Fourth Amendments.

Dated:  January 14, 2022              REILY & JEFFERY, INC.


                                        */S/ Janine K. Jeffery*
                                        Janine K. Jeffery
                                        Attorney for Defendant
                                        Officer Peter Bueno