GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*pro hac vice*)
  OSnyder@gibsondunn.com
KATHERINE MARQUART, SBN 248043
  KMarquart@gibsondunn.com
KARIN PORTLOCK (*pro hac vice*)
  KPortlock@gibsondunn.com
LEE R. CRAIN (*pro hac vice*)
  LCrain@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035

MATTHEW S. KAHN, SBN 261679
  MKahn@gibsondunn.com
KATHERINE W. MARTIN, SBN 307403
  KWarren@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel.: 415.393.8200
Fax: 415.393.8306

LAUREN M. BLAS, SBN 296823
  LBlas@gibsondunn.com
JILLIAN N. LONDON, SBN 319924
  JLondon@gibsondunn.com
COURTNEY M. JOHNSON, SBN 324331
  CJohnson2@gibsondunn.com
TIMOTHY D. BICHE, SBN 293363
  TBiche@gibsondunn.com
MACKENZIE A. MCCULLOUGH, SBN 324343
  MMcCullough@gibsondunn.com
333 South Grand Avenue, Suite 4600
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fax: 213.229.7520

Attorneys for Plaintiff Deon Jones

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES, an individual,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, in his official capacity as Chief of the Los Angeles Police Department, LOS ANGELES POLICE DEPARTMENT, and PETER BUENO,<br><br>            Defendants. | **CASE NO. 2:20-cv-11147-SVW-SK**<br><br>**OPPOSITION TO DEFENDANT BUENO'S MOTION TO STRIKE PURSUANT TO RULE 12(f)**<br><br>Judge: Hon. Stephen V. Wilson<br>Trial Date: June 28, 2022 |

Gibson, Dunn & Crutcher LLP

# CONTENTS

TABLE OF AUTHORITIES ............................................................................................ iii

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 2

LEGAL STANDARD ....................................................................................................... 3

ARGUMENT ..................................................................................................................... 5

    A.    Historical References To Race Discrimination ............................... 5

    B.    Allegations About The Murder Of George Floyd And Other Incidents Of Police Brutality ......................................................... 7

    C.    Allegations Regarding Defendants' Attempt To Hide Officer Bueno's Identity ............................................................................. 8

    D.    Allegations Regarding Officer Bueno's Prior Excessive Use Of Force ........................................................................................ 10

    E.    Prior Police Brutality Settlement Agreements Against LPAD ...... 11

    F.    Citations To Newspaper Articles, Internet Posts, And Magazine Articles In Support Of The FAC's Allegations ............ 12

    G.    Officer Bueno Identifies No Prejudice From Any Allegation He Identifies ................................................................................. 13

CONCLUSION ............................................................................................................... 14

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

**CASES**

*In re 2TheMart.com, Inc. Sec. Litig.*,
   114 F. Supp. 2d 955 (C.D. Cal. 2000) ............................................................... 4

*Avants v. Prospect Mortg., LLC*,
   987 F. Supp. 2d 1218 (D.N.M. 2013) ................................................................ 5

*Bautista v. Los Angeles Cty.*,
   216 F.3d 837 (9th Cir. 2000) ............................................................................. 3

*Consumer Sols. REO, LLC v. Hillery*
   658 F. Supp. 2d 1002 (N.D. Cal. 2009) ............................................................. 5

*Corrections USA v. Dawe*,
   504 F. Supp. 2d 924 (E.D. Cal. 2007) ............................................................. 14

*DynCorp v. GTE Corp.*,
   215 F. Supp. 2d 308 (S.D.N.Y. 2002) ......................................................... 3, 11

*Ellison v. Autozone Inc.*,
   2007 WL 2701923 (N.D. Cal. Sept. 13, 2007) .................................................. 4

*Est. of Osuna v. Cnty. of Stanislaus*,
   392 F. Supp. 3d 1162 (E.D. Cal. 2019) ........................................................... 10

*Ewing v. U.S. Healthcare Supply, LLC*,
   2021 WL 4358508 (S.D. Cal. Sept. 24, 2021) ................................................... 9

*Healing v. Jones*,
   174 F. Supp. 211 (D. Ariz. 1959) ...................................................................... 5

*Jacobson v. Schwarzenegger*,
   226 F.R.D. 395 (C.D. Cal. 2005) ...................................................................... 5

*Jones v. City of Los Angeles*,
   2021 WL 6496719 (C.D. Cal. June 24, 2021) ................................................... 9

*LeDuc v. Kentucky Cent. Life Ins. Co.*,
   814 F. Supp. 820 (N.D. Cal. 1992) .......................................................... 6, 8, 13

*Lien v. City of San Diego*,
   2021 WL 2072385 (S.D. Cal. May 21, 2021) .................................................... 7

Gibson, Dunn & Crutcher LLP

*Lobaton v. City of San Diego*,
　2015 WL 7864186 (S.D. Cal. Dec. 2, 2015) ............................................................. 9

*Lopez v. City of Fontana*,
　2020 WL 6694337 (C.D. Cal. Sept. 17, 2020) ................................................... 11, 12

*Makaeff v. Trump Univ., LLC*,
　2011 WL 1872886 (S.D. Cal. May 16, 2011) ....................................................... 13

*McClellan v. City of Sacramento*,
　2021 WL 1164487 (E.D. Cal. Mar. 26, 2021) ....................................................... 12

*McHenry v. Renne*,
　84 F.3d 1172 (9th Cir. 1996) ................................................................................... 5

*Monster Energy Co. v. Vital Pharms., Inc.*,
　2019 WL 2619666 (C.D. Cal. May 20, 2019) .............................................. 7, 9, 14

*Murphy v. Directv, Inc.*,
　2011 WL 3328393 (C.D. Cal. Feb. 11, 2011) ....................................................... 11

*New York City Employees' Ret. Sys. v. Berry*,
　667 F. Supp. 2d 1121 (N.D. Cal. 2009) ................................................................ 14

*RDF Media Ltd. v. Fox Broad. Co.*,
　372 F. Supp. 2d 556 (C.D. Cal. 2005) ............................................................. 3, 13

*S.E.C. v. Gendarme Cap. Corp.*,
　2012 WL 346457 (E.D. Cal. Jan. 31, 2012) ........................................................ 5, 9

*S.E.C. v. Sands*,
　902 F. Supp. 1149 (C.D. Cal. 1995) ..................................................................... 14

*Shabaz v. Polo Ralph Lauren Corp.*,
　586 F. Supp. 2d 1205 (C.D. Cal. 2008) ............................................................. 3, 4

*Sidney-Vinstein v. A.H. Robins Co.*,
　697 F.2d 880 (9th Cir. 1983) ................................................................................... 5

*Survivor Prods. LLC v. Fox Broad. Co.*,
　2001 WL 35829267 (C.D. Cal. June 12, 2001) ..................................................... 13

*Turner v. Myers*,
　2010 WL 11508434 (S.D. Cal. June 18, 2010) ....................................................... 8

Gibson, Dunn &
Crutcher LLP

iv

*Zarichny v. Complete Payment Recovery Services, Inc.*,
    80 F. Supp. 3d 610 (E.D. Pa. 2015) .................................................................. 4, 5

**RULES**

Fed. R. Civ. P. 1 ........................................................................................................ 3

Fed. R. Civ. P. 8 ........................................................................................................ 3

Fed. R. Civ. P. 12 ............................................................................................ *passim*

L.R. 6-1 ...................................................................................................................... 3

L.R. 7-9 ...................................................................................................................... 3

**TREATISES**

Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) ............................... 4, 9

**CONSTITUTIONAL PROVISIONS**

U.S. Const., amend. I ....................................................................................... 6, 7, 12

# INTRODUCTION

Plaintiff Deon Jones filed this civil rights action in December 2020, after he was shot in the face by Los Angeles Police Department ("LAPD") Officer Peter Bueno. He seeks to hold accountable not only Officer Bueno but also the City of Los Angeles, the LAPD, and LAPD Chief Moore for the decades-long custom and practice that led to Officer Bueno's entirely unjustified shooting.

Mr. Jones' First Amended Complaint ("FAC") is comprehensive. It describes what happened to him in extensive detail and also provides critical factual context to support his claims. Tellingly, no defendant has ever challenged the substance of his claims in a motion to dismiss.

Instead, Officer Bueno seeks to strike certain allegations from the FAC under Rule 12(f). He argues that six categories of allegations should be stricken, including:

1. "[H]istorical references to race discrimination," Mot. at 6;
2. "[D]etails about the murder of George Floyd along with other instances of alleged police brutality," *id.*;
3. "[W]hat Plaintiff has done to identify the 'shooter,'" who was originally sued as a John Doe in this action, and Defendants' attempts to suppress his identity, *id.*;
4. An "allegation about alleged excessive use of force by Officer Bueno over 15 years ago," *id.* at 7;
5. Settlements in prior police brutality cases against Defendant LAPD, *id.* at 7; and
6. "[A]t least 30 references to newspaper articles, internet posts, and magazine articles," *id.* at 7, that serve as citations in support of Mr. Jones' allegations.

Officer Bueno's motion is frivolous. Each and every category of allegations he identifies is not only appropriate but necessary. Certainly none qualifies for striking under Rule 12(f). For example, Mr. Jones' allegations about the murder of George Floyd are appropriate and necessary considering Mr. Jones was shot in the face by a

police officer while peacefully protesting that very murder—a murder committed by a police office. Likewise, allegations about settlements in police brutality cases against Defendant LAPD are appropriate. Such settlements are relevant to proving an unconstitutional custom or practice in a *Monell* case. And Officer Bueno offers no authority for the proposition that including citations in a complaint is somehow forbidden.

Distilled down, Officer Bueno's true purpose here is to censor facts and allegations he does not like. That is not a proper basis for a Rule 12(f) motion. This Court should deny the motion in full.

## BACKGROUND

On May 30, 2020, Mr. Jones participated in a peaceful protest of the murder of George Floyd. FAC ¶ 36. Eventually, the protest encountered a line of LAPD officers outfitted in full riot gear. *Id.* ¶ 37. The officers ordered the protesters to disperse, even as they deployed crowd control tactics that locked the protesters in place. *Id.* ¶¶ 38, 39. While Mr. Jones was attempting to comply with LAPD demands and leave the scene, LAPD Officer Peter Bueno shot him in the face with a rubber bullet. *Id.* ¶¶ 41, 52.

Officer Bueno's shooting of Mr. Jones was not an isolated incident. Instead, it was the entirely foreseeable result of the other Defendants' unconstitutional, decades-long customs and practices. *Id.* ¶¶ 80–81. The LAPD's appalling misconduct on May 30, 2020 reflects its longstanding pattern of using rubber bullets against individuals who are not subject to arrest, violently resisting arrest, or posing an immediate threat of violence or physical harm to anyone—all in complete disregard of the U.S. and California Constitutions. *Id.* All of this is well documented, as the FAC alleges in detail. *See, e.g.*, *id.* ¶¶ 80–82, n.40.

Mr. Jones filed this action on December 9, 2020 seeking to vindicate his constitutional rights and put a stop to the LAPD's pattern and practice of unconstitutional conduct. Dkt. 1. At the time he filed suit, Mr. Jones was unable to

1 identity the LAPD officer who shot him. *Id.* ¶¶ 20–21. Mr. Jones engaged in months
2 of contentious discovery, during which Defendants—including Officer Bueno—
3 repeatedly attempted to shield Officer Bueno's identity as the shooter. FAC ¶¶ 64–67.
4       On November 12, 2021, after the production of the smoking gun, long-withheld
5 LAPD Force Investigation Division report, Mr. Jones moved to amend his complaint
6 to name Officer Bueno as the individual that shot him in the face with the rubber
7 bullet. The Court granted that motion on December 20, 2021. Dkt. 87. Officer Bueno
8 now moves to strike various allegations within Mr. Jones' FAC.[1]

## LEGAL STANDARD

10       Motions to strike are rare, discouraged by courts, and face an exceedingly high
11 burden. As a decision from this Court cited by Officer Bueno himself makes clear,
12 "[m]otions to strike are generally disfavored because of the limited importance of
13 pleadings in federal practice and because it is usually used as a delaying tactic." *RDF*
14 *Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). "When
15 ruling on a motion to strike, the court must view the pleading under attack in the light
16 most favorable to the pleader." *Id.*[2]

17       Motions to strike "are generally not granted unless it is clear that the matter to
18 be stricken could have no possible bearing on the subject matter of litigation." *Shabaz*

---

[1] Consistent with defense counsel's needlessly sharp tactics, Officer Bueno filed his motion to strike and motion to dismiss four days before they were due. The result, as counsel was well aware, was that Mr. Jones had seven fewer days to respond than he would have had Officer Bueno filed his motion when due. *See* L.R. 6-1, L.R. 7-9. Further, when Mr. Jones asked Officer Bueno's counsel and counsel for the other Defendants to agree to consolidate all pending Rule 12 motions into one hearing with consolidated briefing, Officer Bueno's counsel inexplicably declined. This Court should admonish Officer Bueno's counsel for disregarding the fundamental principles of the Federal Rules of Civil Procedure and for needlessly increasing costs and hampering the efficient resolution of this action. Fed. R. Civ. P. 1.

[2] Officer Bueno also asserts that Rule 8 "offer[s] a further basis on which to strike," Mot. at 4, but never explains how Mr. Jones' allegations allegedly violate Rule 8. Nor do any of the Rule 8 cases on which Officer Bueno relies involve a motion to strike. *See, e.g.*, *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 841 (9th Cir. 2000) (motion to dismiss); *DynCorp v. GTE Corp.*, 215 F. Supp. 2d 308, 310 (S.D.N.Y. 2002) (same).

Gibson, Dunn & Crutcher LLP

3

*v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008) (internal quotation marks and citation omitted). "If there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (emphasis in original). Invoking this forbidding standard, "[c]ourts have denied Rule 12(f) motions even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." *Ellison v. Autozone Inc.*, 2007 WL 2701923, at *1 (N.D. Cal. Sept. 13, 2007) (internal quotation marks and citation omitted). In fact, courts agree that motions to strike should generally be denied, especially those brought for "redundant, immaterial, impertinent, or scandalous matter":

> [F]ederal judges have made it clear . . . that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," . . . that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.

Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.).

The cases Officer Bueno relies on do not suggest otherwise. Instead, Officer Bueno has cherrypicked a handful of misleading quotations from cases that actually confirm his motion fails. For example, he quotes from *Zarichny v. Complete Payment Recovery Services, Inc.*, 80 F. Supp. 3d 610 (E.D. Pa. 2015), to assert that "the purpose of a motion to strike it so 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" *See* Mot. at 3 (quoting 80 F. Supp. 3d at 615). But the sentence immediately prior to this quotation confirms the correct standard of review: "courts usually deny such motions unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if

the allegations confuse the issues in the case." 80 F. Supp. 3d at 615.[3]

## ARGUMENT

Officer Bueno takes issue with six different categories of statements contained in the FAC, arguing in conclusory fashion that Mr. Jones' allegations are "immaterial, impertinent or scandalous or all three." Mot. at 6. None of his arguments come close to clearing the high threshold for granting a motion to strike. The Court should deny Officer Bueno's motion in full. *See S.E.C. v. Gendarme Cap. Corp.*, 2012 WL 346457, at *2 (E.D. Cal. Jan. 31, 2012) ("If every paragraph in every complaint could be stricken simply because a defendant took umbrage, there would be very few complaints that could pass Rule 12(b)(6) muster.").

### A. Historical References To Race Discrimination

Officer Bueno objects to historical references to race discrimination and police brutality in this country, Mot. at 6, but fails to cite to any case law supporting the striking of these references.[4] Nor could he. The law is clear that "background or

---

[3] Confirming the frivolous nature of his motion, Officer Bueno also relies on cases that bear not even a passing factual resemblance to Mr. Jones' FAC. By way of example, *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983), involved an appeal from an order striking a motion to reconsider. *Id.* at 885. *Avants v. Prospect Mortgage, LLC* involved a motion to strike a jury demand. 987 F. Supp. 2d 1218, 1221 (D.N.M. 2013). And in *Consumer Solutions REO, LLC v. Hillery*, the court did not rule on the motion to strike at all because it was moot. 658 F. Supp. 2d 1002, 1021 (N.D. Cal. 2009). Officer Bueno's repeated citations to *Jacobson v. Schwarzenegger*, 226 F.R.D. 395 (C.D. Cal. 2005), and *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996), are similarly misleading. In *Jacobson*, a *pro se* plaintiff filed a two-hundred page complaint and four-hundred page appendix. 226 F.R.D. at 396. In *McHenry*, the plaintiff filed a complaint including "a single sentence thirty lines long, . . . without any specification of which of the twenty named defendants or John Does is liable for which of the wrongs." 84 F.3d at 1175. Officer Bueno does not (and cannot) argue Mr. Jones' FAC is comparable at all.

[4] Bueno makes passing reference to *Healing v. Jones*—a 60-year-old case from the District of Arizona. 174 F. Supp. 211 (D. Ariz. 1959). In that case, the court struck historical allegations dating back 77 years that were relevant only for the narrow purpose of showing that Native tribes were occupying certain lands on a particular date. *Id.* at 220. Here, by contrast, Mr. Jones' historical allegations—the oldest of which is a single sentence referring to the civil rights struggle that has been ongoing for "the past 75 years," FAC ¶ 1—are highly relevant to his *Monell* claims, which depend on Defendants' custom and practice over decades. Furthermore, the court

*(Cont'd on next page)*

Gibson, Dunn & Crutcher LLP

5

historical material" is relevant and should not be stricken "unless it is clear that [it] could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (citations omitted). "Where allegations, when read with the complaint as a whole, give a full understanding thereof, they need not be stricken." *Id.* The allegations contained in Mr. Jones' FAC easily meet this permissive standard for two reasons.

*First*, and most obviously, the long and painful history of racism and police brutality in America provides a necessary backdrop for understanding the events leading up to Mr. Jones' shooting. This history contextualizes the racial justice protests that sprang up in response to the killing of George Floyd. And they help establish the viewpoint that undergirds his First Amendment viewpoint-discrimination claim. *See* FAC ¶¶ 8, 17, 108. Without that historical context and background as to *why* Mr. Jones was protesting, it would be difficult to establish what his viewpoint was—let alone that he was retaliated or discriminated against for it. One of the very paragraphs Officer Bueno purports to challenge makes clear the relevance of the past to Mr. Jones' protesting:

> Following Mr. Floyd's murder, large protests broke out in communities across the country, including here in Los Angeles. Like many Americans, and particularly as a Black man, Mr. Jones was deeply saddened and distressed by Mr. Floyd's murder. In the days that followed, drawing on his background in politics and social justice, Mr. Jones organized and attended a number of protests in downtown Los Angeles, where demonstrations have been held continuously since. Together, Mr. Jones and others lent their voices to an enduring movement that started at the Founding of our Nation demanding—at long last—racial justice in America.

---

in *Healing* denied the motion to strike as to more recent allegations (*i.e.*, fewer than 77 years old), noting that their "pertinence, which may in some respects now seem doubtful, may later appear entirely appropriate." 174 F. Supp. at 220.

Gibson, Dunn & Crutcher LLP

6

*Id.* ¶ 31.

Officer Bueno's own proffered case law confirms even "clearly inflammatory" and "arguably conclusory and irrelevant" allegations should not be stricken where they are "conceivably relevant to Plaintiffs' First Amendment" viewpoint discrimination claim. *Lien v. City of San Diego*, 2021 WL 2072385, at *25–26 (S.D. Cal. May 21, 2021). Mr. Jones does not deny the history here is inflammatory. That is *why* he was protesting, as the FAC itself makes plain. Officer Bueno's attempt to whitewash the past and decontextualize the present should be rejected.

*Second*, the history of racial discrimination experienced by Mr. Jones and countless other Black Americans helps explain the emotional distress Mr. Jones alleges he has suffered, and continues to suffer, as a result of Defendants' unconstitutional actions. *See* FAC ¶¶ 21, 56; Dkt. 101-2 at 72–73. The history is therefore also relevant to his claims for damages. *See Monster Energy Co. v. Vital Pharms., Inc.*, 2019 WL 2619666, at *18 (C.D. Cal. May 20, 2019) (finding allegations relevant "either as 'background or historical material' or in support of [plaintiff's] requests for punitive damages" (citation omitted)).

Officer Bueno may want to hide from the past. He may believe that Mr. Jones' viewpoint is irrelevant or unworthy of constitutional protection. But it is not. And Officer Bueno has no basis for silencing Mr. Jones on these critical issues.

### B. Allegations About The Murder Of George Floyd And Other Incidents Of Police Brutality

Officer Bueno's next argument is similarly flawed. He seeks to strike random paragraphs in the FAC (¶¶ 4, 29, 30, 60) that mention George Floyd's murder as well as other incidents in which the LAPD has deployed excessive force against peaceful protesters. There is no valid basis for his request.

*First*, the allegations regarding George Floyd's murder, much like the historical allegations addressed in Officer Bueno's first category, explain the impetus for the protests that occurred on May 30, 2020, including Mr. Jones' involvement in them.

They provide context for the purpose of the protest and the viewpoint of the protesters. Officer Bueno may want to disassociate himself from these egregious instances of police misconduct. But that alone doesn't give him a basis to strike these allegations.

*Second*, Officer Bueno says the FAC's references to protests against then-District Attorney Jackie Lacey and other instances of the LAPD shooting individuals with rubber bullets "have nothing to do with this case." Mot. at 6. But the relevance of these allegations is obvious. These incidents aid Mr. Jones in establishing the LAPD's longstanding unconstitutional pattern or practice for his *Monell* claims. They also help him advance his request for prospective injunctive relief. Seeking that relief requires Mr. Jones to prove the violence he suffered at the LAPD's hands is likely to recur. How else to do that than to allege that *the LAPD keeps doing it?* It is telling *none* of the Defendants challenge Mr. Jones' standing to seek injunctive relief. Officer Bueno's motion to strike with respect to this second category should be denied.

### C. Allegations Regarding Defendants' Attempt To Hide Officer Bueno's Identity

Officer Bueno next contends allegations about Officer Bueno's obstruction of Mr. Jones' discovery efforts should be stricken as irrelevant and "pejorative." Mot. at 7:11–14. These allegations are relevant and proper.

*First*, the allegations provide critical background for this lawsuit's procedural history. *See Turner v. Myers*, 2010 WL 11508434, at *2 (S.D. Cal. June 18, 2010) (denying motion to strike "portions of the Complaint [that] supply background information about the underlying litigation and provide a full understanding of the Complaint as a whole"); *LeDuc*, 814 F. Supp. at 830. Specifically, Mr. Jones expended considerable effort to gain access to sufficient discovery to identify Officer Bueno as his shooter. And it took him a long time to do so. It was important—particularly for his motion for leave to amend—to make clear what caused his delay. For that reason, allegations concerning Mr. Jones' discovery efforts are necessary to provide a "full understanding" of the FAC. *See Turner*, 2010 WL 11508434, at *2; *see*

Gibson, Dunn & Crutcher LLP

*also, e.g.*, FAC ¶ 15 (alleging material obtained during discovery "confirms Officer Bueno is a proper Defendant to sue in this case").

Officer Bueno attempts to have these allegations stricken on the basis that they offend Officer Bueno's counsel's honor and penalize Officer Bueno for defending himself in a deposition. Mot. at 7:2–4, 7:11–14. But the case law is clear that these are insufficient bases on which to warrant striking the allegations. "It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." *See Lobaton v. City of San Diego*, 2015 WL 7864186, at *2 (S.D. Cal. Dec. 2, 2015) (quoting 5C Fed. Prac. & Proc. Civ. § 1382); *Monster Energy Co.*, 2019 WL 2619666, at *17 (similar).[5]

*Second*, Mr. Jones' allegations speak directly to Defendants' pattern of ongoing obstruction and stonewalling during discovery. *See* FAC ¶¶ 10, 15–16, 64–72. This is relevant to Mr. Jones' *Monell* claims, through which he seeks "to recover for his injuries and to hold the LAPD accountable for its unconstitutional conduct *and its ensuing coverup*." FAC ¶ 16 (emphasis added).[6] Similarly, the lengths they took to conceal Officer Bueno's identity as the shooter reveals Defendants' clear consciousness of guilt. Allegations like these that "set forth relevant, material and pertinent factual assertions against defendants" should not be stricken. *See Gendarme Cap. Corp.*, 2012 WL 346457, at *2; *cf. Jones v. City of Los Angeles*, 2021 WL 6496719, at *5 (C.D. Cal. June 24, 2021) (holding, where plaintiff alleged defendants

---

[5] The one case Officer Bueno cites in support his argument, *Ewing v. U.S. Healthcare Supply, LLC*, 2021 WL 4358508, at *3 (S.D. Cal. Sept. 24, 2021), is inapposite. There, unlike here, the challenged allegations were "unsupported" and consisted of "personal attacks" against the defendants, "references to irrelevant information," and "accusations of perjury," and the plaintiff's "improper and abusive filings" had been repeatedly stricken. *Id.* In contrast, the FAC's challenged allegations accurately describe Officer Bueno's attempt to obstruct discovery, without engaging in personal attacks. *See* FAC ¶¶ 64–72.

[6] Notably, Officer Bueno does not seek to strike this paragraph of the FAC.

*(Cont'd on next page)*

Gibson, Dunn & Crutcher LLP

took actions during prior litigation to "conceal" misconduct, allegations sufficient to support claim for *Monell* liability).

### D. Allegations Regarding Officer Bueno's Prior Excessive Use Of Force

Officer Bueno says allegations about his "excessive use of force . . . over 15 years before the incident in question" constitute an "improper attempt . . . to impugn [his] character and raise irrelevant material."[7] Mot. at 7:15–19. Specifically, the FAC alleges:

> In 2004, during the arrest of an unarmed and subdued individual, Officer Bueno was filmed kneeing on the subject's midsection while more than five other officers held and handcuffed the suspect. Despite having eight years of police experience at this point, Officer Bueno willingly violated LAPD use of force policies by striking an individual who had already been detained, was not attempting to escape, and was otherwise incapable of resisting arrest. After a yearlong investigation of this arrest and associated excessive force allegations, then-LAPD Chief William Bratton recommended that Officer Bueno and other officers be disciplined. Officer Bueno was suspended for six days without pay.

FAC ¶ 27. Officer Bueno claims these allegations are "inaccurate and misleading" but does not explain why. Nor could he, given the serious discipline imposed against him and the video evidence as alleged.

Regardless of whether his prior misconduct "impugns" his character, courts in this Circuit have been clear that allegations of prior incidents of excessive use of force are relevant in civil rights actions. *See, e.g.*, *Est. of Osuna v. Cnty. of Stanislaus*, 392

---

[7] Although Bueno argues paragraph 64 of the FAC should be stricken on this basis, that paragraph contains no mention of a prior excessive force incident involving him. *See* FAC ¶ 64.

F. Supp. 3d 1162, 1173 (E.D. Cal. 2019) (finding allegations of prior incidents of excessive use of force sufficient to allege *Monell* claim). And, to the extent Officer Bueno argues that the challenged allegations should be stricken because they are "scandalous," his argument likewise is misplaced. The allegations cannot be said to "unnecessarily reflect[] on [his] moral character" or use "repulsive language" that "detracts from the dignity of the court." *See Murphy v. Directv, Inc.*, 2011 WL 3328393, at *1 (C.D. Cal. Feb. 11, 2011) (internal quotations and citations omitted). These allegations simply report the facts.

At bottom, Officer Bueno's motion appears to be nothing more than a premature motion *in limine*. But whether these incidents come into evidence at trial is a question for another day. The Court should decline to strike these allegations.

### E. Prior Police Brutality Settlement Agreements Against LAPD

Officer Bueno takes issue with the FAC's references to prior settlement agreements entered into by the LAPD. Without citing a single case in support, Officer Bueno merely repeats his conclusory argument that these agreements "have nothing whatsoever to do with this case." Mot. at 7:21–22. Officer Bueno's argument could not be more wrong. These agreements are directly relevant to Mr. Jones' *Monell* claims.[8]

By way of example, one such settlement agreement arose from a case brought to challenge LAPD brutality at the May Day protests in MacArthur Park in 2007. *See* FAC ¶ 81. Given the LAPD's then-ongoing failure to train its officers to perform their

---

[8] Officer Bueno does cite *DynCorp v. GTE Corp.*, 215 F. Supp. 2d 308, 318 (S.D.N.Y. 2002), but it is irrelevant. *DynCorp* involved a claim for breach of contract in which one count in the complaint rehashed "numerous incidents of alleged wrongful behavior on the part of" the defendant that had nothing to do with the only portions of the agreement under which the claims could proceed. *Id.* The court's decision to strike those allegations of prior misconduct has no relevance here, where the *Monell* claims put Defendants' prior unconstitutional conduct squarely at issue. *See Lopez v. City of Fontana*, 2020 WL 6694337, at *3–4 (C.D. Cal. Sept. 17, 2020) (denying motion to strike allegations of prior excessive force because that "underlying conduct, and whether it constitutes an unconstitutional custom or practice or a failure to train, is the gravamen of Plaintiff's *Monell* claims").

duties in a constitutional manner, the settlement agreement included a Structural Relief Order establishing guidelines for officer conduct towards protesters in order to preserve protesters' First Amendment rights. *See id.* Yet, as the FAC points out, despite this settlement agreement, the unconstitutional conduct continues unabated. The settlement agreement therefore confirms that the serious misconduct at the heart of this case is not a one-off but rather a decades-long pattern that has yet to be properly remedied.

Contrary to Officer Bueno's contentions, federal courts in California have routinely found that "[s]ettlements in prior excessive force cases may tend to show the City's knowledge or a developed custom or practice." *Lopez*, 2020 WL 6694337, at \*4 (citations omitted); *see also McClellan v. City of Sacramento*, 2021 WL 1164487, at \*3 (E.D. Cal. Mar. 26, 2021) ("[P]rior cases in which Defendants agreed to pay a substantial monetary sum to resolve excessive use of force claims brought against them may demonstrate manifestations of the same policy or custom, or that the policy or custom was the moving force behind Plaintiff's injuries." (internal quotation marks omitted)). That is precisely what the FAC alleges, in the very paragraph Officer Bueno quotes. *See* FAC ¶ 81 ("The recurrence of the same constitutional violations over a decade later reveals the LAPD's intentional and institutional refusal to preserve the constitutional rights of protesters."). Again, Officer Bueno's ill-conceived argument does not withstand scrutiny and his motion to strike should be denied as to these allegations.

### F. Citations To Newspaper Articles, Internet Posts, And Magazine Articles In Support Of The FAC's Allegations

Finally, Officer Bueno argues all of the FAC's citations to newspaper articles, internet posts, and magazine articles somehow improperly "lend artificial credence to the opinions contained [therein]." Mot. at 7:24–8:3 (cleaned up). Among the citations Officer Bueno seeks to strike are an article reporting LAPD Chief Moore's comments justifying the violent LAPD response during the George Floyd protests; the Black

1  Lives Matter LA's webpage listing future protests; and the website selling the Puma
2  jacket Mr. Jones was wearing the day he was shot.  *See* Mot. at 7:24–26.

3　　To challenge the well-established practice of citing to relevant external sources
4  within a complaint, Officer Bueno relies on two irrelevant copyright cases.  Mot. at 7
5  (citing *Survivor Prods. LLC v. Fox Broad. Co.*, 2001 WL 35829267 (C.D. Cal. June
6  12, 2001); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556 (C.D. Cal. 2005)).
7  There, however, the complaints at issue contained quotes from media sources
8  containing "pejorative" and "colloquial" terms that suggested copyright infringement
9  had occurred.  *See Survivor Prods. LLC*, 2001 WL 35829267, at *4; *RDF Media Ltd.*,
10 372 F. Supp. 2d at 567.  In both cases, the courts found that the inclusion of the quotes
11 gave "the appearance that such opinions [were] *legally relevant* to the [copyright]
12 dispute."  *See Survivor Prods. LLC*, 2001 WL 35829267, at *4 (emphasis added); *RDF
13 Media Ltd.*, 372 F. Supp. 2d at 566–67.

14　　In contrast, Officer Bueno does not argue that any of Mr. Jones' citations
15 improperly opine about the merits of legal issues in this case.  In fact, Officer Bueno
16 does not meaningfully address *any* of the citations, and instead seems to suggest they
17 should all be stricken simply because they are to online sources.  That, of course, is not
18 the law.  *Cf. Makaeff v. Trump Univ., LLC*, 2011 WL 1872886, at *5 (S.D. Cal. May
19 16, 2011) (noting "courts generally grant a motion to strike only where it is clear that
20 the matter to be stricken could have no *possible bearing* on the subject matter of the
21 litigation" (emphasis added)).  Mr. Jones is entitled to cite sources confirming the
22 plausibility and accuracy of his allegations.  Officer Bueno provides no argument—let
23 alone authority—to suggest otherwise.

### G. Officer Bueno Identifies No Prejudice From Any Allegation He Identifies

26　　Not one of the allegations Officer Bueno identifies qualifies for striking under
27 Rule 12(f).  But even they did, Officer Bueno has failed to show that he would suffer
28 any prejudice whatsoever from their inclusion.  *See LeDuc*, 814 F. Supp. at 830

1  ("[A]llegations supplying background or historical material or other matter of an
2  evidentiary nature will not be stricken unless unduly prejudicial to defendant.").
3  Officer Bueno's motion merely states, in conclusory fashion, that these allegations
4  "will prejudice the defense by their inflammatory nature, the necessary expenditure of
5  time in addressing them, and their complication of an otherwise straightforward case."
6  Mot. at 5:22–24.  Such boilerplate assertions are insufficient to carry Officer Bueno's
7  burden on this motion.  *See Corrections USA v. Dawe*, 504 F. Supp. 2d 924, 938 (E.D.
8  Cal. 2007) (denying motion to strike where defendant failed "to explain how the
9  'redundant and immaterial' allegations may cause prejudice").

10  Similarly, Officer Bueno's conclusory assertion that certain allegations
11  supposedly "impugn" his character does not justify granting a motion to strike.  To
12  begin with, "[t]he mere fact that Plaintiff's allegations 'may cast the defendant in a
13  derogatory light' is insufficient to warrant striking them." *Monster Energy Co.*, 2019
14  WL 2619666, at *18 (citation omitted); *see S.E.C. v. Sands*, 902 F. Supp. 1149, 1166
15  (C.D. Cal. 1995), *aff'd sub nom. S.E.C. v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir.
16  1998).  And Officer Bueno also never explains how any allegation he challenges
17  somehow impugns his character any more than the core allegation in this case:  that he
18  shot an unarmed peaceful protester in the face for no reason.

19  Officer Bueno identifies no prejudice whatsoever.  On that basis alone, this
20  Court should deny his motion.  *See, e.g.*, *New York City Employees' Ret. Sys. v. Berry*,
21  667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot
22  adequately demonstrate such prejudice, courts frequently deny motions to strike even
23  though the offending matter literally [was] within one or more of the categories set
24  forth in Rule 12(f)." (internal quotation marks and citation omitted)).

## CONCLUSION

26  For the foregoing reasons, Officer Bueno's motion should be denied.

| | |
|---|---|
| Dated: January 24, 2022 | GIBSON, DUNN & CRUTCHER LLP |
| | By: */s/ Katherine Marquart* |
| |     Katherine Marquart |
| |     Attorney for Plaintiff |