UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 2/16/2022 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER DENYING DEFENDANTS' MOTION TO DISMISS/STAY [103], DENYING DEFENDANT BUENO'S MOTION TO DISMISS [114], AND GRANTING IN PART AND DENYING IN PART DEFENDANT BUENO'S MOTION TO STRIKE [115]

Before the Court are three motions: (1) a motion brought by all Defendants to dismiss and/or stay Plaintiff's prayer for injunctive and declaratory relief, ECF No. 103; (2) a motion brought by Defendant Bueno to dismiss Plaintiff's third claim for relief under the Fourteenth Amendment, ECF No. 114; and (3) a motion brought by Defendant Bueno to strike certain allegations in Plaintiff's complaint. ECF No. 115. For the reasons below, the former two motions are denied, while the latter motion is granted in part and denied in part.

**I. Background[1]**

Plaintiff Deon Jones brought this § 1983 civil rights action, alleging that while protesting in the aftermath of the murder of George Floyd in 2020, Defendant Peter Bueno, an LAPD officer, used excessive force against him when Defendant Bueno shot him in the face with a "rubber bullet," injuring him and requiring hospitalization. Plaintiff also asserted a theory of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), essentially alleging that the LAPD and the city's

---

[1] The following summary is based on Plaintiff's complaint, ECF No. 89, and the moving papers of the parties with respect to these various motions.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 2/16/2022 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

policies and practices were too permissive regarding the use of rubber bullets and other "less-lethal" munitions, leading to his constitutional rights being violated.

Plaintiff brought seven causes of action: three claims under the federal constitution for violations of the First, Fourth, and Fourteenth Amendments, and four claims under the California constitution. Plaintiff seeks damages, an injunction governing the use of rubber bullets, and declaratory relief.

Defendants filed a motion seeking (a) to dismiss Plaintiff's requested declaratory relief as duplicative, and (b) to dismiss Plaintiff's requested injunctive relief as moot or to stay it under comity principles. Mot. Dismiss 10-12, ECF No. 103 ("City MTD").[2] Shortly thereafter, Defendant Bueno filed two motions. One seeks to dismiss Plaintiff's third claim under the Fourteenth Amendment as duplicative of his other two federal claims. Mot. Dismiss 4-5, ECF No. 114 ("Bueno MTD"). The other seeks to strike certain allegations in Plaintiff's complaint as "immaterial, impertinent, and scandalous." Mot. Strike 1-3, ECF No. 115 ("MTS").

**II.     Legal Standards**
    **a.  Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

---

[2] The motion was filed on behalf of the municipal Defendants – the City of Los Angeles, LAPD, and LAPD Chief Michael Moore. Defendant Bueno later filed a joinder in the municipal Defendants motion. ECF No. 113.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 2/16/2022 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

    b. **Motion to Strike**

Per Rule 12(f), a court may strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A statement in a complaint is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded," and impertinent material means "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Scandalous matter "is that which improperly casts a derogatory light on someone, most typically on a party to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.2014).

    III.  **Motion to Dismiss Injunctive and Declaratory Relief**
        a. **Injunctive Relief**

Defendant argues that this Court should dismiss Plaintiff's prayer for injunctive relief as moot because of two developments since the initial filing of this case. City MTD 13-15, 22-23. First, in another case currently pending in this District, *Black Lives Matter et al. v. City of Los Angeles et al.*, No. 2:20-cv-05027 CBM-AS ("BLM Case"), Judge Marshall has entered a preliminary injunction limiting LAPD's use of rubber bullets. *Id.* at 13-14. And second, the California Legislature enacted new laws, effective January 1 of this year, that similarly curbs the use of rubber bullets by law enforcement agencies across the state. *Id.* at 14-15. Thus, according to Defendants, because these developments have already imposed the measures that Plaintiff seeks – restrictions on the use of rubber bullets – he cannot show the necessary likelihood of future irreparable injury absent injunction. *Id.* at 22-23.

For one, it is doubtful that Defendants may dismiss a prayed-for type of relief apart from any actual claim to relief. *See Dahlin v. Under Armour, Inc.*, 2020 WL 6647733, *5 (C.D. Cal. July 31, 2020) ("The weight of authority provides that because a prayer for relief sets forth a remedy and not a claim, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not the proper vehicle for striking a prayer for relief") (quoting *Jackson v. McMahon*, 2020 WL 2200447, *6 (C.D. Cal. Mar. 11, 2020));

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 2/16/2022 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

*Shimy v. Wright Med. Tech., Inc.*, 2014 WL 3694140, *4 (C.D. Cal. July 23, 2014) ("a request for punitive damages is not a 'claim' and is not the proper subject of a motion to dismiss").[3]

Moreover, Defendants' argument simply puts the cart before the horse. The Court cannot possibly conclude at this stage that the BLM Case or the new rubber bullet laws categorically preclude any and all possible injunctive relief in this case as a matter of law.

Plaintiff's prayer for relief requests "[a] permanent injunction barring Defendants from engaging in the unconstitutional conduct of using Rubber Bullets, and imposing appropriate remedial measures to prevent the repetition of such conduct in the future as the Court deems necessary." First Am. Compl., Prayer for Relief ¶ 1, ECF No. 89 ("FAC"). However, at this stage, the exact contours of that injunction are not clear.

Whether the BLM Case or the new rubber bullet laws obviate the need for an injunction in this case depends on the nature of the unconstitutional LAPD policy, custom or practice that Plaintiff can prove at trial.[4] At that, of course, is contingent on Plaintiff proving that there *is* a unconstitutional policy, custom, or practice giving rise to *Monell* liability in the first place, which it *itself* contingent on Plaintiff proving that his constitutional rights were violated by Defendant Bueno in the specific incident giving rise to this case. Defendants cannot demonstrate that an injunction is precluded as a matter of law when these necessary prior determinations remain unresolved.

Perhaps the BLM case or the rubber bullet laws will ultimately moot the need for injunctive relief here. However, on a motion to dismiss, where all reasonable inferences are drawn in Plaintiff's favor, Defendants are not entitled to dismissal of a request for a yet-to-be-determined injunction based on the mere possibility that it might be rendered unnecessary by other litigation or legislation. *See Friends of Frederick Seig Grove #94 v. Sonoma Cnty. Water Agency*, 124 F. Supp. 2d 1161, 1172 (N.D. Cal. 2000) ("While the Court may ultimately agree with the defendants that injunctive relief is

---

[3] Even construing Defendants request as one to strike the prayer for injunctive relief, "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975-76 (9th Cir. 2010). Striking a remedy is only appropriate where the *claim* that provides the basis for that remedy has been dismissed. *See id.* at 975 n. 2; *Shimy*, 2014 WL 3694140, at *4.

[4] For example, while the preliminary injunction in the BLM Case restricts the use of rubber bullet launchers to officers who have completed LAPD training on them, Plaintiff suggests that the training *itself* may be inadequate in preventing the unconstitutional use of such launchers. *See* Opp. City MTD 12-13.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 2/16/2022 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

inappropriate, it is by no means evident that the Court can reach such a determination on a motion to dismiss.").

Defendant's alternative position – that the request for injunction should be stayed pending conclusion of the BLM Case – is unwarranted for much the same reasons. For one, the Court has already bifurcated this case, with determination of the *Monell* issues (which would include the appropriateness of injunctive relief) to proceed only if Defendant Bueno is found liable in the first trial. Thus, the practical effect of this bifurcation is essentially to stay consideration of injunctive relief until after that trial.

Further, to the extent that the impetus behind Defendant's argument is yet another effort to stay discovery of the *Monell* issues, Magistrate Judge Kim has already addressed this matter and ruled that discovery should proceed on the *Monell* issues – though Defendants are free to argue that there is good cause not to produce specific categories of documents until after the first trial. *See* Mins. of Discovery Conf. ¶ 5, ECF No. 121.

Again, if this Court reaches the issues of whether injunctive relief is warranted, Defendants are free to argue that it is not because of the injunction in the BLM case. But at this stage, when it is unclear whether the court will even reach that question, there is no reason to order an indefinite "stay" of injunctive relief pending final adjudication of the BLM case – whenever that may come.

Thus, Defendants' request to dismiss or stay Plaintiff's prayer for injunction is denied.

   b. **Declaratory Relief**

Defendants also contend that Plaintiff's claims for declaratory relief must be dismissed as duplicative of his other claims for relief. The Court disagrees.

Plaintiff's prayer for relief seeks a declaratory judgment that "Defendants' conduct complained of herein" violated Plaintiff's rights under the constitutions of the United States and the state of California. FAC, Prayer for Relief ¶¶ 2-3. Defendants argue that Plaintiff's claim for damages will necessarily entail a determination of whether Plaintiff was subjected to a constitutional violation, thus a declaratory judgment on the same issue would be redundant. City MTD 24-25.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 2/16/2022 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

This argument is easily dispelled as to Plaintiff's prayer for a declaratory judgment under the California constitution. Plaintiff's pursuit of damages is based *only* on the alleged violations of the federal constitution, *see* FAC, Prayer for Relief ¶ 4, thus resolving his damages claims will not necessarily entail a determination of whether Defendants' conduct violated the state constitution.

Even with regard to a declaratory judgment under the federal constitution, Defendants' argument has little merit. As a general matter, declaratory relief can typically be sought as a cumulative, alternative remedy "whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see also* Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.").

Further, even if Plaintiff proves that he is entitled to damages for the prior violation of his federal rights, a declaratory judgment may still be appropriate to identify an *ongoing* practice, custom, or policy that is unconstitutional, thus still "serv[ing] a useful purpose in clarifying and settling" Defendants' legal obligations. *See Los Angeles Cnty Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992). This is especially true given that declaratory judgments may afford relief in cases where a plaintiff cannot satisfy the traditional equitable prerequisites for an injunction. *See Steffel v. Thompson*, 415 U.S. 452, 471-72 (1974).

The Court may ultimately conclude that declaratory relief is not warranted in this case. *See* 28 U.S.C. § 2201(a) (providing that courts "*may*" issue declaratory relief) (emphasis added); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83 (1995). However, at this stage, there is no warrant for the outright dismissal of Plaintiff's prayer for declaratory judgment on the basis that it is "duplicative."

### IV. Motion to Dismiss Substantive Due Process Claim

Defendant Bueno filed a motion to dismiss Plaintiff's third claim, which asserts a substantive due process violation under the Fourteenth Amendment. Bueno MTD 2. Defendant's argument relies on *Graham v. Connor*, which held that claims of "excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of [one's] person [. . .] are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." 490 U.S. 386, 388 (1989). Thus, according to Defendant, Plaintiff's attempt to plead a claim of excessive force under the Fourteenth Amendment's substantive due process standard is not viable. Bueno MTD 4-5.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 2/16/2022 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

However, *Graham* itself notes that not all excessive force cases will be governed by the same standard, rather "analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." 490 U.S. at 393-94. And while "[i]n *most* instances" an excessive force claim will lie under either the Fourth or Eighth Amendments, that is not always so. *Id.* at 394 (emphasis added). As the Supreme Court later made clear in *County of Sacramento v. Lewis*, an excessive force claim made under the substantive due process component of the Fourteenth Amendment *is* viable when the use of force occurred outside the context of a search or a seizure. 523 U.S. 833, 842-43 (1998).

As Plaintiff correctly notes, a party is permitted to plead in the alternative – even where the alternatives are mutually exclusive. *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858-59 (9th Cir. 2007); Fed. R. Civ. P. 8(d)(2), (3). Thus, although Plaintiff alleges that the actions of Defendant Bueno and other officers *did* constitute a seizure giving rise to a Fourth Amendment claim, *see* FAC ¶ 116, at the pleading stage, Plaintiff may also pursue an alternative claim under the Fourteenth Amendment in the event the evidence shows that he was not in fact seized.[5]

Similarly, Plaintiff's Fourteenth Amendment claim is not barred by the fact that he has alleged that Defendants' conduct also constituted First Amendment retaliation. *See* FAC ¶¶ 107-114. Just as the evidence may show that Plaintiff was not seized, it may also indicate that he was not retaliated against, in which case no amendment would provide a more "explicit textual source of constitutional protection," and thus a Fourteenth Amendment due process claim would still lie. *See Graham*, 490 U.S. 395; *see also Lewis*, 523 U.S. 842-43. Because of this, Plaintiff is permitted to alternatively plead this substantive due process claim.

Accordingly, Defendant Bueno's motion to dismiss is denied.

**V.   Motion to Strike**

Finally, Defendant Bueno seeks to strike certain allegations in Plaintiff's complaint. Defendant's motion is granted in part and denied in part.

---

[5] In his reply brief, Defendant Bueno puzzlingly submits that he "will accept Plaintiff's position" as to these alternative pleadings, but then reiterates that he believes "that 'alternative claims' cannot be pled for Constitutional claims." Reply ISO Bueno MTD 2, ECF No. 127. Since the Court cannot tell whether this an attempt to concede the point, the Court will treat it as still being contested.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 2/16/2022 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

In general, motions to strike are disfavored because extraneous allegations have little importance to the ultimate outcome of litigations. *See RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005); Wright & Miller, *supra*, § 1382. Thus, motions to strike are generally not granted unless the challenged allegations are essentially irrelevant to the claims asserted. *See Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1208-09 (C.D. Cal. 2008); Wright & Miller, *supra*, § 1382.

Here, Defendant Bueno challenges allegations falling into six categories: (1) "historical references to race discrimination;" (2) "details about the murder of George Floyd along with other instances of alleged police brutality;" (3) "allegations about what Plaintiff has done" in discovery to identify Defendant Bueno as the officer who shot him with the rubber bullet; (4) "an (inaccurate and misleading) allegation about alleged excessive use of force by Officer Bueno over 15 years" ago; (5) "other settlements [regarding excessive force] that have nothing whatsoever to do with this case;" and (6) "30 references to newspaper articles, internet posts, and magazine articles." MTS 6-7. Defendant Bueno contends that these allegations are "irrelevant, impertinent and scandalous." *Id.* at 2.

### a. Historical References

In this first category, Defendant Bueno challenges paragraphs 1, 2, 17, 31, and 58-60. MTS 6. In the first two paragraphs, as well as paragraphs 58-60, Plaintiff refers to the civil rights protests of the 1960s and likens them to recent protests for racial justice, including the protests in which Plaintiff participated. *See* FAC ¶¶ 1-2, 59-60. Given that this historical analogy is not relevant to the adjudication of Plaintiff's claims, the Court agrees that these should be struck.

However, the Court declines to strike paragraphs 17 and 31. The former cites the constitutional protections embodied by the First Amendment and alleges that the LAPD unconstitutionally uses rubber bullets to suppress protests it disfavors, *see id.* ¶ 17, which may be relevant to Plaintiff's first claim for First Amendment retaliation. *See id.* ¶¶ 107-114. The latter alleges that Plaintiff participated in protests after the murder of George Floyd, leading to the incident in which Plaintiff was shot with a rubber bullet. *See id.* ¶ 31. This allegation is potentially relevant to Plaintiff's First Amendment claim and also provides background context that is useful in understanding Plaintiff's claims.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 2/16/2022 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

### b. References to George Floyd

Here, Defendant Bueno seeks to strike paragraphs 4, 29, 30, 60, 61, and 80. MTS 6. Paragraph 4 notes that Plaintiff was inspired to advocate for racial justice by Congressman John Lewis, whom he knew personally. *See* FAC ¶ 4. This has no relevance to Plaintiff's claims for relief and is thus struck. Paragraphs 29 and 30 relate the details of Floyd's murder and notes other widely publicized incidents in which black Americans were killed. *See id.* ¶¶ 29-30. As discussed above, the fact that Plaintiff was protesting Floyd's murder is useful context. However, there is less utility to summarizing the facts of that incident, which are already widely known, and these paragraphs are accordingly struck. Paragraph 60 is already struck for the reasons above, and paragraph 61, which discusses other racial justice advocacy efforts and the views of the Black Lives Matter LA organization, shall be struck because these matters are not relevant to Plaintiff's claims. *See id.* ¶ 61.

However, paragraph 80 catalogues reports of others injured by LAPD's use of rubber bullets, *see id.* ¶ 80, which is clearly related to Plaintiff's *Monell* claim that LAPD's policies or practices regarding rubber bullets are unconstitutional. Accordingly, this paragraph is not struck.

### c. Discovery Allegations

This third category challenges paragraphs 10, 15, and 64-66. MTS 6-7. These paragraphs discuss the purported "stonewalling" of Defendants to prevent Plaintiff from learning the identity of the officer who shot him with a rubber bullet – Defendant Bueno. *See* FAC 10, 15, 64-66. Plaintiff's discovery disputes with Defendants and the process by which Plaintiff ultimately learned of Defendant Bueno's identity are a separate matter from the viability of Plaintiff's underlying claims. Thus, the Court agrees that they are immaterial, and they are accordingly struck.

### d. Officer Bueno's Disciplinary Record

Defendant Bueno also challenges paragraphs 27 and 64, which refer to an "inaccurate and misleading" allegation regarding an excessive force complaint against him from 2004. MTS 7. As discussed above, the Court has already struck paragraph 64. As for paragraph 27, the Court concludes that it should be struck given that Magistrate Judge Kim has limited discovery regarding Defendant Bueno's disciplinary record to the period from 2011 onward. *See* Mins. of Discovery Conf. ¶ 4.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11147-SVW-SK | Date | 2/16/2022 |
|---|---|---|---|
| Title | *Deon Jones v. City of Los Angeles, et al.* | | |

    e. **Other Excessive Force Settlements**

In this category, Defendant Bueno challenges paragraphs 81, 82, and 94, as well as footnotes 30 and 40. MTS 7. These paragraphs and footnotes discuss (a) settlements in other cases where the plaintiffs alleged that the LAPD unlawfully suppressed First Amendment activity; and (b) the report from an investigation initiated by the Los Angeles City Council into the LAPD's use of rubber bullets during protests in 2020. FAC ¶¶ 79 n.30, 81, 81 n. 40, 82, 94. These are obviously relevant to Plaintiff's *Monell* claim that LAPD employs ongoing policies and practices that are unconstitutional. Thus, there is no basis to strike these paragraphs.

    f. **Outside Sources**

Finally, Defendant Bueno challenges Plaintiff's footnote references to newspaper and magazine articles, as well as internet posts, citing *Survivor Productions. LLC v. Fox Broadcasting Co.*, 2001 U.S. Dist. LEXIS 25512 (C.D. Cal. June 12, 2001), in which the court struck references to news articles from the complaint. *See* MTS 7. These footnote references are unnecessary – a plaintiff is not obligated to cite its sources in a pleading, even where the allegations recount the experiences of others. Accordingly, these footnote citations are struck.

    **VI.   Conclusion**

For the foregoing reasons, Defendants' motions to dismiss, ECF Nos. 103, 114, are denied. Defendant Bueno's motion to strike, ECF No. 115, is granted in part, and paragraphs 1-2, 4, 10, 15, 27, 29-30, 59-61, 64-66 are struck from the complaint, as are the footnotes that cite external sources; however, the motion to strike is denied in all other respects.

    **IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |