| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>ORIN SNYDER (*pro hac vice*)<br>  OSnyder@gibsondunn.com<br>KATHERINE MARQUART, SBN 248043<br>  KMarquart@gibsondunn.com<br>KARIN PORTLOCK (*pro hac vice*)<br>  KPortlock@gibsondunn.com<br>LEE R. CRAIN (*pro hac vice*)<br>  LCrain@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Tel.: 212.351.4000<br>Fax: 212.351.4035<br><br>MATTHEW S. KAHN, SBN 261679<br>  MKahn@gibsondunn.com<br>KATHERINE W. MARTIN, SBN 307403<br>  KWarren@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA  94105-0921<br>Tel.: 415.393.8200<br>Fax: 415.393.8306 | LAUREN M. BLAS, SBN 296823<br>  LBlas@gibsondunn.com<br>JILLIAN N. LONDON, SBN 319924<br>  JLondon@gibsondunn.com<br>COURTNEY M. JOHNSON, SBN 324331<br>  CJohnson2@gibsondunn.com<br>TIMOTHY D. BICHE, SBN 293363<br>  TBiche@gibsondunn.com<br>MACKENZIE A. MCCULLOUGH, SBN 324343<br>  MMcCullough@gibsondunn.com<br>333 South Grand Avenue, Suite 4600<br>Los Angeles, CA  90071-3197<br>Tel.: 213.229.7000<br>Fax: 213.229.7520 |

Attorneys for Plaintiff Deon Jones

[Additional Counsel listed on next page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, in his official capacity as Chief of the Los Angeles Police Department, LOS ANGELES POLICE DEPARTMENT, and PETER BUENO,<br><br>　　　　　Defendants. | **CASE NO.  2:20-cv-11147-FWS-SK**<br><br>**JONES CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Fred W. Slaughter |

Gibson, Dunn & Crutcher LLP

SHANNON LIN GUSTAFSON, SBN 228856
S. FRANK HARELL, SBN 133437
Lynberg & Watkins
1100 W. Town and Country Road, Ste. 1450
Orange, CA 92868
Phone No.: (714) 937-1010
Fax No.:    (714) 937-1003
Email:    sgustafson@lynberg.com
          sharrell@lynberg.com

Attorney for Defendants City of Los Angeles, Los Angeles Police Department and Chief Moore


JANINE K. JEFFERY, ESQ CBN 112639
Jjeffery@reilyjeffery.com
REILY & JEFFERY, INC.
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
Telephone: (818) 350-6282
Fax No.: (818) 350-6283

Attorney for Defendant, Officer Peter Bueno

The parties hereby jointly submit this case management statement pursuant to the Court's April 27, 2022 Reassignment Order (Dkt. 172):

### a) Date the case was filed

Plaintiff Deon Jones filed the original Complaint on December 9, 2020. Dkt. 1. The operative First Amended Complaint was filed on December 21, 2021. Dkt. 89.

### b) A list of the parties

Plaintiff in this matter is Deon Jones. Defendants are the City of Los Angeles, the Los Angeles Police Department, Chief Michael Moore, and Officer Peter Bueno.

### c) A summary of all claims

Mr. Jones bring claims against all Defendants under 42 U.S.C. § 1983 for violating his rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Mr. Jones further alleges that all Defendants violated his rights under sections 2, 3, 7, and 13 of Article I of the California Constitution.

### d) A brief description of the events underlying the action

**Plaintiff's Position:** On May 30, 2020, Mr. Jones was attending a protest in the wake of the murder of George Floyd. As Mr. Jones was attempting to leave the protest peacefully, Defendant Officer Peter Bueno shot Mr. Jones in the face with a 40mm less-lethal "Rubber Bullet" round. As a result, Mr. Jones suffered physical and emotional injuries. Mr. Jones alleges that this incident violated his constitutional rights, caused him to incur damages, and was a direct result of the Los Angeles Police Department's unconstitutional customs and practices with regard to their response to public protest.

**Defendants' Position:** On May 20, 2020, at 2:41 p.m., the protest at 3rd and Fairfax had been declared an unlawful assembly. The order was based on the fact that an MTA bus carrying passengers had been stopped and was being vandalized, a unit of LAPD officers were completely surrounded by a violent crowd that was throwing objects at them, and multiple police cars were being smashed and graffitied. Dispersal orders were given. Plaintiff heard at least one dispersal order but failed to leave the

scene, despite a police car having been set on fire less than 100 feet from where he stood and despite the fact that there were several paths open to him to leave. Bottles were being thrown at officers from the crowd in which Plaintiff stood. Plaintiff was not the target of the 40 mm and if he was struck with a sponge round, a claim for which there is no proof, it was accidental.

**e)  A description of the relief sought and the damages claimed**

Mr. Jones seeks the following categories of relief:

- A permanent injunction barring Defendants from engaging in the unconstitutional conduct of using Rubber Bullets, and imposing appropriate remedial measures to prevent the repetition of such conduct in the future as the Court deems necessary;
- A declaratory judgment that Defendants' conduct violated Mr. Jones' constitutional rights; and
- Money damages, including (1) medical expenses totaling at least $7,292.24; (2) lost income totaling $197,048; (3) noneconomic damages to compensate him for emotional distress; (4) all reasonable general, compensatory, or punitive damages available under the law for the violation of Mr. Jones' federal constitutional and statutory rights; (5) attorneys' fees under 42 U.S.C. § 1988; (6) costs of suit; and (7) pre- and post-judgment interest as permitted by law.

**f)  The status of discovery and significant discovery management issues**

**Plaintiff's Position:** As discussed in Section (g) *infra*, Judge Wilson bifurcated the claims in this case. Mr. Jones' claims against Officer Bueno are proceeding to trial first ("Phase I"), and Mr. Jones' "*Monell*" claims against the remaining Defendants are proceeding to trial second ("Phase II"). Dkt. 87.

Fact discovery closed on March 4, 2022 for the Phase I trial. There are no outstanding issues regarding fact discovery for Phase I. With respect to expert discovery for Phase I, on March 10, 2022, Mr. Jones and Officer Bueno exchanged

initial expert disclosures. Several of the parties' experts were deposed, but for the following reasons their use of force/police practices experts were not.

On April 11, 2022, Mr. Jones' previously disclosed use of force/police practices expert, Ashley Heiberger, informed Mr. Jones's counsel for the first time that he had recently discovered a conflict that he believed precluded him from further involvement in this case. Mr. Jones's counsel notified Defendants of that development on April 12, 2022. Mr. Jones's counsel conveyed to Defendants all information received from Mr. Heiberger concerning his conflict.

On April 20, 2022, after the required notice to counsel, Mr. Jones filed an *ex parte* application seeking leave to disclose a substitute expert and to modify the then-existing scheduling order to accommodate the substitution without having to move the June 28 trial date set by Judge Wilson. The application was filed on an *ex parte* basis because at the time, the schedule in effect did not allow sufficient time to fully brief the issue before the close of expert discovery. The application described the circumstances of Mr. Heiberger's withdrawal, Mr. Jones' diligent efforts to retain a substitute expert, and the lack of prejudice to Defendants. Dkt. 168. It also explained that Mr. Jones retained a new use of force/police practices expert on April 19, 2022, who was (and is) working diligently to prepare a substitute expert report. *Id.* Defendants opposed Mr. Jones' *ex parte* application. Dkts. 170, 171. Following the reassignment of the case on April 27, 2022, and vacatur of the trial date, Mr. Jones withdrew his *ex parte* application and explained he would address the expert discovery issues in this filing. Dkt. 173.

On April 29, 2022, Officer Bueno indicated that he intended to file a motion requiring Mr. Jones to disclose his substitute expert and seeking other relief regarding expert discovery. In response, Mr. Jones proposed that the parties stipulate to a schedule that would set a deadline for the disclosure of his substitute expert and allow for the completion of expert discovery. Mr. Jones' proposal provided Officer Bueno's use of force/police practices expert ample time to submit a rebuttal report to Mr. Jones'

1  substitute expert's report, if necessary, alleviating any possible prejudice to Officer
2  Bueno.  Officer Bueno would not agree.

3  Counsel for Mr. Jones and Officer Bueno met and conferred regarding Officer
4  Bueno's anticipated motion on May 3, 2022.  On May 4, 2022, counsel for Mr. Jones
5  offered to disclose the name of his substitute expert by May 5, agree to certain
6  limitations on his substitute expert's opinions, and to not oppose any efforts Officer
7  Bueno may make to depose Mr. Heiberger in exchange for Officer Bueno's agreement
8  to proposed expert discovery schedule.  Counsel for Officer Bueno indicated that she
9  did not agree to the proposal.

10  As Mr. Jones told Officer Bueno in writing several times, he has no objection to
11  Officer Bueno speaking with Mr. Heiberger or attempting to take his deposition; Mr.
12  Jones' position is simply that this should not delay the process of Mr. Jones
13  designating a substitute use of force/police practices expert.  If the Court prefers that
14  the parties address this issue through noticed motion, Mr. Jones is ready and willing to
15  do so.  But Mr. Jones proposes that the parties first discuss this issue with the Court at
16  the case management conference proposed in Section K, *infra*,

17  With respect to Phase II, fact and expert discovery is ongoing, with no deadlines
18  set.  On December 16, 2022, Judge Wilson declined to grant Defendants' motion to
19  stay Phase II discovery pending resolution of Phase I.  Dkt. 87.   Then, on January 19,
20  2022, in response to Mr. Jones' motion to compel discovery, Magistrate Judge Kim
21  ordered Defendants to produce certain documents concerning their custom and practice
22  concerning the use of less-lethal projectiles or crowd/demonstration/protest control "on
23  a reasonable schedule to be communicated" to Mr. Jones.  Dkt. 121 at 2.  Defendants
24  have begun production of these documents, but have not communicated a schedule on
25  which productions will be complete.  Mr. Jones reserves all rights to bring a motion to
26  compel concerning Defendants' Phase II fact discovery and failure to abide by the
27  Judge Kim's January 19, 2022 Order.
28

1  During a March 9, 2022 hearing, Magistrate Judge Kim again declined to stay
2  Phase II discovery. March 9, 2022 Tr. at 49:9-13 ("But what Judge Wilson was not
3  willing to do and he did not want me to do was to say we're going to wait to see what
4  the entire outcome is before you all have to start gathering *Monell* discovery.") Mr.
5  Jones continues to take the position, adopted by both Judge Wilson and Magistrate
6  Judge Kim, that Phase II discovery should not be stayed pending completion of Phase
7  I. The parties should continue to proceed with Phase II discovery as ordered by
8  Magistrate Judge Kim.

9  **Defendants' Position:**

10  On March 9, 2022, Magistrate Kim held an in camera hearing with the parties
11  and clearly defined the parameters for *Monell* related discovery as follows:

12  "[M]y expectation is *Monell* discovery is not happening right now – other than
13  what we worked out last time with Mr. Harrell in terms of the document discovery that
14  they need to be produced." Transcript of March 9, 2022 Hearing at 50:8-11. "[O]ther
15  than the parameters I've set, I would not be wasting any more time trying to do
16  anything that extends you to just pure *Monell*-related stuff…Right now we've got to
17  focus on Bueno." Id. at 52: 5-13. "[I]f you get liability on Bueno, you'll be able to get
18  reasonable leave by me or Judge Wilson to make sure that any other leftover Monell
19  that needs to be done will get done. …it's not a good use of your time right now before
20  Bueno to do anything other than Bueno." Id. at 53: 5-11.

21  The City Defendants have been diligently gathering and producing *Monell*
22  related documents in compliance with the Court's January 19, 2022 Order. The City
23  expects to complete all *Monell* related document production by the end of this
24  month. The City Defendants request that any *Monell* discovery deadlines should only
25  be set after Phase 1 of the trial for Officer Bueno is complete in compliance with
26  Magistrate Kim's instructions back on March 9, 2022 as memorialized herewith.

27  The circumstances of the belated assertion of a conflict are concerning. First,
28  Mr. Heiberger was retained by Plaintiff in December 2021. Mr. Heiberger prepared a

Rule 26 report which was disclosed on March 10, 2022. Having performed the work required to prepare a Rule 26 report, Mr. Heiberger had to have learned of any conflict by the time he was finished with his report, i.e., before March 10, 2022. Yet the conflict was not declared until April 12, 2022. Second, Plaintiff's claims that Mr. Heiberger, who holds a JD, has refused to disclose the nature of the conflict makes no sense. There does not appear to be any reason for such a refusal, given the protections of Rule of Civil Procedure 26(b)(4)(B). Third, according to Plaintiff, Mr. Heiberger stated that his conflict was "unrelated to the substance of the case, parties, or counsel." Again, this makes little sense, as by definition, if there is no issue related to "the case, parties or counsel," then there is no "conflict." Fourth, despite repeated requests, Defendant has failed to provide any first-hand confirmation from Mr. Heiberger as to the facts and circumstances of his withdrawal. Fifth, Plaintiff's counsel refuses to stipulate to permitting a short deposition to confirm facts regarding the withdrawal absent Defendant's agreement to the substitution of experts. If the facts are as Plaintiff's counsel claims, there should be no hesitation in permitting Defendant to confirm the facts.

The prejudice to Defendant of permitting a new expert to be designated at this late date is severe. Jamie Borden, the defense use of force expert, has prepared a lengthy detailed report which Plaintiff has now had two months to analyze. This will result in a distinct advantage to any expert that Plaintiff now retains who will be able to address each of the issues raised by Mr. Borden. Mr. Heiberger had offered only two opinions in the case. Included in those opinions were statements that were detrimental to the Plaintiff's case. Plaintiff has also refused to provide defendant with the name of the new expert, thus further prejudicing Defendant in his ability to obtain information regarding the new expert's history and prior testimony while at the same time, Plaintiff has now had over two months to conduct this type of pre-deposition investigation.

6

### g) A procedural history of the case

Mr. Jones filed his initial Complaint on December 9, 2020, naming as defendants the City of Los Angeles, the LAPD, and the Chief of the LAPD, Michel Moore (collectively, the "Municipal Defendants") as well as John Doe defendants. Dkt. 1. On January 4, 2021, the Municipal Defendants answered Mr. Jones' Complaint. Dkt. 39.

On November 12, 2021, Mr. Jones moved to amend the Complaint to replace the John Doe defendant with Officer Peter Bueno. Dkt. 69. The Municipal Defendants opposed the motion. Dkt. 72. Separately, on November 12, 2021, the Municipal Defendants moved to bifurcate trial to separate issues pertaining to municipal liability under *Monell* from the issues involving the liability of Officer Bueno. Dkt. 66. The Municipal Defendants further requested a stay of all *Monell*-related discovery pending the outcome of the individual phase of trial. *Id.* In an order dated December 16, 2021, the Court granted Mr. Jones' motion to amend the Complaint. Dkt. 87. The Court also granted the Municipal Defendants' motion to bifurcate trial but declined to issue a stay on *Monell* discovery. *Id.*

Mr. Jones filed his First Amended Complaint on December 21, 2021. Dkt. 89. On January 4, 2022, the Municipal Defendants moved to dismiss Mr. Jones' claims for injunctive and declaratory relief, arguing that the injunctive relief sought was duplicative of the relief sought in the pending case of *Black Lives Matter v. City of Los Angeles*, No. 2:20-cv-05027-CBM (C.D. Cal.) and/or rendered moot by subsequent changes in the law, and that the declaratory relief sought was duplicative of Mr. Jones' claim for damages. Dkt. 103. On January 14, Officer Bueno separately moved to dismiss Mr. Jones' substantive due process claim as duplicative of his First Amendment and Fourth Amendment claims (Dkt. 114), and moved to strike certain allegations in the First Amended Complaint (Dkt. 115). Mr. Jones opposed all of the motions. On February 17, 2022, the Court denied both the Municipal Defendants' and Officer Bueno's motions to dismiss, but granted in part Officer Bueno's motion to

strike. Dkt. 140. The Municipal Defendants and Officer Bueno each filed Answers to the First Amended Complaint on March 3, 2022. Dkts. 146, 149.

On March 16, 2022, the parties participated in a full-day mediation before a private mediator. The parties did not reach a resolution.

All discovery matters have been referred to Magistrate Judge Kim. Dkt. 32.

### h)    A description of other deadlines in place before reassignment

The following deadlines were in place for the Phase I trial before the Court issued the Reassignment Order on April 27, 2022:

| Event | Date |
| --- | --- |
| Fact Discovery Cut-Off | March 4, 2022 |
| Deadline to disclose initial expert witnesses | March 10, 2022 |
| Deadline to disclose rebuttal expert witnesses | April 4, 2022 |
| Expert discovery cut-off date | April 25, 2022 |
| Last day to file motions (except motions in limine) | May 9, 2022 |
| Last day to file motions in limine | May 24, 2022 |
| Pre-trial conference | June 13, 2022 |
| Trial | June 28, 2022 |

No trial date or discovery deadlines had been set for the Phase II trial against the Municipal Defendants.

### i)    Requested modification of these dates

**Plaintiff's Position:** To address the unexpected withdrawal of his previously disclosed police practices expert described in Section (f) *supra*, Mr. Jones requests the Court issue an order granting Mr. Jones leave to designate a substitute police practices expert and setting the following deadlines for the completion of expert discovery:

| Event | Proposed Date |
| --- | --- |
| Deadline for Plaintiff to disclose Substitute Police Practices Expert | May 20, 2022 |
| Deadline for Defendants to disclose any Rebuttal Police Practices Expert | June 3, 2022 |
| Expert discovery cut-off | July 1, 2022 |

Adopting this proposed schedule would allow the parties to complete expert discovery, including depositions of each side's use of force/police practices expert, so that Officer Bueno can bring his anticipated partial motion for summary judgment and the case can proceed to the Phase I trial.

**Defendants' Position:** Defendant believes that the issue of Plaintiff's request to substitute experts is properly decided on a motion fully explaining the circumstances of the alleged conflict, the prejudice to Officer Bueno, and the proposed remedies. Defendant is in the process of preparing a motion to address the issues involved.

### j)     Consent to a magistrate judge for trial

At this time, the parties do not consent to have a magistrate judge conduct all proceedings in this case.

### k)     Immediate need for a case management conference

**Plaintiff's Position:** For the reasons discussed in Section (f) *supra*, Mr. Jones requests that the Court schedule a case management conference to resolve the ongoing issues surrounding the proposed substitution of Mr. Jones' use of force/police practices expert, and to set a trial date and other deadlines for the Phase I trial.

**Defendants' Position:** The extremely important issues arising from Plaintiff's expert witness disclosure should be decided upon a regularly noticed motion giving the parties an opportunity for full briefing.

### l)     Statement of immediate relief sought regarding the case schedule

**Plaintiff's Position**: For the reasons discussed in Section (f), Mr. Jones requests that the Court issue an order granting Mr. Jones leave to designate a substitute use of force/police practices expert and setting the following deadlines for the completion of expert discovery:

| Event | Proposed Date |
| --- | --- |
| Deadline for Plaintiff to disclose Substitute Police Practices Expert | May 20, 2022 |
| Deadline for Defendants to disclose any Rebuttal Police Practices Expert | June 3, 2022 |

| Expert discovery cut-off | July 1, 2022 |
|---|---|

Mr. Jones does not oppose the setting of other deadlines in the case, but the deadlines for the completion of expert discovery are most pressing.

**Defendants' Position:** Now that the trial has been continued, and Plaintiff has already had two months with the defense expert's report, Plaintiff has not offered any justification for having the decision made on this expert issue without full briefing.

Dated: May 12, 2022          GIBSON, DUNN & CRUTCHER LLP

By: */s/ Lauren M. Blas*
Lauren M. Blas
Attorney for Plaintiff

Dated: May 12, 2022          LYNBERG & WATKINS

By: */s/ Tamar G. Ellyin*
Tamar G. Ellyin
Attorney for Defendants City of Los Angeles, Los Angeles Police Department and Chief Moore

Dated: May 12, 2022          REILY & JEFFERY, INC.

By: */s/ Janine K. Jeffery*
Janine K. Jeffery
Attorney for Defendant Officer Peter Bueno

I certify that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: */s/ Lauren M. Blas*
Lauren M. Blas