Janine K. Jeffery, Esq. CBN 112639
 Jjeffery@reilyjeffery.com
REILY & JEFFERY, INC.
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
Telephone:  (818) 350-6282
Fax No.:  (818) 350-6283

Attorneys for Defendant, Officer Peter Bueno

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES, an individual, | CASE NO. 2:20-cv-11147-FWS-SK |
| Plaintiff, | **OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE ALL EVIDENCE OR ARGUMENT REGARDING BLACK LIVES MATTER AND ANTI-POLICE RHETORIC** |
| vs. | |
| CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, LOS ANGELES POLICE DEPARTMENT, a municipal entity, and PETER BUENO, | |
| Defendants. | *(Filed Concurrently with Declaration of Janine K. Jeffery and [Proposed] Order Denying the MIL No. 4)* |
| | Pre-Trial Conference:  February 16, 2023<br>Time:   8:30 a.m.<br>Crtm:   Santa Ana, Courtroom 10D |
| | Hon. Fred W. Slaughter<br>United States District Court Judge |

Defendant Officer Peter Bueno ("Defendant") respectfully submits the

following opposition to Plaintiff's Motion *in Limine* No. 4 to Exclude all Evidence

or Argument Regarding Black Lives Matter and Anti-Police Rhetoric.  (ECF # 304)

///

///

///

1

Plaintiff wants to exclude evidence or argument regarding 1) "BLM and anti-police rhetoric; 2) the Black Lives Matter movement and/or its affiliated organizations (together "BLM"), including any allegations of misconduct on BLM's part; 3) regarding antipolice rhetoric, such as chants calling for 'death to the police,' 'abolition' of the police; 4) or 'defunding' the police or expressing similar slogans or sentiments." (See Proposed Order)  This is yet another attempt by Plaintiff to try to preclude the jury from being informed as to the situation facing Officer Bueno on May 30, 2020 and to prevent defense counsel from impeaching Plaintiff.

**A.    The Motion Fails to Identify Specific Evidence to be Excluded**

Plaintiff's motion *in limine* should be denied in its entirety as it is does not sufficiently identify the evidence that Plaintiff seeks to exclude.

**B.    References to BLM are relevant**

- The name BLM will come up in several contexts including the fact that BLM set up the protest in Pan Pacific Park.  Additionally, there are signs throughout the video and photo evidence which reference BLM.

- Plaintiff testified that after he was injured, he could not work at his usual occupation as a consultant.  (Plaintiff Depo., Vol. I, 129:21-130:4; Jeffery Decl., Exh. A)  Yet, on June 18, 2020, Plaintiff wrote an email stating that he was "currently home funneling hundreds of thousands of dollars to Black Lives Matter."  (Exh. 157; Plaintiff's Depo., Vol. II, 192:19-193:1; Jeffery Decl., Exh. B)  He explained that he was spending time directing corporations to fund the two organizations, Black Lives Matter and Build Power.  (*Id.* at Vol., II, 193:3- 21)  He then testified that he actually raised $200,000 for BLM and others, all at a time where he claimed he could not work.  (*Id.* at 193:22-194:6)

**B.    Defendant does not intend to elicit any testimony about misconduct of BLM**.

2

**C.    Anti-police rhetoric is a highly relevant in the circumstances.**

- Plaintiff has failed to specify particular "anti-police rhetoric" he seeks to exclude, thus rendering his motion fatally defective.

- Anti-police rhetoric such as "ACAB," "Die Pigs," "Death to Cops," and "Fuck Pigs" were spray painted on the patrol cars which were destroyed at Third and Fairfax.  This property destruction and the sentiment involved is relevant to each of the Constitutional violations Plaintiff has alleged:

   o It is relevant to the First Amendment claim because the destruction of these patrol cars formed one of the grounds for the dispersal order.

   o The destruction of the patrol cars, which will be demonstrated in photographs, contains the precise anti-police rhetoric that Plaintiff seeks to exclude.

   o This anti-police rhetoric is relevant to the Fourth Amendment claims because Officer Bueno's actions must be evaluated from the perspective of a reasonable officer on the scene and allowing for the fact that an officer may have to make a split-second judgment about the amount of force that is necessary in a particular situation.  *Hughes v. Kisela*, 841 F.3d 1081, 1087 (9th Cir. 2016).  As such, the hostility of the crowd and the actions by the crowd must be considered in determining what a reasonable officer would do under the circumstances.

- Plaintiff has placed evidence before the Court that he did not advocate defunding the police.  This is false.  Specifically, Plaintiff made a post which ends with "#DefundThePolice."  (See Plaintiff's Exhibit 131)  The jury instructions expressly provide that if a witness is deliberately

1    untruthful, the jury is free to not believe anything the witness says.

2    Manual of Model Jury Instructions, Section 1.14.

3    - Plaintiff claims that his "retweet" of a post that used hashtag

4    "AbolishThePolice" does not "necessarily" mean that he has endorsed

5    or adopted that viewpoint.  (ECF 280-7, at p. 4, n. 2)  Yet, when

6    considered in light of Plaintiff's social media post that ends with

7    #DefundThePolice, it is clear that a jury could conclude from his posts

8    that he is biased against the police.  Manual of Model Jury Instructions,

9    Section 1.14.  Bias is always significant in assessing the witness'

10   credibility.  *Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183,

11   1193 (9th Cir. 2005).

12   **D.    The Evidence Plaintiff Seeks to Exclude is Highly Relevant to the**

13   **Case and Not Unduly Prejudicial**

14   - Plaintiff's continued claim that all of the evidence that does not help his

15   case should be excluded as prejudicial or that it requires a mini-trial is

16   without merit.  On May 30, 2020, Officer Bueno faced an incredibly

17   hostile violent crowd that contained many individuals who expressed

18   anti-police sentiment, destroyed police property, and covered police

19   cars with threatening messages.  This is the environment which

20   informed Defendant's decision-making.

21   Plaintiff's Motion *in limine* No. 4 should be denied in its entirety.

22

23   Dated:  February 5, 2023                    REILY & JEFFERY, INC.

24

25                                              */s/ Janine K. Jeffery*
                                               Janine K. Jeffery
26                                              Attorney for Officer Peter Bueno

27

28