_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER RE: MOTIONS *IN LIMINE* [263] [264] [265] [268] [269] [270] [273] [274] [277] [280] [301] [302] [303] [304] [305] [306] [307] [308] [309] [310]; DENIAL OF APPLICATION TO FILE UNDER SEAL [329] [333]**

Before the court are motions *in limine* filed by Plaintiff Deon Jones ("Plaintiff") and Defendant Officer Peter Bueno ("Defendant") (collectively, "Motions"). (Dkts. 263-77, 280, 301-310.) Except as otherwise noted below, the parties oppose each other's respective Motions. (Dkts. 292-300, 311-14, 317-22.) The court's rulings below are based on the applicable law, record, and arguments raised by the parties in their respective briefing on the Motions. Based on these considerations and the considerations discussed at oral argument held on February 16 and 17, 2023, the Motions are **GRANTED IN PART AND DENIED IN PART**. The court's rulings on each individual Motion are provided in summary fashion at the end of this Order, *infra*, Section IV.

I.   **Legal Standards**

　　A.   Motions *in Limine*

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). However, "[a] motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim,

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015). Moreover, "[a] motion in limine is not a proper vehicle by which to seek summary judgment on all or a portion of a claim." *Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *3 (C.D. Cal. Mar. 7, 2011).

Motions *in limine* are vehicles by which a court may exclude inadmissible or prejudicial evidence before it is "actually offered." *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Motions *in limine* "avoid the futile attempt of unringing the bell when jurors have seen or heard inadmissible evidence, even when stricken from the record"; "streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial"; and "permit more thorough briefing and argument on evidentiary issues than would be likely during trial." *Altair Instruments, Inc. v. Telebrands Corp.*, 2021 WL 5238787, at *1 (C.D. Cal. Feb. 18, 2021) (cleaned up). "[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (cleaned up); *Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) ("Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored."). "The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'" *Lewis*, 493 F. Supp. 3d at 861 (alterations in original) (quoting *Bullard v. Wastequip Mfg. Co. LLC*, 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015)).

A ruling on a motion *in limine* "is essentially a preliminary opinion that falls entirely within the discretion of the district court." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (citations and internal quotation marks omitted). Because "testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling," a "district court may change its ruling at trial." *Id.* (citations and internal quotation marks omitted); *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also* Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing . . . prohibits the court from revisiting its decision when the evidence is to be offered.").

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-11147-FWS-SK                                                         Date: February 21, 2023
Title: Deon Jones v. City of Los Angeles, *et al.*

      B.      <u>Admissibility of Relevant Evidence under Federal Rules of Evidence 401, 402, and 403</u>

      Federal Rule of Evidence 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.  Fed. R. Evid. 402.  Evidence is "relevant" if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action."  Fed. R. Evid. 401. "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Federal Rule of Evidence 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

      C.      <u>Admissibility of Expert Testimony under Federal Rule of Evidence 702</u>

      Federal Rule of Evidence 702 permits "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise" if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "the testimony is based on sufficient facts or data"; (3) "the testimony is the product of reliable principles and methods"; and (4) "the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702.  The court serves as a "gatekeep[er]" by "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999) (expanding *Daubert* to "all expert testimony").  The Ninth Circuit has provided a roadmap for courts to evaluate expert testimony under these principles:

> Under *Daubert* and *Kumho Tire*, only relevant and reliable expert opinion testimony is admissible.  Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.  And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

. . .
> [I]n evaluating the reliability of scientific expert opinion testimony, trial courts may consider: (1) whether the scientific theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether there is a known or potential error rate, and (4) whether the theory or technique is generally accepted in the relevant scientific community.

*United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006) (citations and internal quotation marks omitted).

While this "list of specific factors neither necessarily nor exclusively applies to all experts or in every case," the court may consider "one or more" of the *Daubert* factors to evaluate the reliability of nonscientific expert testimony. *Kumho Tire*, 526 U.S. at 141 (emphasis removed).

**II.     Defendant's Motions *in Limine***

As a preliminary matter, the court **DENIES** the parties' requests to file Dkts. 318 and 318-1 under seal. (Dkts. 329, 333.) Plaintiff seeks to redact the identify of an individual mentioned at Plaintiff's deposition. (*See* Dkt. 333.) To justify sealing this record, the moving party must demonstrate "compelling reasons" overcoming the "strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations and internal quotation marks omitted); *see id.* at 1099 (holding the compelling reasons standard applies where "the motion at issue is more than tangentially related to the underlying cause of action" which includes "routine motions in limine" that are "strongly correlative to the merits of a case"). That the information sought to be redacted was designated confidential under the parties' protective order is insufficient to constitute a "compelling reason" to redact that information. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (requiring parties to "articulate compelling reasons supported by specific factual findings" to overcome the strong presumption of public access to court records). Otherwise, the desire to keep anonymous the identity of a nonparty to this litigation, absent a more particularized showing of harm resulting from such disclosure, is not a sufficient reason to

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

redact that information from the docket. *See, e.g.*, *Sai v. ABDI*, 2018 WL 9781844, at *4 (W.D. Wash. Apr. 23, 2018) (rejecting "'unsupported assertion of an unqualified interest in privacy', an unlikely risk of possible identity theft, and a 'general assertion that the affidavits might "disclose embarrassing and potentially harmful information, such as an affiant's family situation, disability, [or] dependents"'" as insufficient to meet lower standard of good cause to file documents under seal) (alteration in original) (quoting *SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 127-28 (D.D.C. 2015)), *report and recommendation adopted*, 2018 WL 9781651 (W.D. Wash. Aug. 8, 2018). The court finds no other compelling reason to seal this information. *Cf. Kamakana*, 447 F.3d at 1179 (listing examples of "compelling reasons"). Thus, the court **ORDERS** to unseal Dkts. 318 and 318-1.

    A.    <u>Defendant's Motion *in Limine* No. 2</u>

Defendant moves to exclude evidence of Plaintiff's reaction to "other allegations of police misconduct," specifically the January 6, 2022, Capitol Hill riots and police response. (Dkt. 264.)

The court **GRANTS IN PART AND DENIES IN PART** this motion. The court **DENIES** this motion to the extent it seeks to exclude evidence or argument of unspecified other incidents of police force or violence. The court finds such evidence potentially relevant to Plaintiff's claims for damages, *see* Fed. R. Evid. 401 and the subject matter with respect to which exclusion is sought too broad and thus lacking in particularity, *see Lewis*, 493 F. Supp. 3d at 861; *Jackson*, 194 F. Supp. 3d at 1008. The court **GRANTS** this motion to the extent it seeks to exclude evidence or argument related to the January 6, 2022, Capitol Hill riots specifically, and/or any other <u>specific incident</u>. Plaintiff may testify to his ongoing emotional distress without reference to a <u>specific incident</u> other than the May 30, 2020, protest at issue in this case. On balance, the court finds the probative value of other specific incident is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. *See* Fed. R. Evid. 403. Additionally, the court finds introduction of the details of other specifically names events are not relevant to the causes of action alleged in the First Amended Complaint. *See* Fed. R. Evid. 401.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

  B.  <u>Defendant's Motion *in Limine* No. 3</u>

  Defendant moves to exclude evidence of administrative investigations and proceedings, as well as after-action reports related to the LAPD's handling of the protests occurring in 2020 after George Floyd's death, that were prepared after May 30, 2020.  (Dkt. 265.)  In the Opposition, Plaintiff maintains the LAPD's Force Investigation Division ("FID") Report into the shooting of Plaintiff is admissible, but agrees to withdraw the LAPD Internal Affairs Report, After-Action Report, and Chaleff Report without prejudice as to Plaintiff seeking to admit them in the second phase of trial against the City of Los Angeles and other Municipal Defendants.  (Dkt. 294.)

  The court **GRANTS** this motion.  Noting that Plaintiff only seeks to offer the FID Report during this trial, and not the Internal Affairs, After-Action, and Chaleff Reports (the latter three collectively, "Three Reports"), the court **GRANTS** this motion to the extent it seeks to exclude the Three Reports.  The court further **GRANTS** this motion, because the court finds, on balance, that the probative value of the FID Report is substantially outweighed by the dangers of undue prejudice, confusing the issues, and misleading the jury by suggesting Defendant violated Plaintiff's constitutional rights merely on account of a disciplinary investigation and proceeding.  *See Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986) (holding district court properly excluded internal police investigation under Federal Rule of Evidence 403 where the jury may have inferred the officer "guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings").  Accordingly, the court **GRANTS** this motion.

  C.  <u>Defendant's Motion *in Limine* No. 4</u>

  Defendant moves to exclude any "other" reference to uses of force by Defendant on May 30, 2020.  (Dkt. 268.)  Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.  *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002).  "Federal Rule of Evidence 404(b)—which applies in both civil and criminal cases—generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

upon a relevant issue in the case such as motive, opportunity, or knowledge." *Huddleston v. United States*, 485 U.S. 681, 685 (1988); *see also Romero*, 282 F.3d at 688 "Rule 404(b) permits evidence of prior wrongs or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."). "Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston*, 485 U.S. at 685.

"In the Ninth Circuit, a four-part test is used to determine the admissibility of evidence pursuant to Rule 404(b)," under which "[s]uch evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Id.*

The court **DENIES** this motion. Assuming a proper foundation is laid, Plaintiff may offer as evidence **the nine (9) videos** previously submitted to the court (Dkt. 332). As noted by Plaintiff in the Opposition, (Dkt. 296), the court previously found, in connection with the parties' motions for summary judgment, that this evidence may be probative of Defendant's motive in the context of Plaintiff's First Amendment retaliation claim. *See* Fed. R. Evid. 401; *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 828-29 (9th Cir. 2020). Additionally, it is relevant to the totality of circumstances facing Defendant, which is relevant to Plaintiff's excessive force claim. *See* Fed. R. Evid. 401; *Graham v. Connor*, 490 U.S. 386, 397 (1989).

On review of the videos and having heard the parties' positions at oral argument regarding timing of the videos, (*see* Dkt. 332.) the court finds these videos are sufficiently relevant to the events that occurred during the May 30, 2020, protest such that they should not be excluded from the jury's consideration on that basis alone. As to Defendant's concern that such evidence would constitute impermissible character evidence, the court agrees with Plaintiff that the evidence may be relevant to Defendant's motive as it relates to Plaintiff's retaliation

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

claim. *See* Fed. R. Evid. 404(b)(2). Specifically, the court finds the subject videos (1) tend to prove a material point in terms of motive; (2) are not too remote in time because the videos depict events on the same day of the conduct alleged in the First Amended Complaint; (3) as footage recorded from Defendant's body warn camera, may be show Defendant engaged in the conduct depicted on the express condition that the proper foundation is laid; and (4) depict conduct similar to conduct alleged in the First Amended Complaint, i.e. discharging a less-lethal launcher. *See Bailey*, 696 F.3d at 799. Finally, on balance, the court finds the probative value of the nine (9) videos is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403.

Moreover, as Plaintiff acknowledged at oral argument, Defendant may request a limiting instruction regarding this evidence. *See* Fed. R. Evid. 105. Consistent with Ninth Circuit Model Jury Instruction 1.11, the parties shall jointly propose an agreed-upon limiting instruction for the use of the nine (9) videos for the limited purpose of establishing motive on or before **February 22, 2023, at 5:00 p.m.** consistent with court's ruling. Once the court has reviewed and finalized an appropriate limiting instruction, the court will issue further orders regarding the introduction of this evidence.

    D.    <u>Defendant's Motion *in Limine* No. 8</u>

Defendant moves to exclude certain testimony from Plaintiff's witness Jason Latham. (Dkt. 274.) The court previously set this motion for a *Daubert* hearing on February 22, 2023, at 9:00 a.m. The court **DEFERS** issuing a ruling on this motion until after the hearing is held.

    E.    <u>Defendant's Motion *in Limine* No. 9</u>

Defendant moves to exclude certain testimony from Plaintiff's witness Erin Min. (Dkt. 277.) The court previously set this motion for a *Daubert* hearing on February 22, 2023, at 9:00 a.m. The court **DEFERS** issuing a ruling on this motion until after the hearing is held.

    F.    <u>Defendant's Withdrawn Motions *in Limine*</u>

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-11147-FWS-SK                                   Date: February 21, 2023
Title: Deon Jones v. City of Los Angeles, *et al.*

_____

Because the parties agreed to withdraw the following motions on the record, the court **DENIES AS MOOT** Defendant's Motion *in Limine* Nos. 1, 5-7 (Dkts. 263, 269-70, 273.)  The parties are **ORDRED** to file one stipulation encompassing the parties' agreement and withdrawal of all motions with respect to which counsel agreed to withdraw at oral argument held on February 16, 2023, **on or before 12:00 p.m. on February 23, 2023.**

### III.     Plaintiff's Motions *in Limine*

####     A.     Plaintiff's Motion *in Limine* No. 1

Plaintiff moves to exclude (1) evidence of acts or scenes of misconduct at the May 30, 2020, protest in which Plaintiff was not involved, including looting, vandalism, and incidents of misconduct against police officers by unknown persons; and (2) characterizations of the May 30, 2020, protest as a "riot" or other inflammatory term.  (Dkt. 301.)

The court **DENIES** this motion.  As noted above, in the context of Defendant's Motion *in Limine* No. 4, the totality of circumstances facing Defendant and Defendant's motive, including other misconduct that occurred at the May 30, 2020, protest, are relevant to Plaintiff's excessive force and retaliation claims, respectively.  *See* Fed. R. Evid. 401; *Graham*, 490 U.S. at 397; *Index Newspapers*, 977 F.3d at 828-29.  Further, the court, on balance, does not find the probative value of a witness' description of the events and/or characterizations of the May 30, 2020, protest as a "riot" or other unspecified inflammatory term to be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time, or needlessly presenting cumulative evidence.  *See* Fed. R. Evid. 403.

####     B.     Plaintiff's Motion *in Limine* No. 2

Plaintiff moves to exclude evidence or argument about (1) dispersal orders issued on May 30, 2020; and (2) allegations that Plaintiff violated the law by purportedly failing to comply with a dispersal order.  (Dkt. 302.)  Plaintiff's counsel indicated at oral argument this motion

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

would be withdrawn as to the former category of evidence; nevertheless, the court evaluates this ground in an abundance of caution.

The court **DENIES** this motion. As Defendant notes, (*see* Dkt. 312 at 2-3), the court found evidence of the dispersal order issued on May 30, 2020, relevant to Plaintiff's First Amendment claims in the court's Order on the parties' previous motions for summary judgment. *See* Fed. R. Evid. 401; *cf. Collins v. Jordan*, 110 F.3d 1363, 1371-72 (9th Cir. 1996). The court concludes the dispersal orders issued on May 30, 2020, and whether Defendant believed Plaintiff was in violation of those dispersal orders are probative of matters relevant to the case under Rule 401. The also court finds the probative value of the dispersal orders issued on May 30, 2020, and whether Defendant believed Plaintiff was in violation of the dispersal orders is not, on balance, substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403.

C.      Plaintiff's Motion *in Limine* No. 3

Plaintiff moves to exclude evidence or argument regarding a mass arrest involving Plaintiff and other protestors that occurred the day on May 29, 2020, prior to the protest at issue in this case on May 30, 2020. (Dkt. 303.)

The court **GRANTS IN PART** this motion to the extent affirmative evidence or argument regarding whether Plaintiff was arrested at a mass arrest on May 29, 2020, for the same reasons as the court's order on Plaintiff's Motion *in Limine* No. 2. For completeness, the court finds whether Plaintiff was arrested in the arrests that occurred on May 29, 2020, in an unrelated protest and prior to the events at issue in this case, is not relevant to Plaintiff's claims. *See* Fed. R. Evid. 401. Even if it were, the court would find its probative value outweighed by the substantial risk of undue prejudice that the jury may assume Plaintiff was engaged in unlawful activity during the May 30, 2020, protest solely on account of the May 29, 2020, arrests. *See* Fed. R. Evid. 403. However, to the extent such evidence becomes relevant for a proper impeachment purpose, the court **DENIES IN PART** this motion in that limited respect.

---

**CIVIL MINUTES – GENERAL**

**10**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

*See* Fed. R. Evid. 608(b). To the extent counsel seeks to utilize questioning about the May 29, 2020, arrests for an appropriate impeachment purpose or purposes, counsel must first request to approach the court at sidebar and ask permission to do so.

      D.      <u>Plaintiff's Motion *in Limine* No. 4</u>

Plaintiff moves to exclude evidence or argument regarding (1) the Black Lives Matter movement and/or its affiliated organizations, including allegations of misconduct on its part; and (2) anti-police rhetoric, giving as examples of chats "calling for 'death to the police,' 'abolition' of the police, or 'defunding' the police." (Dkt. 304.) In Defendant's Opposition, Defendant submits he does not intend to offer any evidence regarding misconduct by the Black Lives Matter movement, and otherwise opposes the Motion. (Dkt. 314.)

The court **GRANTS IN PART AND DENIES IN PART** this motion. On the understanding that Defendant does not seek to offer such evidence or argument, the court **GRANTS** this motion to the limited degree it seeks to exclude affirmative evidence of misconduct by the Black Lives Matter movement in instances unrelated to the May 30, 2020, protest as irrelevant and its probative value substantially outweighed by its potential to be highly prejudicial. *See* Fed. R. Evid. 401; 403. Otherwise, this motion is too broad in that it would exclude relevant evidence. *See Lewis*, 493 F. Supp. 3d at 861; *Jackson*, 194 F. Supp. 3d at 1008; Fed. R. Evid. 608(b). The court accordingly **DENIES** the Motion in its other respects. To the extent specific evidence or argument of these matters is offered at trial, the court will rule on objections raised by the parties.

      G.      <u>Plaintiff's Withdrawn Motions *in Limine*</u>

Because the parties agreed to withdraw this motion on the record, the court **DENIES AS MOOT** Defendant's Motion *in Limine* Nos. 5-10 (Dkts. 305-10.) The parties are **ORDERED** to file one stipulation encompassing the parties' agreement and withdrawal of all motions with respect to which counsel agreed to withdraw at oral argument held on February 16, 2023, **on or before 12:00 p.m.** on February 23, 2023.

___

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

### IV. Disposition

To the extent the parties seek blanket rulings granting their motions, the court **DENIES** the motions.  *See Lewis*, 493 F. Supp. 3d at 861; *Jackson*, 194 F. Supp. 3d at 1008.  For the reasons set forth above, and consistent with the court's analysis above, the court summarizes its rulings as follows:

1. The court **DENIES AS MOOT** Defendant's Motion *in Limine* No. 1 (Dkt. 263), based on its withdrawal;

2. The court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion *in Limine* No. 2 (Dkt. 264);

3. The court **GRANTS** Defendant's Motion *in Limine* No. 3 (Dkt. 265);

4. The court **DENIES** Defendant's Motion *in Limine* No. 4 (Dkt. 268);

5. The court **DENIES AS MOOT** Defendant's Motion *in Limine* No. 5 (Dkt. 269), based on its withdrawal;

6. The court **DENIES AS MOOT** Defendant's Motion *in Limine* No. 6 (Dkt. 270), based on its withdrawal;

7. The court **DENIES AS MOOT** Defendant's Motion *in Limine* No. 7 (Dkt. 273), based on its withdrawal;

8. The court **DEFERS RULING** on Defendant's Motion *in Limine* No. 8 (Dkt. 274), pending the hearing held on February 22, 2023, at 9:00 a.m.;

9. The court **DEFERS RULING** on Defendant's Motion *in Limine* No. 9 (Dkt. 277), pending the hearing held on February 22, 2023, at 9:00 a.m.;

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

_____

10. The court **DENIES** Plaintiff's Motion *in Limine* No. 1 (Dkt. 301);

11. The court **DENIES** Plaintiff's Motion *in Limine* No. 2 (Dkt. 302);

12. The court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion *in Limine* No. 3 (Dkt. 303);

13. The court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion *in Limine* No. 4 (Dkt. 304)

14. The court **DENIES AS MOOT** Plaintiff's Motion *in Limine* No. 5 (Dkt. 305), based on its withdrawal;

15. The court **DENIES AS MOOT** Plaintiff's Motion *in Limine* No. 6 (Dkt. 306), based on its withdrawal.

16. The court **DENIES AS MOOT** Plaintiff's Motion *in Limine* No. 7 (Dkt. 307), based on its withdrawal;

17. The court **DENIES AS MOOT** Plaintiff's Motion *in Limine* No. 8 (Dkt. 308), based on its withdrawal;

18. The court **DENIES AS MOOT** Plaintiff's Motion *in Limine* No. 9 (Dkt. 309), based on its withdrawal;

19. The court **DENIES AS MOOT** Plaintiff's Motion *in Limine* No. 10 (Dkt. 310), based on its withdrawal;

20. The court **DENIES** the parties' applications seeking to file Dkts. 318 and 318-1 under seal (Dkts. 329, 333), which shall be made accessible to the public;

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

21. The parties are **ORDERED** to file **on or before 12:00 p.m. on February 23, 2023**, as one document, a joint stipulation encompassing the parties' agreement and withdrawal of all motions with respect to which counsel agreed to withdraw at oral argument held on February 16, 2023.

22. The parties are **ORDERED** to file an agreed-upon proposed limiting instruction for the use of the nine (9) videos subject to Defendant's Motion *in Limine* No. 4 for the limited purpose of establishing motive, consistent with the court's ruling, on or before **February 22, 2023, at 5:00 p.m.**

23. The court **DENIES AS MOOT** Plaintiff's duplicate Motions in Limine (Dkt. 280) filed as a compilation.

The court reiterates evidence may change during trial and that its Order is subject to the court's reconsideration at trial.  *See* Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing . . . prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce*, 469 U.S. at 41-42 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").  Should a party believe the opposing party has "opened the door," to the introduction of evidence, that party may request to approach the court at sidebar and ask permission to do so.

The parties are instructed that any argument, evidence, suggestion, or other mechanism (whether verbal or nonverbal) which has the effect or intent of raising to the jury a subject with respect to which the court orders evidence, argument, and/or any other reference excluded may be deemed sufficient to find a violation of the court's orders.  The court reiterates its instruction

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-11147-FWS-SK | Date: February 21, 2023 |
| Title: Deon Jones v. City of Los Angeles, *et al.* | |

in its Order on Pretrial and Trial Procedures (Civil Cases), Section II.D.10[1] that "[c]ounsel must strictly abide by all motion in limine rulings" and "shall instruct their clients and witnesses to do the same." To the extent this or any court order is violated, sanctions may be imposed.

    **IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

___

[1] Available at:
https://www.cacd.uscourts.gov/sites/default/files/documents/FWS/AD/Civil%20Order%20re%20Pretrial%20and%20Trial%20Procedures%20Order%20UPDATED%2005-04-2022.pdf