| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>ORIN SNYDER (*pro hac vice*)<br>  OSnyder@gibsondunn.com<br>KATHERINE MARQUART, SBN 248043<br>  KMarquart@gibsondunn.com<br>KARIN PORTLOCK (*pro hac vice*)<br>  KPortlock@gibsondunn.com<br>LEE R. CRAIN (*pro hac vice*)<br>  LCrain@gibsondunn.com<br>MARK J. CHERRY (*pro hac vice*)<br>  MCherry@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Tel.: 212.351.4000<br>Fax: 212.351.4035 | LAUREN M. BLAS, SBN 296823<br>  LBlas@gibsondunn.com<br>TIMOTHY D. BICHE, SBN 293363<br>  TBiche@gibsondunn.com<br>COURTNEY M. JOHNSON, SBN 324331<br>  CJohnson2@gibsondunn.com<br>ARIANA H. SAÑUDO, SBN 324361<br>  ASanudo@gibsondunn.com<br>333 South Grand Avenue, Suite 4600<br>Los Angeles, CA  90071-3197<br>Tel.: 213.229.7000<br>Fax: 213.229.7520 |

MATTHEW S. KAHN, SBN 261679
  MKahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921

Attorneys for Plaintiff Deon Jones

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, in his official capacity as Chief of the Los Angeles Police Department, LOS ANGELES POLICE DEPARTMENT, a municipal entity, and PETER BUENO,<br><br>  Defendants. | **CASE NO. 2:20-CV-11147-FWS-SK**<br><br>**PLAINTIFF'S TRIAL BRIEF**<br><br>Judge:   Hon. Fred W. Slaughter<br>Complaint Filed:   December 9, 2020<br>Trial Date:   February 28, 2023 |

## I. INTRODUCTION

Plaintiff Deon Jones seeks to hold Defendant Officer Peter Bueno accountable for unlawfully shooting him in the face with a rubber bullet on May 30, 2020 in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution and for violating his analogous rights under the California Constitution. Trial is set to commence on February 28, 2023. The parties have been working constructively to narrow their disputes on the facts and law in advance of trial. But certain outstanding disputes remain. Pursuant to Local Civil Rule 16-10(c), Plaintiff respectfully submits this brief reply memorandum to respond to certain legal contentions in Officer Bueno's Memorandum of Contentions of Fact and Law, Dkt. 275 (the "Memorandum") that remain in dispute.

***First Amendment Claims.*** Officer Bueno misstates the law applicable to Mr. Jones' First Amendment claims. To prevail on his First Amendment claims, Mr. Jones must prove: (1) Mr. Jones was engaged in a constitutionally protected activity; (2) Officer Bueno shooting Mr. Jones in the face would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) Mr. Jones' protected activity was a substantial or motivating factor in Officer Bueno's shooting of Mr. Jones. Dkt. 276 (Mr. Jones' Memorandum of Contentions of Fact and Law) at 9–10. Officer Bueno contends Mr. Jones cannot show he was engaged in a "constitutionally protected activity" because the Los Angeles Police Department issued a dispersal order before he was shot. But even Officer Bueno's own leading case, *Cervantes v. San Diego Police Chief Shelley Zimmerman*, 2020 WL 5759752 (S.D. Cal. Sept. 28, 2020), *aff'd sub nom. Ramirez v. Zimmerman*, 2021 WL 5104371 (9th Cir. Nov. 3, 2021), shows his position is wrong. Officer Bueno also asks this Court to re-cast the third element, contending that Mr. Jones must prove not that his "protected activity was a substantial or motivating factor" of Officer Bueno's conduct but rather that that protected activity was a "but for" cause. That, too, is plainly wrong, as governing case law and this Circuit's Model Jury Instructions confirm. *See, e.g., Boquist v. Courtney*,

32 F.4th 764, 777–78 (9th Cir. 2022); Ninth Circuit Model Jury Instruction 9.11.

***Fourth Amendment Claim.***  Officer Bueno misleadingly implies Mr. Jones must prove Officer Bueno specifically intended to shoot him in the face to bear his burden on his Fourth Amendment claim.  But the Ninth Circuit in *Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012), has held otherwise.  *Nelson* explained that the intent element is satisfied so long as Officer Bueno objectively intended to fire his weapon—in other words, that the discharge of the weapon *itself* was volitional and not accidental.  *Id.* at 875–76.  Mr. Jones does *not* need to prove Officer Bueno specifically intended to shoot Mr. Jones, as opposed to some other person.  *Id.*  Officer Bueno also wrongly claims that the LAPD's dispersal order is relevant to and apparently forecloses Mr. Jones' Fourth Amendment claim.  Dkt. 275 at 6.  But *Nelson* also concluded that an individual's noncompliance with a dispersal order, without more, does not render an officer's use of force reasonable or excuse uses of force that would otherwise be unreasonable.  *See Nelson*, 685 F.3d at 881–82.

***Fourteenth Amendment Claim.***  Officer Bueno misstates the elements of Mr. Jones' Fourteenth Amendment claim, implying the test for whether an officer's conduct "shocks the conscience" turns only on whether Officer Bueno acted with a "purpose to harm."  Dkt. 275 at 6.  But that statement of the law is incomplete, as the Court's summary judgment order recognized.  Dkt. 261 at 28.  The "purpose to harm" test applies only if an officer had no time to deliberate before acting.  *See Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).  If the officer *did* have time to deliberate, their conduct "shocks the conscience" if they act with "deliberate indifference" or reckless disregard for another's life or safety—an entirely different standard.  *Id.* at 1137–38; *see also R.A. ex rel. Penrose v. Morris*, 2015 WL 1191266, at *7 (C.D. Cal. Mar. 16, 2015); Dkt. 324 (Disputed Proposed Jury Instructions) at 30.  Since the Court held that the question of whether Officer Bueno had sufficient time to deliberate is a disputed issue, Dkt. 261 (Summary Judgment Order) at 28–29, any statement of law regarding this claim must include both standards.

***LAPD Policy Violations.*** Finally, Officer Bueno contends there is an "issue of law" as to whether violation of LAPD policy is the equivalent of a constitutional violation. Dkt. 275 (Officer Bueno's Memorandum) at 15, ¶ 11. There is no such issue. Mr. Jones has never contended Officer Bueno's numerous policy violations are themselves equivalent to constitutional violations. Rather, they are relevant to the analysis of claims under the First, Fourth, and Fourteen Amendments. As this Court explained, Officer Bueno's policy violations are pertinent to Mr. Jones' First and Fourteenth Amendment claims. *See* Dkt. 261 at 23, 29. And the Ninth Circuit has held policy violations are similarly relevant to evaluating whether an officer's use of force was unreasonable. *See Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1059 (9th Cir. 2003).

As the Court considers and evaluates the parties' pretrial filings, including the jury instructions, it should follow the law as explained in Mr. Jones' Memorandum of Contentions of Fact and Law, Proposed Jury Instructions, and this Trial Brief, all of which either expressly derives from or is consistent with Ninth Circuit precedent.

## II.   ARGUMENT

### A. Officer Bueno Misstates the Law Governing Several of Mr. Jones' First Amendment Claims.

On the three theories underlying Mr. Jones' First Amendment claim—retaliation, viewpoint discrimination, and right-to-record—Mr. Jones must prove: (1) he was engaged in a "constitutionally protected activity"; (2) Officer Bueno's "actions against" Mr. Jones "would chill a person of ordinary firmness from continuing to engage in the protected activity"; and (3) Mr. Jones' "protected activity was a substantial or motivating factor in the defendant's conduct." Ninth Circuit Model Jury Instruction 9.11. Officer Bueno's articulation of the law, however, confuses the first and third elements of these claims and conflicts with Ninth Circuit precedent.

***Element 1: Constitutionally Protected Activity.*** Officer Bueno argues that the issuance of a valid dispersal order defeats the first element of Mr. Jones' retaliation,

viewpoint discrimination, and right-to-record theories underlying his First Amendment claim. *See* Dkt. 275 (Officer Bueno Memorandum) at 4–5, 14. Officer Bueno has leaned heavily on *Cervantes,* 2020 WL 5759752 (S.D. Cal. Sept. 28, 2020) for that proposition. Dkt. 312 at 2. *Cervantes* involved a situation where a police department "made multiple unlawful assembly announcements between 4:30 PM and 5:00 PM" and began enforcing dispersal orders at approximately 5:30 p.m. *Id.* at *7, *8. At 6:30 p.m., over two hours after police issued their first dispersal order, one of the plaintiffs, Bryan Pease, arrived at the protest "to document the police activity as well as to engage in free speech." *Id.* at *8. This happened "minutes before law enforcement made another unlawful assembly announcement." *Id.* Mr. Pease was then arrested for failing to disperse in violation of California Penal Code Section 409. *Id.* at *3.

Although the court stated plaintiffs "had no First Amendment right to *peaceably assemble* when police began enforcing the dispersal order," it agreed that Mr. Pease, despite having arrived on the scene two hours after the dispersal orders were issued, was "undoubtedly . . . engaged in activity protected by the First Amendment *before* his arrest." *Id.* at *7 (emphases added). The court therefore held he had provided sufficient evidence to establish at summary judgment the first element of his First Amendment retaliation claim.[1] *Id.* at *8. As such, while Mr. Jones is willing to withdraw his public forum theory (and is drafting a stipulation regarding the same), *Cervantes* provides no basis to conclude that *all* protected activity loses protection the moment a dispersal order is issued—rather, it concluded the opposite. *Id.* at *8 (concluding dispersal order did not abrogate Mr. Pease's First Amendment rights "to verbally challenge and monitor police conduct," which "is a core constitutional right").

***Element 3: Substantial or Motivating Factor.*** The final element of Mr. Jones'

---

[1] Because Mr. Pease was unable to prove the other elements of his First Amendment retaliatory arrest claim, however, the *Cervantes* court ultimately determined "no reasonable jury could find that Pease's First Amendment rights were violated." *Cervantes*, 2020 WL 5759752, at *9.

remaining First Amendment claims is that "Mr. Jones' protected activity was a substantial or motivating factor in Officer Bueno's shooting of Mr. Jones." Dkt. 276 at 9. Officer Bueno, however, attempts to recast this element, arguing Mr. Jones must prove his protected activity was a "but for" cause of Officer Bueno's shooting, as opposed to a "substantial or motivating factor" in the shooting. Dkt. 275 at 4; *see also* Dkt. 324 at 40–41, 43; Dkt. 326-1 at 4–7. That is not the law. As this Court held: "The third element" for Mr. Jones' First Amendment claims is "whether Plaintiff's protected activity was a substantial or motivating factor in Defendant's conduct." Dkt. 261 at 23. The Court recognized that element "requires that the Defendant's motive be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." Dkt. 261 at 23 (cleaned up). But it concluded that "but-for" causation is not an additional element Mr. Jones must prove or even a substitute for the "substantial or motivating factor" test. *Id.* Rather, the "but-for" standard is subsumed within the "substantial or motivating factor" analysis.

The relationship between the "substantial or motivating factor" and "but for" causation standards is not a matter of semantics. The Ninth Circuit has confirmed the "substantial or motivating factor" test is the relevant inquiry for plaintiffs like Mr. Jones. *See Boquist*, 32 F.4th at 777–78. And while "but-for" causation has a role to play in that analysis, it does not replace the "substantial or motivating factor" analysis, as Officer Bueno's memorandum suggests. As the Ninth Circuit explained in *Boquist*, there is a "burden-shifting approach to § 1983 claims of First Amendment retaliation," such that once a plaintiff makes a "prima facie showing of retaliation"—i.e., establishing that protected conduct was a substantial or motivating factor in the defendant's adverse action against the plaintiff—the burden shifts to the defendant to show the retaliation "was not the but-for cause of the [alleged conduct]." *Id.* at 777–78 (cleaned up). In other words, when Mr. Jones proves the elements of his First Amendment claims, it is *Officer Bueno's* burden to prove that Mr. Jones' conduct was not the but-for cause of the shooting. For that reason, the Ninth Circuit Model Jury

Instructions explain: "If the plaintiff establishes each of the foregoing elements," including whether the plaintiff's conduct is a substantial or motivating factor in the defendant's actions, "the burden shifts to the defendant to prove by a preponderance of the evidence that the defendant would have taken the action(s) in question, even in the absence of any motive to retaliate against the plaintiff." Ninth Circuit Model Jury Instruction 9.11. In sum, Mr. Jones must first prove that his "protected activity was a substantial or motivating factor in Officer Bueno's shooting of Mr. Jones." Dkt. 276 at 9. And then Officer Bueno must prove that retaliating against Mr. Jones was not the but-for cause of the shooting. Officer Bueno's description of the test is misleading to the extent it suggests otherwise.

**B.  Officer Bueno Misstates the Law Governing Mr. Jones' Fourth Amendment Claim.**

To prevail on his Fourth Amendment claim, Mr. Jones must prove: (1) Officer Bueno "seized the plaintiff's person"; (2) "in seizing the plaintiff's person," Officer Bueno "acted intentionally"; and (3) "the seizure was unreasonable." Ninth Circuit Model Instruction 9.20; *see also* Dkt. 276 at 11; *accord* Dkt. No. 261 at 17–18. Officer Bueno misstates the second and third elements of Mr. Jones' claim.

*Element 2: Intent.* Officer Bueno's memorandum distorts the intent element, misleadingly implying Mr. Jones must prove that Officer Bueno specifically intended to shoot Mr. Jones—and not some other person. Officer Bueno cites to *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989) for the proposition that, to prove a seizure, Mr. Jones must prove that *he* was the "object of [the] detention or taking" and claims that "[a]ccidental or unintended seizures do not fall under the Fourth Amendment." Dkt. 275 at 15, ¶ 8. Officer Bueno "misapprehends the distinction between intentional and unintentional conduct that the Supreme Court has repeatedly held as determinative of the Fourth Amendment analysis." *Nelson*, 685 F.3d at 876. In *Nelson*, the Ninth Circuit determined that there was intent to restrain where "police officers took aim and intentionally fired in the direction of a group," hitting the plaintiff who was a part of

Gibson, Dunn & Crutcher LLP

the group.  685 F.3d at 875–76.  It was irrelevant that (as the officers claimed), the plaintiff was "not individually targeted."  *Id.* at 876.  *Nelson* thus confirms that the Fourth Amendment's objective intent requirement is satisfied if Officer Bueno objectively intended to shoot when he did—in other words, that the act of firing the weapon was not accidental.  *Id*.  Therefore, the fact Officer Bueno intended to pull the trigger to shoot *someone*, even if he did not specifically aim at or intend to shoot Mr. Jones, is sufficient under the analysis.

***Element 3:  Unreasonable Force.***  Officer Bueno wrongly claims that LAPD dispersal orders are relevant to whether Officer Bueno's force was unreasonable.  Dkt. 275 at 6.  Specifically, he notes as "key evidence" in opposition to Mr. Jones' Fourth Amendment claim that (1) "[l]awful dispersal orders had been given and Plaintiff was under an obligation to leave the area" and (2) in relation to the dispersal order, that Mr. Jones "was in violation of Penal Code Sections 408, 409 and 416 at the time he claims he was struck."  *Id.*

The Ninth Circuit held in *Nelson* that a dispersal order does not render reasonable an officer's use of force.  685 F.3d at 881–82.  Specifically, *Nelson* rejected the defendant officers' argument that shooting the plaintiff in the eye with a less-lethal projectile was not an unreasonable use of force because he, among other things, failed to comply with a dispersal order.  *Id.*  The Ninth Circuit stressed that, even if the plaintiff "heard and was in non-compliance with the officers' orders to disperse, this single act of non-compliance, without any attempt to threaten the officers or place them at risk, would not rise to the level of active resistance" which might otherwise justify the officers' use of force.  *Id.* at 882.  Under *Nelson*, then, mere alleged noncompliance with a dispersal order by Mr. Jones did not lawfully justify Officer Bueno's use of force.

**C.** **Officer Bueno Misstates the Elements of Mr. Jones' Fourteenth Amendment Claim.**

To prevail on his due process claim under the Fourteenth Amendment, Mr.

Jones must prove that being shot in the face by Officer Bueno "shock[ed] the conscience" and "offend[ed] the community's sense of fair play and decency." *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012) (cleaned up).  To assess this claim, the jury will apply one of two tests.  If the jury concludes Officer Bueno had "the opportunity for actual deliberation" before acting, they should evaluate whether Officer Bueno's conduct "shocks the conscience" by determining if he acted with "deliberate indifference" or reckless disregard to the rights of others.  *Porter v. Osborn*, 546 F.3d 1131, 1137–38 (9th Cir. 2008); *see also R.A. ex rel. Penrose*, 2015 WL 1191266, at *7 ("Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more than negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." (quoting *Tennison v. City & Cnty. of San Francisco*, 570 F.3d 1078, 1089 (9th Cir. 2009))).

If, by contrast the jury concludes Officer Bueno did not have the opportunity to think before acting, they should evaluate whether Officer Bueno's conduct "shocks the conscience" by determining if he acted with "a purpose to harm . . . that was unrelated to legitimate law enforcement objectives." *Porter*, 546 F.3d at 1137.  Put differently, the "deliberate indifference" and "purpose to harm" standards are two separate branches of the "shocks the conscience" test.  *See id.* ("[W]e have distinguished the 'purpose to harm' standard from the 'deliberate indifference' standard, recognizing that the overarching test under either is whether the officer's conduct 'shocks the conscience.'").

Officer Bueno's description of the applicable test is incomplete, because it includes only the "purpose to harm" standard, while omitting the "deliberate indifference" standard, and also conflates how it relates to the broader "shocks the conscience" analysis.  Specifically, Officer Bueno contends Mr. Jones must prove: (1) "Bueno acted under color of law"; (2) "Bueno acted with the purpose to harm Plaintiff for reasons unrelated to legitimate law enforcement objectives"; and (3) "Bueno's

conduct with respect to Plaintiff shocks the conscience."[2] Dkt. 275 at 6–7. But "purpose to harm" and "shocks the conscience" are not separate elements of a single test. Rather, showing Officer Bueno acted with a "purpose to harm" is one of two ways Mr. Jones can prove Officer Bueno's conduct "shocks the conscience." The other way is to show "deliberate indifference." The determination of which test applies will depend on whether the jury concludes Officer Bueno had sufficient opportunity to deliberate before firing his 40 mm launcher in the direction of Mr. Jones. *See Porter*, 546 F.3d at 1137. This two-pronged approach is consistent with clearly governing Ninth Circuit case law, *see id.*, and the Court should adopt it in making statements of law in this case going forward.

### D. Officer Bueno Misstates the Relevancy of LAPD Policy Violations to Mr. Jones' Claims.

Officer Bueno also distorts Mr. Jones' argument that evidence of Officer Bueno's repeated violations of LAPD policy on May 30, 2020 is relevant to his claims. Officer Bueno states that "[v]iolations of LAPD policy are not the equivalent of constitutional violations." Dkt. 275 at 15. But Mr. Jones has never claimed equivalency. Rather, as this Court made clear, Officer Bueno's violations of LAPD policies are relevant to Mr. Jones' First and Fourteenth Amendment claims. Dkt. 261 at 23, 29. Specifically, for Mr. Jones' First Amendment retaliation claim, the Court held that "a jury could reasonably infer that evidence including Defendant's . . . violations of LAPD policy regarding less-lethal launchers[] show[s] [Officer Bueno] fired in Plaintiff's direction because he disagreed with Plaintiff and the other protestors' criticism of police practices." Dkt. 261 at 23 (citing *Anti Police-Terror Project v. City of Oakland*, 477 F. Supp. 3d 1066, 1088 (N.D. Cal. 2020)). Similarly, for Mr. Jones' Fourteenth Amendment claim, this Court held that evidence that Officer Bueno "aimed his launcher at protestors in contravention of LAPD policy . . . could

---

[2] Because the parties admit "[a]t all relevant times, Defendant was acting under color of state law," Dkt. 326-1 at 3, Officer Bueno's first element is not an issue for trial.

support applying the 'deliberate indifference' standard." Dkt. 261 at 29 (citing *Nicholson v. City of Los Angeles*, 935 F.3d 685, 692-93 (9th Cir. 2019)).

Similarly, within the Fourth Amendment context, the jury "may certainly consider a police department's own guidelines when evaluating whether a particular use of force is constitutionally unreasonable." *Drummond ex rel. Drummond*, 343 F.3d at 1059; *see also, e.g.*, *Howard v. City of Los Angeles*, 2017 WL 11682193, at *14 (C.D. Cal. Feb. 21, 2017) ("Courts also generally agree, however, that even though police policies and procedures are not necessarily co-extensive with the Fourth Amendment, they may be considered in determining whether an officer's actions are 'objectively reasonable' in an excessive force claim."); *Luong v. City & Cnty. of San Francisco*, 2013 WL 1191229, at *7 (N.D. Cal. 2013) ("[T]he Court agrees with Plaintiffs that the SFPD [policy and training] materials are relevant to the excessive force claim and Plaintiffs should be allowed to introduce such evidence at trial. The Court will instruct the jury, however, that such evidence does not set the legal standard for the reasonableness of the force used, but is merely probative."). Evidence that Officer Bueno knew of and still violated LAPD policies that could have prevented Mr. Jones' injuries is also clearly relevant to Officer Bueno's intent and knowledge for purposes of Mr. Jones' due process and punitive damages claims. *See* Dkt. 296 (Mr. Jones Opposition to Officer Bueno's MIL No. 4) at 4–7.

Mr. Jones does not intend to argue that Officer Bueno's violation of LAPD policies are themselves the equivalent of constitutional violations, as Officer Bueno says. Rather, Mr. Jones intends to introduce Officer Bueno's policy violations as *evidence in support of* his constitutional claims. There is no "issue of law" that needs to be resolved. Dkt. 275 at 15, ¶ 11.

### III. CONCLUSION

This Court should reject Officer Bueno's incorrect formulation of the elements of and law governing Mr. Jones' claims, as detailed above, and adopt the formulations set forth by Mr. Jones.

| | | |
|---|---|---|
| 1 | Dated: February 21, 2023 | Respectfully Submitted, |
| 2 | | GIBSON, DUNN & CRUTCHER LLP |
| 4 | | By: /s/ *Lauren M. Blas* |
| 5 | | Orin Snyder |
| 6 | | Lauren M. Blas |
| 7 | | Karin Portlock |
| 8 | | *Attorneys for Plaintiff Deon Jones* |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Deon Jones, certifies that this brief contains 3,596 words, which complies with the word limit of L.R. 11-6.1.

Dated:  February 21, 2023

Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Lauren M. Blas*

Orin Snyder
Lauren M. Blas
Karin Portlock

*Attorneys for Plaintiff Deon Jones*