GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*pro hac vice*)
  OSnyder@gibsondunn.com
KATHERINE MARQUART, SBN 248043
  KMarquart@gibsondunn.com
KARIN PORTLOCK (*pro hac vice*)
  KPortlock@gibsondunn.com
LEE R. CRAIN (*pro hac vice*)
  LCrain@gibsondunn.com
MARK J. CHERRY (*pro hac vice*)
  MCherry@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035

LAUREN M. BLAS, SBN 296823
  LBlas@gibsondunn.com
TIMOTHY D. BICHE, SBN 293363
  TBiche@gibsondunn.com
COURTNEY M. JOHNSON, SBN 324331
  CJohnson2@gibsondunn.com
ARIANA H. SAÑUDO, SBN 324361
  ASanudo@gibsondunn.com
333 South Grand Avenue, Suite 4600
Los Angeles, CA  90071-3197
Tel.: 213.229.7000
 Fax: 213.229.7520

MATTHEW S. KAHN, SBN 261679
  MKahn@gibsondunn.com
LAUREN DANSEY, SBN 311886
  LDansey@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921

Attorneys for Plaintiff Deon Jones

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>PETER BUENO,<br><br>        Defendant. | **CASE NO. 2:20-CV-11147-FWS-SK**<br><br>**PLAINTIFF'S BRIEF ON LIMITING INSTRUCTION REGARDING DEFENDANT'S EIGHT SHOTS**<br><br>Judge:   Hon. Fred W. Slaughter<br>Complaint Filed:   December 9, 2020<br>Trial Date:   February 28, 2023 |

In the Court's motion *in limine* ruling on February 21, 2023, the Court held "Plaintiff may offer as evidence the nine (9) videos previously submitted to the court (Dkt. 332)." Dkt. No. 344 at 7. The Court held "this evidence may be probative of Defendant's motive in the context of Plaintiff's First Amendment retaliation claim" and "the totality of circumstances facing Defendant, which is relevant to Plaintiff's excessive force claim." *Id.* The Court subsequently ruled that evidence of these nine videos (which Plaintiff later reduced to eight, Dkt. 365 at 3), was also relevant to establish Defendant's motive in the context of Plaintiff's claim for punitive damages, Feb. 23, 2023 Tr. at 5:23–25.

At the March 3, 2023 hearing, the Court invited further briefing from the parties on whether the proposed limiting instruction relating to Defendant Officer Peter Bueno's motivation for shooting Plaintiff Deon Jones should apply to Plaintiff's Fourth and Fourteenth Amendment claims, in light of the Supreme Court's decision in *Graham v. Connor*, 490 U.S. 386, 397 (1989). *See* Mar. 3, 2023 Tr. at 7. Defendant's motive is relevant to Plaintiff's Fourth and Fourteenth Amendment claims because, under controlling case law, it bears directly on whether: (1) Officer Bueno "seized" Mr. Jones by shooting him in the face with a rubber bullet; (2) the totality of the circumstances facing Officer Bueno on May 30, 2020; (3) whether Officer Bueno's mental state was such that his actions "shocked the conscience"; and (4) whether Officer Bueno had time to deliberate before shooting Mr. Jones. For those reasons, the limiting instruction read into the record by the Court at the February 23, 2023 hearing (Feb. 23, 2023 Tr. at 5:15–25) is correct as a matter of law and should be given to the jury.

***1. Fourth Amendment.*** A Fourth Amendment seizure occurs when an "officer by means of physical force or show of authority terminates or restrains [a plaintiff]'s freedom of movement through means *intentionally applied*." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (internal quotation marks and citations omitted) (emphasis added); *see also Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012). In other words, the defendant's actions must be "willful and not merely the consequence of an

unknowing act." *Brendlin*, 551 U.S. at 254 (internal quotation marks omitted). As such, the parties' joint proposed jury instructions on the Fourth Amendment claim state—consistent with Ninth Circuit Model Civil Jury Instructions §§ 9.20 and 9.25—that a defendant seizes a plaintiff when he "acts intentionally," or "with a conscious objective to engage in particular conduct." Dkt. 376 at 23.

Determining whether a defendant's actions were intentional or volitional rather than accidental necessarily requires some assessment of the officer's motivation. Whether a defendant had a particular "objective" to "engage in particular conduct," *id.*, cannot be asked or answered without reference to the defendant's state of mind and what the defendant desired to accomplish. *See, e.g.*, *Herndon v. Gillis*, 2022 WL 14935785, at *2 (9th Cir. Oct. 26, 2022) (recounting officer's testimony that he struck the plaintiff with the butt of his rifle because he "*was hoping* to temporarily incapacitate" him before concluding the officer's "applications of *intentional* physical force to subdue" him had "all the quintessential hallmarks of a seizure" and reversing grant of summary judgment to that officer) (emphases added)).

The Ninth Circuit's decision in *Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021), further reinforces the centrality of a defendant's state of mind or intent to the question of whether a seizure has occurred. There, police officers shot the driver of a vehicle, killing the driver and injuring the passenger. *Id.* at 1162. In denying the officers' motion for summary judgment based on qualified immunity, the court held the officers had seized both individuals because they "shot at [the decedent] and the [car] *with the intent* of stopping the [car] from moving." *Id.* at 1167 (emphasis added). That is, stopping the car was the officers' "conscious objective," Dkt. 376 at 23, and not, for example, the result of an unintentional discharge of their weapons. The court contrasted the officers' situation with that of "an officer [who] *accidentally* ran over a passenger who had fallen off a motorcycle during a high-speed chase." *Villanueva*, 986 F.3d at 1167 (quoting *Brendlin*, 551 U.S. at 261). In such a case, no seizure would have occurred because "the officer stopped [the passenger]'s movement by accidentally

crashing into him," *id.* (quoting *Brendlin*, 551 U.S. at 261), rather than "intentionally collid[ing] with the motorcycle to stop it," *id.*  In this case, Officer Bueno's motive is relevant to whether he shot Mr. Jones "with the intent to seize" Mr. Jones (*i.e.*, "through means intentionally applied") and not simply by accident. *Brendlin*, 551 U.S. at 254; *see* Fed. R. Evid. 404(b)(2) (deeming prior bad acts evidence admissible to show "motive" and "intent").

Officer Bueno's motive is relevant to whether his use of force was reasonable under the totality of the circumstances facing him on May 30.  The parties have agreed in their joint proposed jury instructions that one consideration relevant to the totality-of-the-circumstances and reasonableness inquiry is "whether the plaintiff posed an immediate threat" to the officer.  Dkt. 376 at 24.  Evidence that a defendant did *not* believe the plaintiff posed an "immediate threat"—and was not motivated to deploy force in response to such a perceived threat—"is relevant to evaluating the sincerity of [the defendant]'s contention that he feared [the plaintiff] posed an immediate threat." *Atienza v. Hall*, 2021 WL 3409254, at *4 n.3 (N.D. Cal. Aug. 4, 2021) (denying officer's motion for summary judgment in excessive force case).  Officer Bueno's motive is similarly probative of the "sincerity" of Officer Bueno's contention that he believed someone in the crowd posed an "immediate threat" at the time he fired the shot at 3:26 p.m. in the parking lot.  *Cf. Howard v. City of L.A.*, 2017 WL 11682193, at *8 (C.D. Cal. Feb. 21, 2017) (motion *in limine* ruling recognizing that evidence of "racial *motivation*" was relevant to whether force applied to plaintiffs was excessive (emphasis added)).

**2. Fourteenth Amendment.**  As the parties' agreed-upon joint instructions state, to succeed on his Fourteenth Amendment claims, Mr. Jones must prove that Officer Bueno's actions "shock[] the conscience." *Tatum v. Moody*, 768 F.3d 806, 820–21 (9th Cir. 2014), *cert. denied*, 575 U.S. 1009 (2015); Dkt. 376 at 26.  Where an officer has time to deliberate before acting, his deliberate indifference to or reckless disregard of a plaintiff's rights may entitle a jury to find conscience shocking behavior. *See A.D. v.*

*Cal. Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013); Dkt. 376 at 26.  By contrast, where "a law enforcement officer makes a snap judgment . . . his conduct may only be found to shock the conscience if he acts with a purpose to harm . . . ." *A.D.*, 712 F.3d at 453*;* Dkt. 376 at 26.  The agreed-upon instruction directs the jury to " consider all of the facts and circumstances of this particular case" in deciding whether Officer Bueno's conduct meets the standard.  *See id*. at 26.

***Deliberate Indifference or Reckless Disregard***.  Officer Bueno's mental state, most importantly his motivation, is relevant under controlling precedent applying the deliberate indifference or reckless disregard standard.  In the context of approving a jury instruction on this standard, the Ninth Circuit described this standard as a "subjective" "mens rea standard":

> The instructions went on to define "deliberate indifference" as "a *conscious choice* to disregard the consequences of one's acts or omissions," and "reckless disregard" as "complete indifference to the plaintiff's rights" or action "in the face of a perceived risk" that the plaintiff's rights will be violated. ***This mens rea standard is a subjective one and describes a culpable state of mind.*** The jury's determination that [defendants] acted with deliberate indifference or reckless disregard for [plaintiff's] rights thus satisfies the standard applicable to violations of due process.

*Tatum*, 768 F.3d at 821 (emphasis added); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015) (stating in an excessive force case that there are "two separate state-of-mind questions.  The first concerns the defendant's state of mind with respect to his physical acts . . . .  The second question concerns the defendant's state of mind with respect to whether his use of force was 'excessive.'").  The jury could therefore conclude from Officer Bueno's motive that on that day, Officer Bueno had a "culpable state of mind," *Tatum*, 768 F.3d at 821, sufficient to show "deliberate indifference" or reckless disregard that "shocks the conscience," *A.D.*, 712 F.3d at 453.

***Purpose to Harm***.  Officer Bueno's motive is also relevant to whether he acted "with a purpose to harm another for reasons unrelated to legitimate law enforcement objectives." Dkt. 376 at 26; *see also A.D.*, 712 F.3d at 453.  The Ninth Circuit has

Gibson, Dunn &
Crutcher LLP

recognized that the "purpose to harm" standard is "a subjective standard of culpability." *A.D.*, 712 F.3d at 453. It has repeatedly held that force motivated by the desire to "teach an [individual] a lesson" or "get even" meets this standard. *Id.* at 454, 457 (denying qualified immunity to officer who shot a civilian "with the subjective purpose to harm unrelated to a legitimate objective"). Officer Bueno's motive could similarly lead a reasonable jury to conclude Officer Bueno acted with a purpose to harm and therefore that Officer Bueno's actions "shock[] the conscience." *Tatum*, 768 F.3d at 820.

***Opportunity to Deliberate***. Officer Bueno's motive is also relevant to the threshold question of whether Officer Bueno "had the opportunity to think before" firing the shot at 3:26 p.m. Dkt. 376 at 26; *see* Fed. R. Evid. 404(b)(2) (prior bad acts relevant to "motive" and "opportunity"). Factfinders consider the specific facts and circumstances facing an officer when deciding this question. For example, if, as the Court has already stated, Officer Bueno's motive is relevant to Plaintiff's First Amendment retaliation claim, then they may also be probative of whether he "deliberate[d]" when he shot Mr. Jones. The jury therefore should be permitted to consider Officer Bueno's motive for purposes of Plaintiff's due process claim.

## CONCLUSION

For the reasons set forth above, the limiting instruction read into the record by the Court at the February 23, 2023 hearing (Feb. 23, 2023 Tr. at 5:15–25) should be given to the jury.

Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP


By: /s/ *Orin Snyder*

Orin Snyder
Lauren M. Blas
Karin Portlock
*Attorneys for Plaintiff Deon Jones*