GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*pro hac vice*)
OSnyder@gibsondunn.com
KATHERINE MARQUART, SBN 248043
KMarquart@gibsondunn.com
KARIN PORTLOCK (*pro hac vice*)
KPortlock@gibsondunn.com
LEE R. CRAIN (*pro hac vice*)
LCrain@gibsondunn.com
MARK J. CHERRY (*pro hac vice*)
MCherry@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035

LAUREN M. BLAS, SBN 296823
LBlas@gibsondunn.com
TIMOTHY D. BICHÉ, SBN 293363
TBiche@gibsondunn.com
COURTNEY M. JOHNSON, SBN 324331
CJohnson2@gibsondunn.com
ARIANA H. SAÑUDO, SBN 324361
ASanudo@gibsondunn.com
333 South Grand Avenue, Suite 4600
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fax: 213.229.7520

MATTHEW S. KAHN, SBN 261679
MKahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921

Attorneys for Plaintiff Deon Jones

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

DEON JONES, an individual,

Plaintiff,

v.

CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, in his official capacity as Chief of the Los Angeles Police Department, LOS ANGELES POLICE DEPARTMENT, a municipal entity, and PETER BUENO,

Defendants.

**CASE NO. 2:20-CV-11147-FWS-SK**

**RESPONSE TO DEFENDANT'S PROFFER REGARDING "SYSTEM OF WHITE SUPREMACY" TESTIMONY**

Judge: Hon. Fred W. Slaughter
Complaint Filed: December 9, 2020
Trial Date: February 28, 2023

During her cross-examination of Plaintiff Deon Jones, defense counsel asked Plaintiff whether he wanted to "keep up the fight to dismantle the system of white supremacy[.]" 03/01/2023 Trial Tr. at 204:21-22. Plaintiff responded, "Yes, ma'am." *Id.* at 204:23. At the conclusion of the day's proceedings, and outside the presence of the jury to avoid calling attention to the inflammatory statement, Plaintiff's counsel objected to that line of questioning as irrelevant and unfairly prejudicial. *See id.* at 231:12–235:12. Defense counsel subsequently agreed not to question any other witnesses on the topic, but reserved the right to refer to the testimony in her summation. 03/02/2023 Hearing Tr. at 5:20-24. The court invited defense counsel to submit a proffer and for Plaintiff's counsel to provide a response. *Id.* at 16:3-11. Defense counsel did not do so, apparently reversing her intention to argue this point on summation. We respectfully submit that the failure to submit a proffer on this issue constitutes a waiver of Defendant's right to argue the point on summation.

Although Defendant has waived his ability to raise this testimony at summation, Plaintiff respectfully submits this testimony should be stricken from the record entirely. The testimony is highly inflammatory while having no proper evidentiary purpose. Whether Plaintiff wants to "dismantle the system of white supremacy" has no bearing on whether he is biased against Officer Bueno or even the police more generally.

***1. Timeliness.*** "[T]rial courts have broad discretion in making evidence rulings and handling late objections." *United States v. Tavares-Hernandez*, 639 F. App'x 491, 492 (9th Cir. 2016) (quoting *Jerden v. Amstutz*, 430 F.3d 1231, 1237 (9th Cir. 2005)). "An objection must be made as soon as the ground of it is known, or could reasonably have been known to the objector, unless some special reason makes its postponement desirable for him and not unfair to the offeror." 21 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 5037.1 (2d ed. 2005); *see* Fed. R. Evid. 103(a)(1). But the rule is not an inflexible one: the purpose of the contemporaneous-objection rule is to ensure that "the nature of the error [is] called to the attention of the judge, so as to alert him to the proper course of action and enable opposing counsel to

take proper corrective measures." Fed. R. Evid. 103 (Adv. Comm. Note (a)); *see Puckett v. United States*, 556 U.S. 129, 134 (2009) (rule "prevents a litigant from sandbagging the court—remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor") (cleaned up); Wright & Miller § 5037.2.

Exercise of that discretion is warranted where, as here, the objection—though not contemporaneous with the question—has not "sandbagged" the Court or Defendant. In *Tavares-Hernandez*, for example, the Ninth Circuit held that the district court did not abuse its discretion in granting the government's motion to strike hearsay testimony "the morning after it had been given." 639 F. App'x at 491. Here, Plaintiff's counsel objected to the relevant questioning immediately after the jury left the courtroom—***just 42 minutes after the question was asked.*** Plaintiff's counsel then engaged in an extended colloquy with the Court and defense counsel regarding the bases for his objection. *See* 03/01/2023 Trial Tr. at 231:12–235:12. Plaintiff's counsel also explained that he did not object contemporaneously because the questioning was so "highly unusual" that he "didn't know whether to object or not." *Id.* at 233:20, 232:23-24.

Plaintiff's counsel's objection comports with the purpose of the contemporaneous objection rule—it was made at the earliest possible moment to avoid further prejudice to Plaintiff, and several days before both the close of evidence and summation. This is not a situation where Plaintiff sat on his rights to see if the case would come out in his favor. The Court should therefore consider and sustain the objection. *See Tavares-Hernandez*, 639 F. App'x at 491–92; *see also* Wright & Miller § 5037.2.

***2. Motion to Strike.*** Because the Court can and should consider Plaintiff's objection, Plaintiff moves to strike defense counsel's inflammatory questioning and Plaintiff's response. *See* Fed. R. Evid. 103(a)(1), 401, 402, 403. Defense counsel argues that Plaintiff's testimony regarding his desire to "dismantle the system of white supremacy" is "relevant to the bias." 03/02/2023 Hearing Tr. at 13:21. But like all evidence, evidence of bias must be relevant to be admissible. *See United States v. Roberts*, 618 F.2d 530, 536 (9th Cir. 1980). Here, Plaintiff's purported desire to

"dismantle the system of white supremacy" has nothing to do with the claims or issues in this case. Phase I of this case concerns Defendant's shooting of Plaintiff and the violation of constitutional rights flowing from that shooting. To the extent defense counsel seeks to use a purported desire to "dismantle the system of white supremacy" as some kind of broader anti-establishment bias (*see, e.g.*, 03/02/2023 Hearing Tr. at 13:21-14:4; 03/01/2023 Trial Tr. at 236:6-18), any such bias would be equally irrelevant. Phase I of this case is not about taking down the "establishment" or the "system" either. It is about an officer's use of force. Bias evidence is only one form of credibility evidence (*see* Wright & Miller § 5177), and nothing about this purported "bias" evidence has any bearing on Plaintiff's credibility and his account of being shot by Officer Bueno.[1]

Even if this testimony had some negligible probative value, it is substantially outweighed by the possibility of unfair prejudice. *See* Fed. R. Evid. 403. The Supreme Court has cautioned that a party's right to a fair trial is prejudiced when "closing remarks to the jury . . . indulge[] in an appeal wholly irrelevant to any facts or issues in the case, the purpose and effect of which could only have been to arouse passion and prejudice." *Viereck v. United States*, 318 U.S. 236, 247 (1943). Counsel is plainly using the quotation about the "system of white supremacy"—a loaded phrase fraught with history, controversy and sensitivity—to inflame the jury by suggesting that Plaintiff holds an undesirable or extremist worldview about political issues having nothing to do with this case.[2]

**CONCLUSION**

This Court should hold that Defendant has waived the right to refer to testimony about the "system of white supremacy" in summation by failing to submit a proffer as directed by the Court and should strike that question and testimony from the record.

---

[1] To the extent Defendant argues the testimony is relevant to Plaintiff's bias against police, defense counsel already elicited similar testimony, *see* 03/1/2023 Trial Tr. at 203:24–204:5, meaning that this "dismantling the system" testimony is cumulative. *See Garza v. City of Los Angeles*, 2021 WL 3140574, at *2 (9th Cir. July 26, 2021).

[2] *See, e.g.*, 02/28/2023 Trial Tr. at 114:13-15; 115:13-16 (voir dire transcript reflecting comments by two jurors that they believe there are "extremists" in BLM movement).

Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Orin Snyder*

Orin Snyder
Lauren M. Blas
Karin Portlock

*Attorneys for Plaintiff Deon Jones*