GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*pro hac vice*)
  OSnyder@gibsondunn.com
KATHERINE MARQUART, SBN 248043
  KMarquart@gibsondunn.com
KARIN PORTLOCK (pro hac vice)
  KPortlock@gibsondunn.com
LEE R. CRAIN (*pro hac vice*)
  LCrain@gibsondunn.com
MARK J. CHERRY (*pro hac vice*)
  MCherry@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035

LAUREN M. BLAS, SBN 296823
  LBlas@gibsondunn.com
TIMOTHY D. BICHE, SBN 293363
  TBiche@gibsondunn.com
COURTNEY M. JOHNSON, SBN 324331
  CJohnson2@gibsondunn.com
ARIANA H. SAÑUDO, SBN 324361
  ASanudo@gibsondunn.com
333 South Grand Avenue, Suite 4600
Los Angeles, CA  90071-3197
Tel.: 213.229.7000
Fax: 213.229.7520

MATTHEW S. KAHN, SBN 261679
  MKahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Tel.: 415.393.8200
Fax: 415.393.8306

Attorneys for Plaintiff Deon Jones

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON JONES, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, in his official capacity as Chief of the Los Angeles Police Department, LOS ANGELES POLICE DEPARTMENT, a municipal entity, and PETER BUENO,<br><br>　　　　　　Defendants. | **CASE NO.  2:20-cv-11147-FWS-SK**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S PROPOSED FIRST AMENDMENT JURY INSTRUCTIONS [DKT. 385]**<br><br>Judge:　　　　Hon. Fred W. Slaughter<br>Complaint Filed:　December 9, 2020<br>Trial Date:　　February 28, 2023 |

# INTRODUCTION

Defendant's Special Proposed Jury Instruction No. 1 (Dkt. No. 388 at 25) would instruct the jury on three sections of the California Penal Code concerning unlawful assemblies. Those statutes define and describe the punishments for the crimes of unlawful assembly, participation in a rout or unlawful assembly, and remaining at the place of any riot, rout, or unlawful assembly after a dispersal warning. Of course, Plaintiff Deon Jones is not accused of any crime in this case. He is the plaintiff in a civil case suing under the First, Fourth, and Fourteenth Amendments for violations of his rights. In his defense, Officer Bueno will argue to the jury that Mr. Jones had no right to be in the parking lot where he was shot because a dispersal order had issued and because presumably he violated the law defining unlawful assemblies. But that is not a defense to a First Amendment claim and is of course not a justification to shoot someone in the face as all witnesses have testified.

Nevertheless, Officer Bueno has asserted that instructing the jury on these crimes is necessary because Plaintiff's public forum First Amendment claim supposedly evaporated after the issuance of a dispersal order on May 30, 2020. Mr. Jones has since dropped the public forum theory of his First Amendment claim from this case, Dkt. 366 (Stipulation Concerning Plaintiff Deon Jones' First Amendment Public Forum Theory), leaving only his retaliation, viewpoint discrimination, and right-to-record theories, none of which are implicated or otherwise affected by the existence of a dispersal order, let alone Defendant's proffered Penal Code provisions. The two federal authorities Officer Bueno relies upon to justify the inclusion of three criminal statutes in a civil trial—*Collins v. Jordan*, 110 F.3d 1363, 1371–72 (9th Cir. 1996) and *Cervantes v. San Diego Police Chief Shelley Zimmerman*, 2020 WL 5759752 (S.D. Cal. Sept. 28, 2020), *aff'd sub nom. Ramirez v. Zimmerman*, 2021 WL 5104371 (9th Cir. Nov. 3, 2021)—do not support the instruction Officer Bueno seeks. Officer Bueno's attempt to shoehorn a now legally irrelevant argument into Plaintiff's

remaining distinct First Amendment theories is designed to unfairly prejudice Plaintiff by labeling him a criminal.

## ARGUMENT

### A. Officer Bueno's Proposed Jury Instruction Is Misleading and Would Unfairly Prejudice Mr. Jones.

"[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (citation and internal quotations omitted). But Officer Bueno's proposed instruction will mislead the jury by imposing criminal statutes into a civil trial. Mr. Jones is not a defendant in a criminal case. Yet, Officer Bueno's proposed instruction would give precisely that false impression. Officer Bueno should not be permitted to provide the jury with *specific criminal code sections* during deliberation, suggest that Mr. Jones is a criminal, and invite the jury in this civil case to serve as both indicting grand jury and convicting petit jury. It is undisputed that Mr. Jones was never arrested, charged, tried, or convicted of any crime in connection with the May 30, 2020 protest, much less anything relating to any of these Penal Code provisions. To include jury instructions on these California Penal Code sections would be to invite the jury to determine—without any evidence or argument—whether Mr. Jones, a plaintiff in this civil case, is guilty or not guilty of committing a crime. And because such an instruction would suggest to the jury that Mr. Jones engaged in a crime for which he has never been charged, let alone arrested, it would permit an improper inference that Mr. Jones broke the law. It may even wrongly suggest he has the propensity for criminal activity or deserved to be shot. These types of inferences are textbook examples of unfair prejudice and have no place in this trial.

Though *any* instruction on California Penal Code sections would unfairly prejudice Mr. Jones, the special proposed instruction as written is especially misleading because it does not even accurately state California law. California courts have been clear that "unlawful assembl[ies]" as defined under Section 407 should be

"narrowly construed" and "the proscriptions of sections 407 and 408 . . . must be limited to assemblies which are violent or which pose a *clear and present danger* of imminent violence." *In re Brown*, 9 Cal. 3d 612, 623 (1973) (emphasis added); *see also Collins v. Jordan*, 110 F.3d 1363, 1371–72 (9th Cir. 1996). Similarly, courts "have [] interpreted [§ 409] to require a *clear and present danger of imminent violence* before bystanders can be arrested along with participants in an unlawful assembly." *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 967 (9th Cir. 2001) (emphasis added). As written, Officer Bueno's proposed jury instruction does not adequately explain the elements of California Penal Code sections 407, 408, or 409. His cursory instruction would only further confuse and mislead the jury by allowing them to make a determination about Mr. Jones' supposed culpability without a clear understanding of the law or evidence that supports or negates a finding that Mr. Jones was in violation of these sections—let alone the governing beyond-a-reasonable doubt standard that would apply to those crimes. Officer Bueno's proposed jury instruction is thus unfairly prejudicial, entirely misleading, and should not be given to the jury.

**B.     Officer Bueno's Special Proposed Instruction Has Nothing To Do With Mr. Jones' Claims.**

It would be legal error to instruct the jury that *no* activity is protected under the First Amendment—and that no First Amendment claims can exist—where an activity violates California Penal Code sections 407, 408, or 409. The cases Officer Bueno relies on to suggest otherwise are inapposite. For example, at no point in *Cervantes* did the district court rule that a dispersal order strips a plaintiff of *all* their First Amendment rights. 2020 WL 5759752 (S.D. Cal. Sept. 28, 2020). Rather, the district court *explicitly* acknowledged that at least one plaintiff in the case, who arrived on the scene two hours after police issued their first dispersal order "to document the police activity as well as to engage in free speech," was "undoubtedly . . . engaged in activity protected by the First Amendment." *Id.* at *8 (emphasis added). In that way, the district court distinguished between a First Amendment public forum claim and the

other claims that remain at issue in that (and this) case—namely, Mr. Jones' First Amendment retaliation, viewpoint discrimination, and right-to-record claims. Although a plaintiff's right to *remain* in a public forum might in certain circumstances dissipate upon issuance of a dispersal order, his right to speak and record surely do not. Defendant's lead case *Cervantes* therefore only confirms the flaw in his position. *Cervantes* did not hold that *all* expressive activity loses its First Amendment protection the moment a dispersal order is issued. In fact, the court there concluded the opposite. *Id.*

    *Collins v. Jordan* or *People v. Uptgraft*, 8 Cal. App. 3d Supp. 1 (1970) do not support Officer Bueno's position. In *Collins*, the plaintiffs *also* brought only First Amendment claims based on the defendant's decision "to ban all demonstrations, peaceful or otherwise[.]" 110 F.3d 1373, 1368 (9th Cir. 1996). And *Uptgraft* considered the legality of deeming a group of students an unlawful assembly, in part because the group had a two-month pattern of violence and threats of violence in previous assemblies. 8 Cal. App. 3d Supp. 1, at *6. Neither case suggests a party can, as a matter of law, instruct a jury in a civil rights case on three California Penal Code provisions with respect to an entire element of Mr. Jones' First Amendment claim.[1]

    Allowing Officer Bueno's proposed jury instruction on the California Penal Code sections would also improperly add an element to Mr. Jones' First Amendment claim. Not only would Mr. Jones have to prove he was engaged in a constitutionally protected activity, but he would also have to prove that he was *not* in violation of California Penal Code sections 407, 408, and 409—even though in a true criminal prosecution the *prosecution* would bear the burden to prove beyond a reasonable doubt he committed those crimes. The California Penal Code is wholly irrelevant to whether

---

[1] Officer Bueno has already effectively conceded that the Penal Code provisions are at most relevant to Mr. Jones' now-dismissed publicly forum claim. As Defendant's counsel articulated at the February 16, 2023 Final Pretrial Conference, a dispersal order (and presumably related Penal Code provisions) "does apply to some of their First Amendment claims"—namely, the now-dismissed "traditional public forum" claim. Feb. 16, 2023 H'rg. Tr. at 115:16-25.

Officer Bueno violated Mr. Jones' First Amendment rights when he shot him in the face. Mr. Jones should not be required to prove an additional—and irrelevant—element to prevail on his First Amendment claim.

## **CONCLUSION**

For all the foregoing reasons, Mr. Jones respectfully asks the Court to reject Officer Bueno's Special Proposed Instruction.

Dated: March 7, 2023                    GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Orin Snyder*

Orin Snyder
Lauren M. Blas
Karin Portlock
*Attorneys for Plaintiff Deon Jones*